1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

10

11

MARIANA FRANZETTI, individually and
on behalf of all others similarly situated,

12

Plaintiff,

13

v.

14

PACIFIC MARKET INTERNATIONAL,
LLC, D/B/A PMI WORLDWIDE, AND
DOES 1-10,

15

16

Defendants.

17

18

19

20

21

22

23

24

25

26

NO. 2:24-cv-191

CLASS ACTION COMPLAINT FOR:

1)  BREACH OF CONTRACT;

2)  BREACH OF EXPRESS
    WARRANTIES;

3)  BREACH OF IMPLIED
    WARRANTIES OF
    MERCHANTABILITY AND
    FITNESS FOR PARTICULAR
    PURPOSE;

4)  VIOLATION OF THE
    MAGNUSON-MOSS
    WARRANTY ACT15 U.S.C.
    §§ 2301, ET SEQ.;

5)  VIOLATION OF
    WASHINGTON CONSUMER
    PROTECTION ACT;

6)  COMMON COUNTS
    (ALTERNATIVE CLAIM)

DEMAND FOR JURY TRIAL ON
ALL CLAIMS SO TRIABLE

CLASS ACTION COMPLAINT - 1

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    Plaintiff ("Plaintiff"), on behalf of herself and all others similarly situated as applicable,

2  hereby files this Class Action Complaint against Defendants PACIFIC MARKET

3  INTERNATIONAL, LLC, dba PMI WORLDWIDE and DOES 1-10 (collectively

4  "Defendants" or "Stanley Defendants"), and alleges as follows on information and belief

5  (except for information as to Plaintiff identified herein as being based on personal knowledge),

6  which allegations are likely to have evidentiary support after a reasonable opportunity for

7  further investigation and discovery:

8  **JURISDICTION AND VENUE**

9    1.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

10  § 1332(d) because there are more than 100 Class members and the aggregate amount in

11  controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class

12  member is a citizen of a state different from Defendants. This Court also has supplemental

13  jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

14    2.    This Court has personal jurisdiction over Defendants because Defendants are

15  based in this State, have sufficient minimum contacts with this State, either directly or through

16  their subsidiaries, and/or have otherwise purposely availed themselves of the markets in this

17  State through the promotion, marketing, and sale of their products and services in this State, to

18  render the exercise of jurisdiction by this Court and the application of state law to the claims

19  asserted herein permissible under traditional notions of fair play and substantial justice.

20    3.    Venue is proper in this District under 28 U.S.C. § 1391 because Defendants

21  maintain substantial operations in this District and are based here, many Class members either

22  reside or engaged in transactions in this District, Defendants engaged in business and made

23  representations in this District, and a substantial part of the events or omissions giving rise to

24  the claims at issue occurred in this District.

25

26

CLASS ACTION COMPLAINT - 2

## **PARTIES**

4.      On personal knowledge, Plaintiff, MARIANA FRANZETTI, is a citizen of the State of Nevada and resides in Clark County. In March of 2023, Plaintiff purchased a Stanley tumbler at retail from Target for approximately $35.00. The product is now essentially worthless to Plaintiff because the product contains lead, a highly toxic metal, which Plaintiff confirmed via the use of a home test.  Plaintiff can no longer trust using this product safely for fear lead exposure to her and her family. A material factor in Plaintiff deciding to purchase this Stanley tumbler at the price of $35.00 did was for the essential purpose and core functionality of such products, which is to safely store liquid products without being exposed to toxic substances.  Defendants, as the manufacturers and distributors of the Stanley tumbler purchased by Plaintiff, did not disclose that the tumbler contained the toxic metal lead, nor did Plaintiff reasonably expect that a toxic metal would be used in the manufacture of the tumbler. Plaintiff would not have purchased the Stanley tumbler had she been aware of this fact.

5.      Defendant PACIFIC MARKET INTERNATIONAL, LLC, dba PMI WORLDWIDE is a Washington limited liability company with its principal place of business at 2401 Elliot Ave. Fl. 4 in Seattle, Washington. It is engaged in the business of designing, manufacturing, selling and/or distributing the Stanley line of tumblers, primarily marketed to young women. It is the warrantor of the products at issue. The Stanley Defendants develop and ship their products to purchasers, resellers, and distributors throughout the United States, and creates the website, specifications, and advertisements referring to their products in and/or disseminates them from this State.

6.      The true and precise names, roles and capacities of Defendants named as Does 1 through 10, inclusive, are currently unknown to Plaintiff and, therefore, are designated and named as Defendants under fictitious names. Plaintiff will identify their true identities and their involvement in the wrongdoing at issue if and when they become known.

7.      Defendants' conduct described herein was undertaken or authorized by officers or managing agents who were responsible for supervision and operations decisions relating to

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

the design, manufacture, distribution, marketing, advertising and/or sale by Defendants of the Stanley products is here at issue. At all times relevant hereto, Defendants were engaged in the business of designing, manufacturing, distributing and/or selling, either directly or indirectly through third parties and authorized resellers or agents, these products over the past four years or more. The described conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants in substantial part in and from this State. Defendants further had advance knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and/or approved by Defendants and/or their managing agents.

8.     Each of the above-named Defendants acted in concert and both aided and abetted and conspired with each other to not disclose the material facts stated herein, with such conduct authorized and/or acted on by and through their officers, employees, agents, servants, and/or representatives.

