Honorable Tana Lin

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIANA FRANZETTI, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC MARKET INTERNATIONAL, LLC D/B/A PMI WORLDWIDE, AND DOES 1-10,<br><br>Defendants. | NO. 2:24-cv-00191-TL<br><br>**MOTION TO CONSOLIDATE RELATED ACTIONS UNDER FED. R. CIV. P. 42(a) and L.R. 42 AND TO SET DEADLINES**<br><br>Noting Date: April 12, 2024 |
| ROBIN KROHN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC MARKET INTERNATIONAL, LLC, a corporation,<br><br>Defendant. | Case No. 2:24-cv-00200-TL |

MOTION TO CONSOLIDATE RELATED ACTIONS - 1
NO. 2:24-cv-00191-TL

| | |
|---|---|
| LAURA BARBU, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC MARKET INTERNATIONAL, LLC, a corporation,<br><br>Defendant. | Case No. 2:24-cv-00258-TL |

## I. INTRODUCTION

Pending before the Court are three proposed class actions that raise consumer protection and false advertising claims against Pacific Market International, LLC ("PMI") based on common allegations of law and fact that the company manufactured and sold the popular Stanley brand insulated tumblers and failed to disclose toxic lead in these drinking cups: *Franzetti v. Pacific Market International, LLC,* Case No. 2:24-cv-00191-TL (W.D. Wash.); *Krohn v. Pacific Market International, LLC,* Case No. 2:24-cv-00200-TL (W.D. Wash.); and *Barbu v. Pacific Market International, LLC,* Case No. 2:24-cv-00258-TL (W.D. Wash.) (the "Related Actions").

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and L.R. 42, Plaintiffs in the Related Actions collectively move the Court to (1) consolidate the Related Actions into a single, consolidated action under the first-filed *Franzetti* docket number (2:24-cv-00191) under the caption *In re Pacific Market International, LLC Stanley Tumbler Litigation (*the "Consolidated Action");  (2) consolidate any future related actions filed in, removed to, or transferred to this Court into the Consolidated Action pursuant to *Fed. R. Civ. P*. 42(a), such as another related action that is in the process of being transferred to the Western District of Washington, *Brown v. Pacific Market International, LLC et al.*, Case No. 2:24-cv-01765 (C.D. Cal., filed Feb. 2, 2024 and removed Mar. 4, 2024)  (the "*Brown* action") (see accompanying

MOTION TO CONSOLIDATE RELATED ACTIONS - 2
NO. 2:24-cv-00191-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Declaration of Alan M. Mansfield at ¶ 4); (3) set a deadline for filing interim class counsel motions within 10 days of the Court's order consolidating the Related Actions ; (4) set a deadline for filing a consolidated complaint within 30 days of the Court's *order* appointing interim class counsel; and (5) order that Defendant need not file a response to any of the complaints filed in any action consolidated into the Consolidated Action, other than to the Consolidated Class Action Complaint.

As set forth in the Mansfield Decl. at ¶ 3, before filing this motion to consolidate, plaintiffs' counsel for conferred with each other and agreed that consolidation was appropriate. They also conferred on March 11 and 18, 2024 with counsel for Defendant Pacific Market International LLC regarding consolidation of the Related Actions and any future related actions filed in, removed to, or transferred to this court; a deadline for the submission of any interim class counsel petitions; and a deadline for filing a Consolidated Class Action Complaint. *Id.* at ¶¶ 4-6. While counsel for the Related Actions agree to the consolidation of these matters through trial, counsel for defendant Pacific Market International would not stipulate to consolidation, or the deadlines for filing interim class counsel motions or a Consolidated Class Action Complaint, and instead stated their intention to was move to stay or dismiss the two later-filed cases (*Krohn* and *Barbu*). *Id.* Yet even after stipulating to transfer of the *Brown* action to this Court (see Mansfield Decl., Ex. 1), they claimed they had "made no decisions regarding our plans" when the *Brown* action was transferred to this Court (though they asked for transfer in the first place).  Mansfield Decl. at ¶ 8. All parties would not stipulate to consolidation, necessitating this Motion, as Defendant could not justify its position with any consistency in terms of how to treat all the related actions that either are or soon will be pending before this Court.

