THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIANA FRANZETTI, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>PACIFIC MARKET INTERNATIONAL, LLC, D/B/A PMI WORLDWIDE, AND DOES 1-10,<br><br>　　　　　　　　　　　　Defendant. | Case No. 2:24-cv-00191-TL<br><br>**DEFENDANT PACIFIC MARKET INTERNATIONAL, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE RELATED ACTIONS UNDER FED. R. CIV. P. 42(A) AND LCR 42 AND TO SET DEADLINES**<br><br><u>**NOTE ON MOTION CALENDAR:**</u><br>**APRIL 12, 2024**<br><br>ORAL ARGUMENT REQUESTED |

DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION TO CONSOLIDATE RELATED ACTIONS
No. 2:24-cv-00191-TL

**K&L GATES LLP**
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Defendant Pacific Market International, LLC ("PMI") respectfully submits this opposition to plaintiffs' motion to consolidate what they describe as "[c]ompeting putative class actions." Dkt. No. 23 at 7.

## ARGUMENT

No one is entitled to file duplicative or "competing" litigation. In fact, it is hornbook law that duplicative lawsuits are wasteful and should not be filed. "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quotation marks omitted); *see also Walton v. Eaton Corp.*, 563 F. 2d 66, 70 (3d Cir. 1977) ("[t]here is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket") (quotation marks omitted). Yet in their motion for consolidation, plaintiffs in *Krohn* and *Barbu* readily agree that their lawsuits are, practically speaking, copies of the earlier-filed *Franzetti* action.[1] According to those plaintiffs, their lawsuits and *Franzetti*:

- "[are] based on the same factual allegations;"
- "arise from the same underlying action;"
- "assert[s] claims on behalf of the same or similar classes of persons;"
- "allege that class members suffered similar harms;" and
- "bring[] similar types of warranty, consumer protection and/or common law claims."

Dkt. No. 23 at 5, 6. Plaintiffs have accordingly established that there is no need for their lawsuits. In light of *Franzetti*, they serve no legitimate purpose and provide no benefit to the purported class members on whose behalf they were filed. Plaintiffs do not argue otherwise.

---

[1] As explained in PMI's corporate disclosure statement, plaintiffs Franzetti, Krohn and Barbu have all erroneously sued the wrong corporate entity. *See* Dkt. No. 15. The correct corporate entity is PMI WW Brands, LLC. *See id.*

- 1 -

DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION TO CONSOLIDATE RELATED ACTIONS
No. 2:24-cv-00191-TL

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

But, plaintiffs say, they have satisfied the requirements for consolidation, and therefore they are entitled to have their lawsuits consolidated with *Franzetti*. This ignores the fact that these lawsuits *also* satisfy the requirements for a dismissal or stay under the first-to-file rule, because they (1) were filed after *Franzetti*, (2) involve the same defendant and the same purported class as *Franzetti*, and (3) involve the same central questions as *Franzetti*. *See Kohn Law Grp., Inc. v. Auto Parts Mfg., Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982); *see also Krohn*, Dkt. No. 33 at 5-7.

The Court should dismiss or stay *Krohn* and *Barbu* rather than consolidate them with *Franzetti*. There was no reason for these lawsuits to have been filed in the first place. A dismissal or stay will further the policy disfavoring duplicative litigation. Consolidation, on the other hand, will send a message to potential claimants that there is no downside, and only potential upside, to filing pointless copycat lawsuits.

Consolidation creates other drawbacks as well. Consolidation means that PMI will have to bear the unnecessary burden of conducting discovery against not one plaintiff, but two or three or possibly more plaintiffs. And, given that the plaintiffs in *Franzetti*, *Krohn*, and *Barbu* are represented by no less than eight law firms, it is not hard to imagine that it may be more difficult to achieve a negotiated resolution than it would be if only one lawsuit were in play. A dismissal or stay presents neither of these problems.

The two district court orders cited by plaintiffs for the proposition that the Court should consolidate rather than dismiss or stay does not change this analysis or require a different outcome. In *Ekin v. Amazon Services, LLC*, No. C14-0244-JCC, 2014 WL 12028588 (W.D. Wash. May 28, 2014), all parties, including the defendant, *agreed* to consolidation. *Id.* at *1. The plaintiff who first filed then requested that the court stay the second-filed action. *Id.* But because all parties had agreed to consolidation, and the court had already granted the consolidation request, the court decided that dismissal under the first-to-file rule was inappropriate. *Id.* at *2 n.1. Here, of course,

- 2 -

DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION TO CONSOLIDATE RELATED ACTIONS
No. 2:24-cv-00191-TL

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

all parties have not agreed to consolidation, and the question of whether to consolidate or dismiss or stay has not been decided. *Pecznick v. Amazon.com, Inc.*, No. 2:22-cv-00743-TL, 2022 WL 4483123 (W.D. Wash. Sept. 27, 2022) was also a case in which the defendant supported consolidation and the plaintiffs in the first-filed case moved to dismiss the second-filed case under the first-to-file rule. This Court denied the motion to dismiss because the movants *conceded* that they did not satisfy the requirements of the rule. *Id.* at *2 (noting that movants argued "that both the factual and legal claims are 'vastly different'"). PMI makes no such concession here — indeed, the only relevant concession is the admission by plaintiffs as to the striking similarity of their lawsuits.