9.     Each reference made in this Complaint to any corporate Defendant in this Complaint includes its predecessors, successors, parents, subsidiaries, affiliates, and divisions of the corporation for the corresponding time period in any way involved in the design, manufacture, promotion, distribution and/or sale of these products.

## SUMMARY OF FACTS

10.     Millions of consumers who bought a Stanley tumbler in the past several years have just been informed in the last month that the tumbler as designed for use contains lead, a toxic substance that can cause serious health problems.

11.     Stanley tumblers are popular reusable tumblers that come in various sizes, colors, and designs. They are uniformly marketed as durable, leak-proof, and insulated, keeping drinks hot or cold for hours. They are also advertised as BPA-free and made of stainless steel.

CLASS ACTION COMPLAINT - 4

They have become a viral sensation on social media, and the surge in popularity has been particularly acute in young women. The Stanley Quencher tumbler model is largely responsible for the Stanley Defendants going from a reported $73 million in revenue in 2019 to $750 million in 2023.

12.     Lead is a heavy metal that can cause irreversible damage to the nervous system, especially in children and pregnant women – part of the market targeted to purchase these products. Exposure to lead can result in developmental delays, learning disabilities, behavioral problems, anemia, kidney damage, and even death.

13.     According to the World Health Organization, there is no safe level of lead exposure for humans. Lead can enter the body through ingestion, inhalation, or skin contact. Even small amounts of lead can accumulate in the body over time and cause chronic poisoning. The symptoms of lead poisoning may not be noticeable at first, but they can worsen over time and become irreversible.

14.     The Stanley Defendants publicly disclosed on or about January 24, 2024 that the manufacturing process for Stanley tumbler cups involves using lead as a key ingredient in the vacuum seal that provides insulation. On the bottom of each tumbler is a circular barrier made of stainless steel, which covers a pellet that contains lead and/or lead solder, a spokesperson for the Stanley Defendants recently admitted. In the manufacturing process some lead from the pellet is melted to seal the product's vacuum insulation inside the tumbler, which is not visible to the user. This is thus a latent defect.

15.     If the tumbler is damaged or simply worn out from use over time and washing, the vacuum seal can break and expose the user to lead.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

16.     The Stanley Defendants engaged in a campaign of deceiving customers by failing to disclose the presence of lead in its tumbler products. As the manufacturer and designer of these products, the Stanley Defendants knew or reasonably should have known about this lead issue for years but chose to conceal it from the public presumably to avoid losing sales.

17.     On a post on the Stanley Defendants' website in January 2024, the company admitted that its products contain lead but downplayed the risk of exposure. The statement said: "No lead is present on the surface of any Stanley product that comes into contact with the consumer nor the contents of the product. Lead is present only within an internal component of our vacuum insulation system, which is completely sealed off from consumer contact." This statement is likely to mislead reasonable consumers, as it does not warn consumers about the potential for damage to the vacuum seal and does not disclose how much lead is present in each tumbler cup.

18.     The Stanley tumblers each come with a written warranty, which provides in relevant part as follows:

**STAINLESS STEEL VACUUM LIFETIME WARRANTY**

WHAT IS COVERED?
Our products are warranted to be free from defects in material and workmanship at the time of the initial purchase. This lifetime warranty covers degradation of thermal performance.
This warranty applies only when our products are put to normal use and cared for according to the care and use instructions applicable to the products.
This warranty applies only to products purchased from Stanley or an authorized seller.

NOT COVERED?

NOTE: We do not cover damage resulting from natural disasters or accidents, such as fires. This warranty does not apply to any non-stainless-steel part.

CLASS ACTION COMPLAINT - 6

This warranty also does not apply to:
Fake or counterfeit products
Normal wear & tear (i.e., scratches, dents, blemishes from use)
Defects or damage resulting from (1) any failure to follow the care & use instructions, (2) accidents, (3) post-purchase modifications to the product (for example, engraving, accessories etc.), abuse, misuse, or neglect.

HOW LONG?

The warranty on our drinkware and food containers (not including lids, seals and straws) will last the life of the product.

19.     For the reasons stated above, the presence of lead in the design and manufacture of these products would reasonably be considered a defect in material and/or workmanship, particularly considering the reasonable alternatives available in the market and used by competitors.

20.     In addition, the Stanley Defendants' websites focus on the excellence, reliability, and durability of these tumblers, thereby creating an additional warranty such products are free from inherent defects.  The following are several examples:

"Remember the green bottle your grandpa always carried on camping trips or on his way to work? It probably had a few scratches on it, may have even been dropped once or twice, yet despite the abuse, it always kept coffee hot…for hours. That's the legendary Stanley® bottle. Today, the Stanley brand offers a wide range of durable food and beverage gear that fuels your outdoor adventures. No matter the year, or where you are, you can always count on one thing: when you buy a Stanley product, you get quality gear. Built for Life. Since 1913."
**Sustainability, innovation, community, teamwork and respect.**
These core values permeate everything we do at Pacific Market International – from how we design products to our commitment to our customers and the broader communities we serve. For more than 30 years, we've designed and manufactured sustainable products that revolutionize how people eat and drink on the go.
PMI is made up of more than 1,100 passionate individuals united in our mission to deliver great sustainable products, make a positive impact on the environment and have fun along the way.
Collectively, we're driven by our common values of sustainability, community, innovation, and customer value. Those values permeate everything we do, from the products we design, to how we treat the people who make them.