## II. BACKGROUND

The Related Actions all similarly allege that Defendant engaged in deceptive and unfair business practices and unlawful actions in connection with the design, manufacture,

MOTION TO CONSOLIDATE RELATED ACTIONS - 3
NO. 2:24-cv-00191-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

advertising, and sale of its popular Stanley insulated cups in the United States by failing to disclose the presence of lead, a highly toxic heavy metal, in their cups. *Franzetti* ¶¶ 14-26; *Krohn* ¶¶ 15-16, 18; *Barbu* ¶¶ 24, 30, 32-33, 36, 40-42, 63. Defendant advertised and sold the lead-containing tumblers to consumers for years without disclosing the presence of lead and representing that Stanley tumblers were safe and part of a healthy lifestyle when in fact, they contained a highly poisonous metal that can adversely affect every organ and system in the human body. *See, e.g., Franzetti* ¶¶ 14, 17, 20, 27; *Krohn* ¶¶ 15-16, 18; *Barbu* ¶¶ 24, 30, 32-33. The Related Actions each allege that had PMI disclosed rather than concealed its use of lead in its drinkware, that material fact likely would have affected reasonable consumers' decisions of whether to buy the cups at the prices they did, and many consumers would not have bought the cups. *Franzetti* ¶¶ 17, 26, 33, 47(c), 90; *Krohn* ¶¶ 15-16, 43-44; *Barbu* ¶¶ 32, 34, 41-42, 65.

The Related Actions allege that Defendant's conduct constitutes a fraud by omission, negligent misrepresentation, unjust enrichment, and a violation of the Washington Consumer Protection Act, Rev. Code Wash. Ann. §§ 19.86.010, *et seq.* (*Franzetti* ¶¶ 84-95, 105-111; *Krohn* ¶¶ 134-142; *Barbu* ¶¶ 62-80, 102-110), breach of express and implied warranties (*Franzetti* ¶¶ 60-83; *Krohn* ¶¶ 59-89), a manufacturing defect under the Washington Product Liability Act (*Krohn* ¶¶ 143-151; *Barbu* ¶¶ 111-124). In addition to the above statutory and common law claims, the *Franzetti* action alleges breach of contract and violation of the Magnuson-Moss Warranty Act 15 U.S.C. §§ 2301, *et seq.* (*Franzetti* ¶¶ 96-104); the *Barbu* action alleges a violation of New York's General Business Law §§ 349, *et seq.* (*Barbu* ¶¶ 81-101) and the *Krohn* action alleges violations of California's Unfair Competition Law, Bus. & Prof. Code §§17200, *et seq.*, California's False Advertising Law, Bus. & Prof. Code §§17500, *et seq.*, and California's Consumers Legal Remedies Act, California Civil Code §§1750, *et seq. Krohn* ¶¶ 109-133.

MOTION TO CONSOLIDATE RELATED ACTIONS - 4
NO. 2:24-cv-00191-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Each Related Action also asserts claims on behalf of the same or similar classes of persons. Each Related Action asserts claims on behalf of consumers who, during the applicable limitations period, purchased a Stanley cup for personal use, and not for resale. *Franzetti* ¶ 44; *Krohn* ¶ 58; *Barbu* ¶ 49. The *Barbu* action also alleges a New York state subclass. *Barbu* ¶ 50.

The injuries suffered by Plaintiffs in the Related Actions are all largely the same: they unknowingly bought Stanley brand tumblers that contained toxic lead and were not fit for sale, which they otherwise would not have purchased, and suffered out-of-pocket losses because of Defendant's failure to warn consumers or suffered other cognizable losses. *Franzetti* ¶¶ 32,35-36, 43, 58, 69, 83, 95, 110-11; *Krohn* ¶¶ 15-16,18, 20, 44, 77; *Barbu* ¶¶ 67-68, 74, 79-80, 92-93, 100-101, 110, 122-123. Each of the Related Actions is based on the same factual allegations, and each brings similar types of warranty, consumer protection and/or common law claims.