Moreover, the fact that in *Ekin* and *Pecznick* the defendant *did not oppose* consolidation is a critical difference, because it means that in those cases the defendant did not argue, and the court did not consider, that consolidation would saddle the defendant with the unnecessary burden of conducting discovery against additional plaintiffs. Nor did the defendant argue, or the court consider, that consolidation rather than a dismissal or a stay raises the possibility of making settlement more difficult to achieve.

Most fundamentally, in *Ekin* and *Pecznick*, the courts did not consider the disfavored nature of copycat lawsuits as a basis for a dismissal or stay rather than consolidation. As the parties who chose to file such lawsuits, Ms. Krohn and Ms. Barbu should have to justify why consolidation is preferable to dismissal. They can proffer no such justification, because their lawsuits serve no legitimate purpose. When there is no good reason to keep alive a lawsuit that should not have been filed in the first place, dismissal is appropriate.

While plaintiffs contend that consolidation is the more equitable outcome, the opposite is in fact true. A dismissal or stay of the later-filed actions will have zero negative impact on the members of the purported class, because all of their rights can be protected and vindicated through *Franzetti*. There is accordingly no equitable reason to eschew a dismissal or stay. On the other

- 3 -

DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION TO CONSOLIDATE RELATED ACTIONS
No. 2:24-cv-00191-TL

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

hand, in light of the disfavored nature of these lawsuits and the fact that consolidation will have an adverse impact on PMI, the equities counsel against allowing them to proceed.[2]

**CONCLUSION**

There is no legitimate reason why parties who filed unnecessary, duplicative lawsuits should be entitled to have their cases consolidated rather than dismissed. Moreover, the fact that consolidation has downsides that a dismissal or stay does not have makes the argument against consolidation even stronger. For the foregoing reasons, PMI respectfully requests that the Court deny plaintiffs' consolidation motion.

---

[2] Although not relevant to their consolidation motion, plaintiffs argue that they may bring a nationwide class action under the Washington Consumer Protection Act because the Washington Supreme Court, on a question certified to it by the Western District of Washington, held that the Act may be applied extraterritorially. *Thornell v. Seattle Serv. Bureau, Inc.*, 184 Wn.2d 793, 363 P.3d 587, 592 (2015). However, plaintiffs neglect to note that when the Washington Supreme Court returned the matter to the Western District of Washington, the court held that under choice-of-law principles, the out-of-state plaintiffs could *not* sue under the Act for injuries sustained out of state, *Thornell v. Seattle Serv. Bureau, Inc.*, No. C14-1601-MJP, 2016 WL 3227954, at *2-4 (W.D. Wash. June 13, 2016)—a holding that the Ninth Circuit affirmed, *Thornell v. Seattle Serv. Bureau, Inc.*, 742 F. App'x 189, 190-93 (9th Cir. 2018).

- 4 -

DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION TO CONSOLIDATE RELATED ACTIONS
No. 2:24-cv-00191-TL

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

DATED April 8, 2024

Respectfully submitted,

K&L GATES LLP

By: /s/ Pallavi Mehta Wahi
Pallavi Mehta Wahi, WSBA No. 32799
pallavi.wahi@klgates.com
Shelby Stoner, WSBA No. 52837
shelby.stoner@klgates.com
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Telephone: 206.623.7580
Facsimile: 213.243.4199

*Attorneys for Defendant Pacific Market International, LLC*

ARNOLD & PORTER KAYE SCHOLER LLP

James F. Speyer (*pro hac vice*)
E. Alex Beroukhim (*pro hac vice*)
james.speyer@arnoldporter.com
alex.beroukhim@arnoldporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: 213.243.4000
Facsimile: 213.243.4199

Elie Salamon (*pro hac vice*)
elie.salamon@arnoldporter.com
250 West 55th Street
New York, NY 10019-9710
Telephone: 212.836.8000
Facsimile: 212.836.8969

*Attorneys for Defendant Pacific Market International, LLC*

I certify that this memorandum contains 1,259 words, in compliance with the Local Civil Rules.

DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION TO CONSOLIDATE RELATED ACTIONS
No. 2:24-cv-00191-TL

**K&L GATES LLP**
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022