CLASS ACTION COMPLAINT - 7

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

22.     The use of lead in the manufacture of these products is far from being part of a sustainability mission, and certainly does not make a positive impact on the environment.

23.     Such products would not pass without objection in the trade and industry based on the fact similar products on the market do not use lead or pose any lead-related risks, as well as the public outcry of consumers. Stanley competitor's Hydro Flask does not use lead in its manufacturing, according to a recent Instagram post :"More than a decade ago we pioneered a new process that sealed our bottles without the use of lead," the company said. "Even though this process was more complex — and more expensive — we chose this path because we aimed for a higher standard, knowing lead could be harmful to our consumers, manufacturing partners and the environment." Water bottle companies Owala and Klean Kanteen also do not use lead in their manufacturing, and only one other manufacturer, which makes a substantially cheaper alternative, admitted to doing so.  It is likely cheaper to manufacture these products using lead that not doing so, as safer alternatives do in fact cost more. Tin, which could be used in the manufacturing process as a substitute, costs around $12 a pound versus lead, which costs around a $1 per pound. However, making that switch would eat into Stanley's massive profits. Using lead lets the Stanley Defendants maximize earnings while keeping production costs low. Thus, the Stanley Defendants profited by using an inferior less expensive design on a product they sell at a price premium.

24.     Based on a latent defect in manufacturing and/or design that was not reasonably discoverable by Plaintiff and Class members at time of purchase, the Stanley tumblers do not function as reasonably expected.

25.     As part of the Stanley Defendants' marketing scheme, promotion and

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

advertising for the Stanley tumblers, they uniformly stated or implied through their website, product labeling, packaging and associated documentation, and advertising that these products were safe and fit for their intended purpose. The Stanley Defendants have made material representations and omissions of material facts, both to Plaintiff and presumptively to members of the Class, about the basic functionality of these products. Defendants omitted material facts to the contrary that go to their basic safety, which they were duty bound to disclose as they go to the presence of toxic substances in these products.

26.     Defendants' marketing of these products was intended to and did create the reasonable expectation among purchasers that these products were, in fact, safe and able to conform with these specifications. The affirmative misstatements made either directly or indirectly by the Stanley Defendants, and Defendants' uniform omission of the material facts set forth above, were likely to be and/or are material and misleading to reasonable individuals targeted by Defendants into purchasing these products.

27.     In promoting these products, the Stanley Defendants focused on their excellence, dependability, and reliability. However, because of limitations inherent in their manufacture and/or design, Stanley tumblers suffer or are likely to suffer during their useful lifetime from an inherent defect of potentially exposing their users to dangerous levels of lead.

28.     The Stanley Defendants either have known or should have known about the existence of this defect for years through product testing prior to release as well as their understanding of the manufacturing process. Far from being unforeseen, the Stanley Defendants in all likelihood would have had information in their possession for either all or a large part of the time they were selling these products that these products contained the material

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

defect described above in terms of the presence of lead, and thus omitted and concealed material facts to the contrary in their possession and not generally available to the public concerning the truth about these products. The Stanley Defendants uniformly failed to disclose latent defects in these products, despite likely having evidence to the contrary in their exclusive possession and control during all or a majority of the time they were offering these products to the public.

29.    Class members were exposed to similar representations or omissions of material fact, which were consistently made either directly or indirectly by the Stanley Defendants.

30.    Before purchasing her Stanley tumbler Plaintiff was exposed to, reviewed, read and/or saw materials that referenced either generally or specifically the characteristics of these tumblers, which is expressly part of the basis of the bargain between the parties. Plaintiff based her decision to purchase the Stanley tumbler at the price she did in substantial part upon the reasonable belief that using it would not potentially expose her and her family to lead.

31.    Class members were uniformly exposed to Defendants' marketing scheme and paid a premium for these products over other comparable products.

32.    Plaintiff purchased one or more of these tumblers, for which she overpaid and now considers effectively worthless as it was not provided in accordance with the benefit of the promised bargain by Defendants. Plaintiff would not have purchased this product had the true facts stated herein been disclosed by Defendants.

33.    Defendants' omissions of material fact alleged herein are the type that would be material to typical product purchasers, including Plaintiff, because a reasonable person interested in purchasing these types of products would attach importance to knowing they could

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

expose users to lead if the seal was broken or damaged. This would be a material factor to Class members and was a material factor considered by Plaintiff. Class members and Plaintiff thus would be induced to act, and were induced to act, positively on the representations and omissions of material facts in the Stanley Defendants' possession to the contrary in making their purchase decisions, at least in material part.

34.     Plaintiff and Class members were exposed to Defendants' omissions of material fact and purchased at least one of these Stanley tumblers. As they purchased these products at the prices they did in substantial part based on the false belief that these tumblers could be used safely and without potential exposure to toxic chemicals.  The representations and omissions were a material factor in the decisions of Plaintiff and other Class members to purchase these Stanley tumblers at the prices they paid. Plaintiff and Class members would not have purchased these products at the prices they did had the true facts stated herein been timely disclosed by Defendants.

35.     Plaintiff and Class members were thus sold products that do not perform or possess the basic capabilities, uses or benefits advertised and represented, contained a latent design or manufacturing defect, and are effectively worthless to them. For Class members, as these products are effectively worthless, this entitles them to a full refund of the amounts they paid for their Stanley tumblers and any additional damages they may have incurred as a result of such purchase and/or use.