### III. LEGAL STANDARD

Rule 42(a) of the Federal Rules of Civil Procedure states:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). "A district court generally has 'broad' discretion to consolidate actions ...." *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) (quoting *Investor's Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989)). Although, "a district court does have broad discretion in determining whether consolidation is appropriate, typically consolidation is favored." *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg & Sales Practices Litig.*, 282 F.R.D. 486, 490 (N.D. Cal. 2012).

In determining whether consolidation is appropriate, "[t]he Court considers a number of factors . . . including judicial economy, whether consolidation would expedite resolution of the case, whether separate cases may yield inconsistent results, and the potential prejudice to a

MOTION TO CONSOLIDATE RELATED ACTIONS - 5
NO. 2:24-cv-00191-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

party opposing consolidation." *First Mercury Ins. Co. v. SQI, Inc.*, No. 2:12-cv-02110, 2014 WL 496685, at *2 (W.D. Wash. Feb. 6, 2014). If the court determines that common questions of law and fact are present, it must then "weigh the interest of judicial convenience against the potential for delay, confusion, and prejudice." *Zhu v. UCBH Holdings, Inc*., 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010).

## IV.  ARGUMENT

### A.  The Related Actions Largely Overlap and Should be Consolidated

The Complaints in each of the Related Actions assert similar causes of action against a common defendant (Pacific Market International, LLC, d/b/a PMI Worldwide) in response to the same alleged misconduct (Defendant's advertising and sale of Stanley brand insulated tumblers containing lead).  The Related Actions commonly seek certification of similar classes and allege that class members suffered similar harms because of Defendant's conduct. *Franzetti* ¶ 44; *Krohn* ¶ 58; *Barbu* ¶ 44.

Each of the Related Actions is in the initial stages of litigation, and consolidation will simplify discovery, pretrial motions, class certification issues, and other case management issues.  Consolidation would also reduce any confusion and delay that may result from prosecuting related putative class actions separately, including eliminating duplicative discovery and the possibility of inconsistent rulings on class certification, *Daubert* motions, and other pretrial matters. Because the Related Actions all arise from the same underlying action – defendant's use of the heavy metal lead in the manufacture of its cups – the Related Actions would involve substantially the same discovery and same pretrial motions. Therefore, consolidation would promote judicial efficiency by streamlining case management through the elimination of duplicate discovery and pretrial motions. *First Mercury Ins*., 2014 WL 496685 at *9-10 (noting "consolidation will serve the interests of judicial economy" by allowing the court to streamline case management and would "reduce the risk of inconsistent results."); *see also Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1029 (N.D. Cal. 2003)

MOTION TO CONSOLIDATE RELATED ACTIONS - 6
NO. 2:24-cv-00191-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

("the Court believes that judicial efficiency will be served by consolidating these actions" which have significant legal and factual overlap). Because the Related Actions all assert the same or similar classes, consolidation would benefit the unnamed class members because they would have only one case to monitor. *Takeda v. Turbodyne Techs., Inc*., 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) ("Absent class members will best be served by consolidation because they will have just one case to monitor as it proceeds through litigation.").

Consolidation would also serve judicial economy by requiring only a single set of pleadings, motions, written discovery, produced documents, and deposition transcripts eliminating duplication of judicial resources and reducing the risk of inconsistent results. Defendant, in particular, would benefit from consolidation because it would not need to respond to several separate complaints with varying claims on different time frames, but rather to a single, consolidated complaint. *See Abbott v. Amazon.com Inc*., No. 2:23-cv-01372, 2023 WL 7496362, *5 (W.D. Wash. Nov. 13, 2023) (in granting consolidation of competing class actions, the district court noted "the obvious efficiencies to be gained down the line in directing motion practice and discovery toward one complaint."). Indeed, consolidation of the Related Cases will not only conserve the parties' resources; it will also conserve the resources of the courts.