36.     Defendants thus engaged in a scheme to mislead consumers about the characteristics, qualities, uses and benefits of the Stanley tumblers. Plaintiff and/or the Class

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

members suffered damage, injury and/or a loss of money or property as a result of such conduct.

37.     Such conduct is on-going. As of now, the Stanley Defendants are not adequately warning customers and retailers who have already purchased these products how these products are defective and the causes of the defect, and whether they will offer a lead-free replacement at no cost to consumers.

38.     Despite being aware of the actual specifications of these products and the latent defects described above, Defendants advertised, marketed, distributed and/or sold these Stanley tumblers to Plaintiff and Class members by advertising characteristics, uses and benefits that were false, misleading, and/or likely to mislead them, and sold products that contained a latent design and/or manufacturing defect that prevented Defendants from being able to comply with their prior representations, commitments, warranties and promises.

39.     The Stanley Defendants have thus far refused to fully remediate this issue to ensure Plaintiff and Class members receive the full benefit of their bargain and all associated damages, thus making any further demands futile and necessitating this action.

40.     The Stanley Defendants have so far failed to engage in a corrective advertising campaign to correct the public misperceptions created by their original conduct, nor made any significant effort to withdraw or correct these representations.

41.     The Stanley Defendants are also presently not offering refunds or product replacements, or other costs experienced by Class members. Nor are they offering refunds to those consumers who are concerned such a defect will manifest and can no longer trust these products from exposing them to lead, making these products effectively worthless to them.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

42.     While Plaintiff is now aware of the misleading nature of the Stanley Defendants' current advertising, she would consider ordering and using these products in the future if, in fact, the Stanley Defendants guaranteed they had fixed the latent defect at issue here. Given Defendants' ongoing business acts and practices, Plaintiff will be unable to rely on such advertising or labeling in the future, and so will not purchase additional Stanley tumblers.

43.     In addition to seeking injunctive relief, which Plaintiff has standing to seek, Plaintiff also seeks damages, injunctive and equitable relief, attorneys' fees and costs and all other relief as permitted by law on behalf of herself and all others similarly situated and for the benefit of the public, as applicable to the causes of action set forth herein.

## CLASS ACTION ALLEGATIONS

44.     Plaintiff brings this action on behalf of a proposed class ("Class"), defined as follows:

All persons in the United States who purchased a Stanley tumbler at retail during at least the past four years.

Excluded from the Class definition are the following individuals or entities:

a) All assigned judicial officers, staff and their families;

b) Retailer purchasers of these devices who obtained them for purposes of resale or distribution; and

c) Defendants and any of their officers, directors, and employees.

45.     This action is brought and may properly be maintained as a class action as this action satisfies the numerosity, commonality, typicality, adequacy, predominance, and/or superiority requirements for proceeding on a class-wide basis.

46.     The Class is so numerous that the individual joinder of all members is impracticable. The exact number of Class members is currently unknown and can only be

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1   ascertained through appropriate discovery. Plaintiff believes based on reported product sales

2   that the Class includes millions of individuals.

3       47.     Common legal and factual questions exist and predominate over any questions

4   affecting only individual Class members. These common questions, which do not vary among

5   Class members, and which may be determined without reference to Class member's individual

6   circumstances, include, but are not limited to:

7       a)  Whether the Stanley Defendants' representations regarding the Stanley tumbler

8           products were false or misleading or reasonably likely to deceive customers

9           targeted by such statements by not disclosing the presence of lead in their

10          Stanley tumbler products;

11      b)  Whether the Stanley Defendants breached both express and implied warranties;

12      c)  Whether the Stanley Defendants' failure to disclose that the Stanley tumblers

13          contained lead and did not perform as advertised was material and would be

14          likely to mislead a reasonable consumer;

15      d)  Whether the products perform as advertised and represented;

16      e)  Whether the Stanley Defendants entered into and breached applicable

17          agreements or warranties that are either express or implied by law or equity;

18      f)  Whether Plaintiff and the Class have been injured by the wrongs complained of

19          herein, and

20      g)  whether Plaintiff and the Class are entitled to monetary, injunctive and/or other

21          equitable relief, including damages, restitution, disgorgement or other applicable

22          remedies, and if so, the nature and amount of such relief.

23      48.     Based on the allegations set forth above, Plaintiff' claims are typical of the Class

24   members' claims. Defendants' common course of conduct caused Plaintiff and Class members

25   similar types of harm. Likewise, Plaintiff and other Class members can prove the same

26

CLASS ACTION COMPLAINT - 14

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1    common nucleus of operative facts in order to establish Defendants' liability for the same

2    claims.

3         49.     Plaintiff and her counsel are adequate Class representatives. Their interests do

4    not irreconcilably conflict with other Class members' interests. Plaintiff has retained counsel

5    competent and experienced in consumer protection and product defect class actions, and they

6    intend to prosecute this action vigorously for the Class's benefit and will fairly and adequately

7    protect the Class members' interests.

8         50.     Defendants have acted or refused to act with respect to some or all issues

9    presented in this Complaint, on grounds generally applicable to the Class, thereby making

10   appropriate final injunctive relief with respect to the Class as a whole.