Competing putative class actions arising from the same underlying act(s) and/or omission(s), like the Related Actions, are particularly appropriate for consolidation as they will inevitably present common questions of law and fact, and have been routinely ordered consolidated for all purposes. *See Guy v. Convergent Outsourcing, Inc.,* No. 2:22-cv-01558-MJP, 2023 U.S. Dist. LEXIS 234042, *3 (W.D. Wash. Dec. 13, 2022) (finding consolidation of four competing class actions appropriate as "all of the actions arose concern the same data breach resulting from a cyber-attack on Convergent" and all actions "pursue[] the same or similar causes of action … on behalf of an overlapping proposed class.")[1]; *see also In re*

---

[1] The court also consolidated multiple later filed class actions into the first-filed matter, *Guy v. Convergent Outsourcing, Inc*. based on these same findings. *See Rano v. Convergent Outsourcing, Inc*., No. C22-1652-MJP,

MOTION TO CONSOLIDATE RELATED ACTIONS - 7
NO. 2:24-cv-00191-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Accellion, Inc. Data Breach Litigation*, No. 5:21-cv-01155-EJD, 2022 WL 767279 (N.D. Cal. Mar. 14, 2022) (consolidating several competing class actions all arising from the same data breach). Here, each Related Action asserts claims on behalf of a nationwide class based on claims under Washington law. *Franzetti* ¶ 44; *Krohn* ¶ 58; *Barbu* ¶ 49. The Washington Consumer Protection Act can be applied extraterritorially in claims against Washington companies on behalf of a national class like the Related Actions. In *Thornell v. Seattle Service Bureau, Inc.*, the Washington Supreme Court addressed this very issue and found the legislature's intended broad application of Washington's consumer protection claims allows it to be applied extraterritorially. *Thornell*, 184 Wash.2d 793, 804 (Wash. 2017) ("Under the CPA, an out-of-state plaintiff may bring a claim against a Washington corporate defendant for allegedly deceptive acts."); *see also Benson v. Double Down*, 527 F.Supp.3d 1267 (2021) ("the Court finds that neither constitutional considerations nor the applicable choice-of-law rules precludes the application of Washington [consumer protection] law to the claims asserted in this litigation.").

Further, "factors that counsel against consolidation, such as differing trial dates or stages of discovery, are not present here." *In re Oreck Corp.*, 282 F.R.D. at 490; *see also Perez v. Gray*, No. 2:21-cv-00095, 2023 WL 3568156, *3 (W.D. Wash. May 19, 2023) (noting "[c]onsolidation may be inappropriate where two cases have been proceeding on two vastly different schedules to trial."). Nor does the mere fact that the *Krohn* and *Barbu* complaints[2] assert a few state-specific causes of action not found in the other Related Actions prevent consolidation. *See Cornell v. Soundgarden*, No. C20-1218-RSL-MLP, 2021 WL 1663924, *2 (W.D. Wash. Apr. 26, 2021) ("Although Plaintiffs raise claims in the Copyright Action that are

---

2023 WL 22020, *2 (W.D. Wash. Jan. 3, 2023); *Will v. Convergent Outsourcing, Inc*., No. C22-01813-MJP, 2023 U.S. Dist. LEXIS 6856, *2 (W.D. Wash. Jan. 13, 2023); *White v. Convergent Outsourcing, Inc*., No. C23-00182-MJP, 2023 WL 1864194, *2 (W.D. Wash. Feb. 9, 2023).

[2] The *Barbu* action includes claims for violations of New York's General Business Law (*Barbu* ¶¶ 81-101) and the *Krohn* action alleges violations of California's Unfair Competition Law, False Advertising Law and Consumers Legal Remedies Act.  *Krohn* ¶¶ 109-133

MOTION TO CONSOLIDATE RELATED ACTIONS - 8
NO. 2:24-cv-00191-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

not at issue in the Buyout Action, the common questions of fact warrant consolidation."). These state-specific claims would be encompassed in any Consolidated Class Action Complaint as would any New York and California subclasses.