11        51.     A class action is superior to other available methods for the fair and efficient

12   adjudication of this litigation and would provide substantial benefits to members of the Class

13   because individual litigation of each Class member's claim is impracticable. Even if each Class

14   member could afford to bring individual actions, the court system could not as it would be

15   unduly burdensome for thousands of individual cases to proceed. Individual litigation also

16   presents the potential for inconsistent or contradictory judgments, the prospect of a race to the

17   courthouse, and the risk of an inequitable allocation of recovery among those with equally

18   meritorious claims. Individual litigation would increase the expense and delay to all parties and

19   the courts because it requires individual resolution of common legal and factual questions. By

20   contrast, the class action device presents far fewer management difficulties and provides the

21   benefit of a single adjudication, economies of scale, and comprehensive supervision by a single

22   court and thus is manageable.

23   //

24   //

25   //

26

CLASS ACTION COMPLAINT - 15

1

**CAUSES OF ACTION**

2

**COUNT I**

3

**Breach of Contract**

4      52.      Plaintiff, individually and on behalf of the Class, incorporates by reference all of

5  the allegations contained in the preceding paragraphs of this Complaint.

6      53.      By virtue of the written materials accompanying the Stanley tumbler products,

7  as well as product advertising that Plaintiff and Class members were exposed to and that were

8  directed to the Class members, the Stanley Defendants expressly extended an offer to Plaintiff

9  and Class members and agreed that these products would perform in accordance with their

10  essential purpose, including not potentially exposing consumers to lead without warning.

11      54.      In terms of product advertising, these statements and claims constituted a

12  specific offer, as it invited performance of a specific act or taking a particular action (e.g.,

13  purchase of the Stanley tumblers in question) without further communication and leaving

14  nothing for negotiation. In making such offers and statements, Defendants in clear and positive

15  terms promised to provide to Plaintiff and Class members products that would perform their

16  essential function.

17      55.      Plaintiff and Class members were exposed to this offer and in response accepted

18  it and paid consideration therefor, thus performing their part of the contract, and concluding the

19  parties' bargain to purchase and sell Stanley tumblers. The Stanley Defendants sold Stanley

20  tumblers directly to consumers through their website and/or by linking directly from their

21  websites to retailer sites for the purchase of these products as well as through their retailer

22  network. In addition, as set forth above, both in terms of product advertising and promotional

23  statements and publications for re-publication to Plaintiff and Class members, the Stanley

24  Defendants made direct offers to Plaintiff and Class members that the products would perform

25  in accordance with their basic function – letting consumers use the products without potentially

26  exposing them to lead. In addition, to the extent these tumblers were purchased by consumers

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1   from authorized retailers and, the retail sellers of these goods were not intended by the Stanley

2   Defendants to be the ultimate consumers of these products and were merely a pass-through

3   entity. Plaintiff and Class members were the intended, ultimate users of these products, as such

4   statements on product packaging, labeling, and advertising would be of no benefit or relevance

5   to the retailers. As such, any agreements for the sale of these products, to the extent found to be

6   not directly entered into between the Stanley Defendants and Plaintiff and Class members, were

7   designed for and intended to expressly benefit the ultimate users only as the beneficiaries of

8   these promises. Thus, as any agreements regarding the purchase and sale of these products were

9   intended to benefit the ultimate consumers and not the retailers, Plaintiff and Class members

10   are the intended rather than incidental third-party beneficiaries of such agreements as the

11   ultimate purchasers and users of these products.

12          56.     As set forth in detail above, Defendants have breached these agreements as they

13   are unable or unwilling to honor such agreements of providing a toxic free product. Plaintiff

14   and Class members thus are unable to receive the benefit of their bargain.

15          57.     Performance of this contractual commitment is possible by the Stanley

16   Defendants providing a fully functioning replacement non-toxic substance containing product

17   to Plaintiff and Class members at no added cost, along with appropriate compensation for

18   additional expenditures of time and money and damages occasioned by the presence of this

19   defect. Since such performance is not inherently impossible, and there was an unconditional

20   promise and offer to perform made by the Stanley Defendants as set forth above that was

21   accepted by Plaintiff and Class members, the Stanley Defendants' non-performance is a breach

22   even though the appropriate remedy is within their control (i.e., replacing a nonconforming

23   product with a conforming one at no additional cost as well as offering full refunds to Plaintiff

24   and Class members in addition to payment of damages).

25

26

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

58.     As a result of this breach, Plaintiff and Class members have been damaged. They are entitled to a non-defective product at no additional cost, be given the ability to return their Stanley tumbler for a full refund and/or or are entitled to damages.

59.     Plaintiff and the Class and/or their representatives have made or by this Complaint are making a demand to the Stanley Defendants that they comply with these agreements and offer all appropriate remedies available under the law to Plaintiff and all affected Class members. The Stanley Defendants so far have failed and/or refused to do so, necessitating this action.

## COUNT II

### Breach of Express Warranties

60.     Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in paragraphs 1 through 51 of this Complaint.

61.     The Stanley Defendants, as the primary designer, manufacturer, marketer, distributor, and/or seller of the Stanley tumblers at issue, explicitly and expressly warranted through their advertising and product packaging and labeling that these products s would perform in accordance with the basic function of devices, which would be to safely let consumers consume products without the potential of being exposed to lead without notice or warning.

62.     Defendants also provided direct express warranties with these products.

63.     No reliance need be shown by Plaintiff or Class members on such express warranties in order to weave the Stanley Defendants' affirmations of fact or omissions of material fact as to the defect-free features of these products into the fabric of the parties' agreement.