Additionally, Defendant's preference to file and brief separate motions to stay or dismiss the two later filed cases (*Krohn* and *Barbu*) under the "first to file" doctrine, rather than stipulate to consolidation, does not alter the appropriateness of consolidation here. In fact, courts in this District have routinely denied such a request by Defendant's counsel. *See Pecznick v. Amazon.com, Inc.,* No. 2:22-cv-00743, 2022 WL 4483123, *8 (W.D. Wash. Sept. 27, 2022) ("the Court believes a more equitable outcome than dismissing or staying the [later-filed] Griffith action would be to consolidate the two cases. Indeed, consolidation of these cases would obviate the need to apply the first-to-file rule."); *see also A Cemal Ekin v. Amazon Servs, LLC*, No. C14-0244-JCC, 2014 WL 12028588, *3 (W.D. Wash. May 23, 2014) ("consolidation is the preferred route [over a first-to-file rule stay] to avoid the inherent inefficiencies involved with duplicative litigation.")

All factors the Court is to consider weigh heavily in favor of consolidating the Related Cases. *First Mercury Ins. Co. v. SQI, Inc.*, 2014 WL 496685, at *2 (noting the factors to consider when determining the appropriateness of consolidation). Accordingly, "[c]onsolidating these cases for all purposes will be the most efficient solution for the court and will ease the litigation burden on all parties involved." *Takeda*, 67 F. Supp. 2d at 1133.

**B.  Future Filed or Transferred Related Cases Should be Consolidated**

To ensure that judicial efficiency and the other benefits provided by consolidation continue, Plaintiffs in the Related Actions request that the Court order that any future actions that are filed in, removed or transferred to this Court, and which are based on the same or similar underlying facts, be consolidated in the proposed master action: *In re: Pacific Market International, LLC, Stanley Tumbler Litigation*, Case No. 2:24-cv-00191-TL.  Counsel for

MOTION TO CONSOLIDATE RELATED ACTIONS - 9
NO. 2:24-cv-00191-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Plaintiffs in the *Brown* action and Defendant have filed a stipulation to transfer that action to this Court for all further proceedings as a related action. Mansfield Decl. Ex. 1.

**C. Plaintiffs Request Deadlines for Filing a Consolidated Complaint and for Motions seeking Appointment as Interim Class Counsel**

Along with consolidating the Related Actions, Plaintiffs ask for the Court to enter an order that a Consolidated Class Action Complaint be filed in the Consolidated Action. *See Abbott*, 2023 WL 7496362 at *5 (after consolidating competing class action cases, the district court noted "the obvious efficiencies to be gained" by use of a unified or master complaint). Filing a "consolidated complaint is the province of interim class counsel." *Id*. at *5-6; *Pecznick*, 2022 WL 4483123 at *8 (after consolidating competing class actions and naming interim class counsel, the district court ordered that a consolidated class action complaint be filed within 30 days). As such, Plaintiffs also ask the Court enter an order that any submissions to be appointed interim lead class counsel under Fed. R. Civ. P. 23(g)(3), must be filed within ten (10) days of the Court's order consolidating the Related Actions.

## V. CONCLUSION

Plaintiffs therefore ask that the Court grant their motion and enter an Order:

1. Consolidating the above Related Actions under the master case caption *In re: Pacific Market International, LLC, Stanley Tumbler Litigation*, and Master File No. 2:24-cv-00191-TL;

2. Consolidating any future-filed, removed or transferred cases arising out of the same or similar underlying facts as Related Actions into the Consolidated Action;

3. Vacating any deadlines for Defendant to respond to the complaints filed in the Related Actions;

4. Setting a deadline for Plaintiffs' counsel to file any interim class leadership motions under Fed. R. Civ. P. 23(g)(3) within 10 days of the Court's order consolidating the Related Actions;

MOTION TO CONSOLIDATE RELATED ACTIONS - 10
NO. 2:24-cv-00191-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

5. Setting a deadline for filing a Consolidated Class Action Complaint, which shall be the operative complaint for all further proceedings, within 30 days of an order appointing interim class counsel;

6. Setting a deadline for any response by Defendant to the Consolidated Class Action Complaint within thirty (30) days of the Consolidated Complaint being filed; and

7. Directing the Clerk of the Court to administratively close the *Krohn* action (Case No, 2:24-cv-00200-TL) and the *Barbu* action (Case No. 2:24-cv-0258-TL).