64.     These warranties were provided directly to Plaintiff and Class members. Defendants sold products directly through their websites and/or by linking directly from their websites to retailer sites for the purchase of these products, as well as through their authorized

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    retailers for which Plaintiff and Class members were the intended beneficiaries and/or are

2    warranties that by their terms are provided expressly to the end purchasers of these devices.

3         65.    As set forth above, Defendants breached such express warranties as these

4    Stanley tumblers fail to perform consistent with the level of their bargained for functions, are

5    not free from material defects in manufacture, and are not fit for normal use.

6         66.    Plaintiff and Class members received products that did not conform to these

7    express warranties and were worth less than products they were promised and reasonably

8    expected to receive. In fact, based on this failure of their core functionality, they are effectively

9    worthless.

10        67.    Making further demands to repair such goods or for an appropriate refund or

11   replacement on behalf of Plaintiff and all Class members would be futile based on the policies,

12   actions and inactions of Defendants. None of the stated exclusions for denying warranty

13   coverage apply to this situation as no form of use would preclude Defendants from honoring

14   their warranty obligations.

15        68.    The Stanley Defendants have been previously placed on notice of these breaches

16   of warranties. They have failed to repair or replace these products with guaranteed non-

17   defective products, voluntarily offer to take sufficient remedial measures that actually resolve

18   this defect, or otherwise provide full and appropriate relief at no cost to Plaintiff and Class

19   members within a reasonable period of time after discovering such breach and prior to the

20   assertion of this claim in this action, including payment of all resulting damages.

21        69.    As a direct and proximate cause of Defendants' breach of express warranties,

22   Plaintiff and Class members have been injured and harmed and suffered damages, in an amount

23   to be determined at trial.

24   //

25   //

26   //

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**COUNT III**

**Breach of Implied Warranties of Merchantability and Fitness**

**For Particular Purpose**

70.     Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in paragraphs 1 through 51 of this Complaint.

71.     The Stanley Defendants, as the designer, manufacturer, marketer, distributor, and/or seller of the Stanley tumblers, by operation of law provided implied warranties of merchantability and fitness for a particular purpose.

72.     Defendants breached the implied warranty of merchantability, which by law is provided for the exclusive benefit of end users in connection with agreements for the sale of these products because: (a) they could not pass without objection in the trade under the description in that they are missing a key promoted characteristic of the products in terms of being free of toxic substances as shown by consumer reaction and the practices of Defendants' primary competitors; (b) they were not of fair average quality within the product description; (c) they were not adequately advertised, packaged, and/or labeled for the reasons as set forth above; or (d) they did not conform to the promises or affirmations of fact made by the Stanley Defendants or that they were duty bound to disclose.

73.     Plaintiff and Class members did not receive goods as impliedly warranted by Defendants to be "merchantable", as these products are missing a key characteristic that affected their core functionality – the ability to safely let consumers consume products without the potential of being exposed to lead without notice or warning. This prevents these products from meeting a minimal level of quality and expected performance.

74.     In addition, and as a separate basis to assert a claim for breach of the implied warranty of merchantability, the failures set forth above constitute a latent defect that existed at time of purchase for the reasons described above that was undiscoverable at time of sale. This fact separately renders the Stanley tumblers unmerchantable. As this was a latent defect that

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  existed at time of purchase for the reasons described above, the implied warranty of
2  merchantability was thus also breached by the existence of an unseen defect in these products
3  at the time of sale, rather than upon its subsequent discovery. Such breach could not reasonably
4  have been determined at time of sale.

5       75.  Defendants also breached the implied warranty of fitness for a particular
6  purpose as provided by law. Plaintiff and Class members purchased these products for a
7  particular purpose (i.e., to safely let consumers consume products without the potential of being
8  exposed to lead). Because of this particular purpose, Plaintiff and Class members could be
9  reasonably expected to rely upon Defendants' skill and judgment in properly providing
10 products that were safe and furnish goods suitable for this particular purpose and would have
11 no reason to believe otherwise. As Plaintiff and other Class members would have no way to
12 know of the true facts, the Stanley Defendants had reason to know that these buyers were
13 relying on the skill and judgment of Defendants to furnish suitable goods that would satisfy this
14 particular purpose.

15      76.  The Stanley Defendants had reason to know of the particular purpose of these
16 purchases, and that purchasers would be relying on their skill and judgment to ensure these
17 products would perform consistent with their specified represented purpose.

18      77.  The Stanley tumblers were not altered by Plaintiff or Class members prior to
19 use.

20      78.  The Stanley tumblers did not conform to these implied warranties when they left
21 the exclusive control of the Stanley Defendants.

22      79.  The Stanley Defendants either were or should have been aware that these
23 products would be purchased and used by Plaintiff and Class members without additional
24 testing by them. In addition, Defendants either were or should have been aware that these
25 devices could not perform as intended due to the latent defects described above.

26

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

80.     Plaintiff and Class members did not receive these goods as impliedly warranted, for the reasons set forth above.

81.     The Stanley Defendants have failed to repair or replace these products with non-defective products, voluntarily offered to take sufficient remedial measures, or otherwise provided appropriate and complete relief and payment of damages at no cost to Plaintiff and Class members.