A proposed order granting the above relief is submitted herewith.

DATED this 22nd day of March, 2024.

**TOUSLEY BRAIN STEPHENS PLLC**

By: *s/ Jason T. Dennett*
Jason T. Dennett, WSBA #30686
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101-3147
Tel: (206) 621-1158/Fax: (206) 682-2992
jdennett@tousley.com

**WHATLEY KALLAS, LLP**
Alan M. Mansfield (*admitted pro hac vice*)
16870 W. Bernardo Drive, Suite 400
San Diego, CA 92127
Tele: (619) 308-5034
amansfield@whatleykallas.com

**DOYLE APC**
William J. Doyle *(admitted pro hac vice)*
Chris W. Cantrell *
550 West B St, 4th Floor
San Diego, CA 92101
Tele: (619) 736-0000/ Fax: (619) 736-1111
bill@doyleapc.com
chris@doyleapc.com

*\* Pro Hac Vice Application Pending*

*Counsel for Plaintiff Franzetti and the Putative Class*

MOTION TO CONSOLIDATE RELATED ACTIONS - 11
NO. 2:24-cv-00191-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

| | |
|---|---|
| 1 | **BRESKIN JOHNSON TOWNSEND PLLC** |
| 2 | Brendan W. Donckers, WSBA #39406 |
| | 1000 Second Avenue, Suite 3670 |
| 3 | Seattle, WA 98104 |
| | Tele: (206) 652-8660 |
| 4 | bdonckers@bjtlegal.com |
| 5 | **GUSTAFSON GLUEK PLLC** |
| | Daniel E. Gustafson |
| 6 | David A. Goodwin |
| | Mary M. Nikolai |
| 7 | Canadian Pacific Plaza |
| | 120 South Sixth Street, Suite 2600 |
| 8 | Minneapolis, MN 55402 |
| | Tele: (612) 333-8844 |
| 9 | dgustafson@gustafsongluek.com |
| | dgoodwin@gustafsongluek.com |
| 10 | mnikolai@gustafsongluek.com |
| 11 | **LOCKRIDGE GRINDAL NAUEN P.L.L.P.** |
| 12 | Rebecca A. Peterson |
| | Robert K. Shelquist |
| 13 | 100 Washington Avenue South, Suite 2200 |
| | Minneapolis, MN 55401 |
| 14 | Tele: (612) 339-6900 |
| | rapeterson@locklaw.com |
| 15 | rkshelquist@locklaw.com |
| 16 | *Attorneys for Plaintiff Krohn and the Putative Class* |
| 17 | |
| 18 | **GEORGE FELDMAN MCDONALD PLLC** |
| | Lori G. Feldman, WSBA #29096 |
| 19 | 102 Half Moon Bay Drive |
| | Croton-on-Hudson, NY 10520 |
| 20 | Tel: (917) 983-9320 |
| | lfeldman@4-justice.com |
| 21 | |
| 22 | **GEORGE FELDMAN MCDONALD PLLC** |
| | David J. George |
| 23 | 9397 Lake Worth Road, Suite 302 Lake Worth, FL 33467 |
| 24 | Tel: (561) 232-6002 |
| | dgeorge@4-justice.com |
| 25 | |
| 26 | *Attorneys for Plaintiff Barbu and the Putative Class* |

MOTION TO CONSOLIDATE RELATED ACTIONS - 12
NO. 2:24-cv-00191-TL