82.     All conditions precedent to seeking liability for breach of these implied warranties have been performed by or on behalf of Plaintiff and Class members in terms of paying for the goods at issue and Defendants having been placed on reasonable notice of these breaches within a reasonable time after such breaches were discovered and having been given an opportunity to cure these breaches as to Plaintiff and all Class members and provide compensation to them.

83.     As a direct and proximate cause of Defendants' breaches of implied warranties, Plaintiff and Class members have been damaged, injured and harmed, in an amount to be determined at trial.

## <u>COUNT IV</u>

### Violation of the Washington Consumer Protection Act

### R.C.W. §§ 19.86 et seq., Et Seq. ("CPA")

84.     Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 51 of this Complaint.

85.     Plaintiff and Class members are "persons" under the Washington Consumer Protection Act. RCW 19.86.010(1).

86.     Defendant is a "person" as described in the Washington Consumer Protection Act. RCW 19.86.010(1).

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

87.     The Stanley Defendants engaged in, and its acts and omissions affect, trade and commerce. The Stanley Defendants' relevant acts, practices, and omissions complained of in this action were done in the course of their business of marketing, offering for sale, and selling products throughout Washington and the United States.

88.     The Stanley Defendants are headquartered in Washington; their strategies, decision-making, and commercial transactions originate in Washington; most of their key operations and employees reside, work, and make company decisions in Washington; and many of their employees are residents of the State of Washington.

89.     The Washington Consumer Protection Act prohibits deceptive and unfair acts or practices in the conduct of any business, trade, or commerce, or in the provision of commerce. RCW 19.86.020.

90.     The conduct detailed above constitutes an unfair or deceptive act or practice on the part of the Stanley Defendants and had the capacity to deceive a substantial portion of the public.  A practice is considered unfair or deceptive under the CPA where it is likely to mislead a reasonable or ordinary consumer.

91.     The Stanley Defendants' unfair and deceptive acts or practices in the conduct of business were failure to disclose the use of lead in the manufacturing process.

92.     The acts complained of herein adversely affect the public interest. The factors relevant to whether an allegedly deceptive act sufficiently affected a public interest are: (1) Were the alleged acts committed in the course of defendant's business (which they were); (2) Are the acts part of a pattern or generalized course of conduct (which they were as millions of these products have been sold); (3) Were repeated acts committed prior to the acts involving Plaintiff and members of the Class affected or likely to be affected by it (which is likely as

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1    Defendants have not likely recently made such a change in manufacture), and (4) Is there a real

2    and substantial potential for repetition of Defendants' conduct (which is likely as Defendants so

3    far have not agreed to change their practices).

4         93.    The injuries suffered by Plaintiff and the Class greatly outweigh any potential

5    countervailing benefit to consumers or to competition and are not injuries that Plaintiff and the

6    Class should or could have reasonably avoided.

7         94.    The damages, ascertainable losses, and injuries, including to their money or

8    property, suffered by Plaintiff and the Class as a direct and proximate result of the Stanley

9    Defendants' unfair and deceptive acts and practices as set forth herein because they paid more

10   for the products than they would have had the Stanley Defendants fully disclosed their lead use.

11        95.    Plaintiff and the Class seek all monetary and non-monetary relief allowed by

12   law, including actual or nominal damages; reasonable attorneys' fees and costs; treble damages

13   for each Class member, not to exceed $25,000 per Class member; and any other relief that is

14   just and proper under RCW 19.86.090.

### COUNT V

**Violation of The Magnuson-Moss Warranty Act 15 U.S.C. §§ 2301, et seq.**

        96.    Plaintiff, individually and on behalf of the Class, incorporates by reference all of

the allegations contained in paragraphs 1 through 51 of this Complaint.

        97.    The Stanley tumbler products at issue are a "consumer product" as defined in 15

U.S.C. § 2301(1).

        98.    Plaintiff and Class members as purchasers of goods that are defined as "consumer

products" are "consumers" as defined in 15 U.S.C. § 2301(3).

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

99.     Defendants are "suppliers" and "warrantors" as defined in 15 U.S.C. § 2301(4) and (5).

100.    In connection with the sale of the products at issue, Defendants issued written warranties as defined in 15 U.S.C. § 2301(6), by making express warranties as set forth above.

101.    The products at issue do not conform to these express warranties for the reasons set forth in detail above.

102.    Defendants also violated the Magnuson-Moss Warranty Act by breaching the applicable implied warranties of merchantability and fitness for particular purpose, as set forth in detail above.

103.    Plaintiff and Class members were injured as a direct and proximate result of the Stanley Defendants' breach of these express and implied warranties because the Stanley tumblers they received did not conform with what they were promised and expected, and they did not receive the benefit of their promised bargain as those products for which they paid a premium are essentially worthless to them.

104.    By reason of Defendants' breaches of warranty, the Stanley Defendants violated the statutory rights of Plaintiff and the Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq. Plaintiff and Class members are entitled to the relief provided under that statute, including recovery of direct, proximate, incidental and consequential damages, the right of refund, repair and/or replacement at no additional cost to make these goods conform to the Stanley Defendants' representations and promises, attorneys' fees and costs, interest on all such sums, and all other legal and equitable relief as may be appropriate under the Magnuson-Moss Warranty Act.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

**<u>COUNT VI</u>**

**Common Counts – Assumpsit, Restitution, Unjust Enrichment**

**And/or Quasi-Contract**

105.     Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in paragraphs 1 through 51 of this Complaint.

106.     This cause of action is alleged as an alternative to the claims for relief set forth in this Complaint based on breach of agreements and warranties, as permitted under Fed. R. Civ. Proc. 8(d)(2).

107.     Plaintiff and Class members plead just grounds for recovering money paid for benefits the Stanley Defendants received and have a right to restitution at law through an action derived from the common-law writ of assumpsit, by implying a contract at law based on principles of restitution and unjust enrichment, and/or through quasi-contract.

108.     Defendants, having been unjustly conferred a benefit by Plaintiff and Class members through acts of mistake, fraud or request as set forth above, and having received such benefits by encouraging Plaintiff and Class members to make such purchases using misleading statements and omitting material facts as set forth in detail above, are required to make restitution under principles of assumpsit. The circumstances here are such that, as between the two, it is unjust for Defendants to retain such a benefit based on the conduct described above. The measure of appropriate restitutionary damages is the full amount paid by Plaintiff and Class members as they did not get the exchange that they expected. The return of that benefit is the remedy typically sought for this cause of action, as such money or property belongs in good conscience to Plaintiff and Class members and can be traced to funds or property in Defendants' possession. Defendants have been unjustly enriched through payments and the

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

resulting profits enjoyed by Defendants as a direct result of payments for the Stanley tumblers in question made by Plaintiff and Class members, where they profited by using inferior and unsafe manufacturing and design processes. Their detriment and the Stanley Defendants' enrichment were related to and flowed from the conduct challenged in this Complaint.

109.    By virtue of the purchase and sale of these Stanley tumblers, the Stanley Defendants alternatively entered into a series of implied-at-law or quasi-contracts that resulted in a sum certain as stated above being had and received by Defendants, either directly or indirectly, at the expense of Plaintiff and Class members. Plaintiff and Class members conferred a benefit upon Defendants either directly or indirectly by purchasing such products. As set forth above, Plaintiff paid a sum certain for the products in question as set forth above to an authorized retailer of defendants for which Defendants received direct compensation. Defendants had knowledge of the general receipt of such benefits, which Defendants received, accepted, and retained. Defendants owe Plaintiff these specific amounts, and Class members similar specific sums that can be obtained either directly from Class members, Defendants or their authorized retailers.

110.    Under principles of restitution recognized as a separate cause of action under state law, an entity that has been unjustly enriched at the expense of another by the retention of a benefit wrongfully obtained is required to make restitution to the other. In addition, under common law principles recognized in claims of common counts (assumpsit, unjust enrichment, restitution, and/or quasi-contract), under the circumstances alleged herein it would be inequitable for Defendants to retain such benefits without paying restitution or restitutionary damages. Such principles require Defendants to return such benefits when the retention of such benefits would unjustly enrich Defendants. They should not be permitted to retain the benefits

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

conferred by Plaintiff and Class members via payments for these products. Other remedies and claims may not permit them to obtain such relief, otherwise leaving them without an adequate remedy at law. Plaintiff and Class members seek appropriate monetary relief for sums certain as is permitted by law for such claims.

111.     Plaintiff and Class members are further entitled to the payment of all amounts by which Defendants were unjustly enriched and establishment of a constructive trust, in a sum certain of all monies charged and collected or retained by Defendants for the products at issue from which Plaintiff and Class members may seek restitution.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class and for the benefit of the public as applicable, requests that the Court order the following relief and enter judgment against Defendants as follows as applicable for the particular cause of action:

1.  An Order certifying the proposed Class and appointing Plaintiff and counsel listed below to represent the Class;

2.  An Order for injunctive relief including preventing Defendants from continuing the practices as set forth herein and refusing from engaging in a corrective advertising campaign and product recall;

3.  A judgment awarding Plaintiff and the Class refunds, restitution and/or restitutionary disgorgement in an amount according to proof;

4.  A judgment awarding Plaintiff and the Class actual, compensatory, general, special, and/or statutory damages to the extent permitted in the above Causes of Action in an amount according to proof;

5.  An order awarding attorneys' fees and costs incurred in prosecuting this action pursuant to, *inter alia*, 15 U.S.C. § 2301, et seq., the CPA, and the private Attorney General, common fund and substantial or public benefit theories of recovery;

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

6.  An order awarding pre-judgment and post-judgment interest; and

7.  All other relief that the Court deems necessary, just and proper.

**JURY TRIAL DEMAND**

Plaintiff demand a trial of this action by a jury on all claims so triable.

DATED this 12th day of February, 2024.

**TOUSLEY BRAIN STEPHENS PLLC**

By: *s/Jason T. Dennett*
   Jason T. Dennett
   1200 Fifth Avenue, Suite 1700
   Seattle, WA 98101-3147
   Tel: (206) 621-1158/Fax: (206) 682-2992
   jdennett@tousley.com

**DOYLE APC**
   William J. Doyle *
   Chris W. Cantrell *
   550 West B St, 4th Floor
   San Diego, CA 92101
   Tele: (619) 736-0000
   bill@doyleapc.com
   chris@doyleapc.com

**WHATLEY KALLAS, LLP**
   Alan M. Mansfield *
   16870 W. Bernardo Drive, Suite 400
   San Diego, CA 92127
   Tele: (619) 308-5034
   amansfield@whatleykallas.com

*\* Pro Hac Vice Forthcoming*

*Counsel for Plaintiff and Putative Class*

CLASS ACTION COMPLAINT - 29