THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: PACIFIC MARKET
INTERNATIONAL, LLC, STANLEY
TUMBLER LITIGATION

This Document Relates to:  All Actions

Master File No. 2:24-cv-00191-TL

**DEFENDANT PACIFIC MARKET
INTERNATIONAL, LLC'S MOTION
UNDER FED. R. CIV. P. 12(F) TO
STRIKE THE COMPLAINT'S
NATIONWIDE CLASS
ALLEGATIONS**

NOTE ON MOTION CALENDAR:
SEPTEMBER 20, 2024

**ORAL ARGUMENT REQUESTED**

PACIFIC MARKET INTERNATIONAL, LLC'S MOTION
TO STRIKE COMPLAINT'S NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL

**K&L GATES LLP**
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

RELEVANT FACTUAL ALLEGATIONS ........................................................................ 3

ARGUMENT ...................................................................................................................... 3

The Court Should Strike Plaintiffs' Claims on Behalf of a Nationwide Class ............................. 3

    A.    An Actual Conflict Exists Between Washington Law And The Laws Of Other States ................................................................................................................. 6

    B.    Under The "Most Significant Relationship" Test, The Laws Of Each Class Member's Home State Will Apply To Their Claims ................................................. 8

    C.    This Issue Is Ripe For Decision Now .................................................................. 14

CONCLUSION ................................................................................................................. 14

PACIFIC MARKET INTERNATIONAL, LLC'S MOTION
TO STRIKE COMPLAINT'S NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL - i

**K&L GATES LLP**
**925 FOURTH AVENUE, SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ace Tree Surgery, Inc. v. Terex S.D., Inc.*,
　332 F.R.D. 402 (N.D. Ga. 2019) ................................................................. 9

*Agostino v. Quest Diagnostics, Inc.*,
　2010 WL 5392688 (D.N.J. Dec. 22, 2010) ............................................. 10

*Barden v. Hurd Millwork Co., Inc.*,
　249 F.R.D. 316 (E.D. Wis. 2008) ............................................................ 10

*Boulet v. Nat'l Presto Indus., Inc.*,
　2012 WL 12996298 (W.D. Wis. Dec. 21, 2012) ...................................... 9

*In re Bridgestone/Firestone, Inc.*,
　288 F.3d 1012 (7th Cir. 2002) ............................................ 1, 2, 4, 13

*Camey v. Force Factor, LLC*,
　2016 WL 10998440 (D. Mass. May 16, 2016) .......................................... 5

*Castano v. Am. Tobacco Co.*,
　84 F.3d 734 (5th Cir. 1996) ..................................................................... 7

*Cimoli v. Alacer Corp.*,
　587 F. Supp. 3d 978 (N.D. Cal. 2022) ..................................................... 14

*Coe v. Philips Oral Healthcare Inc.*,
　2014 WL 5162912 (W.D. Wash. Oct. 14, 2014) ............................. 6, 11, 12

*Colley v. Procter & Gamble Co.*,
　2016 WL 5791658 (S.D. Ohio Oct. 4, 2016) ............................................ 9

*Corbett v. PharmaCare U.S., Inc.*,
　2024 WL 1356220 (S.D. Cal. Mar. 29, 2024) ........................................... 6

*Darisse v. Nest Labs, Inc.*,
　2016 WL 4385849 (N.D. Cal. Aug. 15, 2016) ........................................... 7

*Davison v. Kia Motors Am., Inc.*,
　2015 WL 3970502 (C.D. Cal. June 29, 2015) ........................................... 6

*DeArmey v. Hawaiian Isles Kona Coffee Co.*,
　2019 WL 6723413 (C.D. Cal. July 22, 2019) ......................................... 14

PACIFIC MARKET INTERNATIONAL, LLC'S MOTION
TO STRIKE COMPLAINT'S NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL - ii

**K&L GATES LLP**
**925 FOURTH AVENUE, SUITE 2900**
**SEATTLE, WASHINGTON 98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

*In re Digitek Prods. Liab. Litig.*,
   2010 WL 2102330 (S.D.W. Va. May 25, 2010)....................................................10

*Elvig v. Nintendo of Am., Inc.*,
   696 F. Supp. 2d 1207 (D. Colo. 2010)..........................................................5, 9

*In re Gen. Motors Corp. Dex-Cool Prods. Liab. Litig.*,
   241 F.R.D. 305 (S.D. Ill. 2007) .................................................................10

*Gianino v. Alacer*,
   86 F. Supp. 2d 1096 (C.D. Cal. 2012) ...........................................................7

*In re Grand Theft Auto Video Game Consumer Litig.*,
   251 F.R.D. 139 (S.D.N.Y. 2008) .............................................................4, 10

*Gray v. BMW of N. Am., LLC*,
   22 F. Supp. 3d 373 (D.N.J. 2014) ..............................................................12

*Harris v. Rust-Oleum Corp.*,
   2022 WL 952743 (N.D. Ill. Mar. 30, 2022)......................................................9

*Karhu v. Vital Pharm., Inc.*,
   2014 WL 815253 (S.D. Fla. Mar. 3, 2014) .......................................................9

*Lyon v. Caterpillar, Inc.*,
   194 F.R.D. 206 (E.D. Pa. 2000)................................................................10

*Maniscalco v. Brother Int'l (USA) Corp.*,
   709 F.3d 202 (3d Cir. 2013)...................................................................12

*Mazza v. Am. Honda Motor Co., Inc.*,
   666 F.3d 581 (9th Cir. 2012) ........................................................... *passim*

*Miller v. Gen. Motors Corp.*,
   2003 WL 168626 (N.D. Ill. Jan. 26, 2003).......................................................7

*Pa. Emp., Benefit Tr. Fund v. Zeneca, Inc.*,
   710 F. Supp. 2d 458 (D. Del. 2010).............................................................10

*In re Pharm. Indus. Average Wholesale Price Litig.*,
   230 F.R.D. 61 (D. Mass. 2005)..................................................................9

*Pilgrim v. Univ. Health Card, LLC*,
   660 F.3d 943 (6th Cir. 2011) ............................................................8, 9, 14

PACIFIC MARKET INTERNATIONAL, LLC'S MOTION
TO STRIKE COMPLAINT'S NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL - iii

**K&L GATES LLP**
**925 FOURTH AVENUE, SUITE 2900**
**SEATTLE, WASHINGTON 98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

*In re Sony SXRD Rear Projection Television Class Action Litig.*,
  2008 WL 1956267 (S.D.N.Y. May 1, 2008) ............................................................9

*Stalker v. MBS Direct, LLC*,
  2012 WL 6642518 (E.D. Mich. Dec. 20, 2012) ......................................................9

*Thornell v. Seattle Serv. Bureau, Inc.*,
  2016 WL 3227954 (W.D. Wash. June 13, 2016),
  *aff'd*, 742 F. App'x 189 (9th Cir. 2018)....................................................5, 6, 10, 11

*Thornell v. Seattle Serv. Bureau, Inc.*,
  363 P.3d 587 (Wash. 2015)...................................................................................11

*Thornell v. Seattle Serv. Bureau, Inc.*,
  742 F. App'x 189 (9th Cir. 2018) .........................................................................11

*Walters v. Vitamin Shoppe Indus., Inc.*,
  2018 WL 2424132 (D. Or. May 8, 2018) ..............................................................14

*In re Yasmin & Yaz (Drospirenone) Mktg.*,
  275 F.R.D. 270 (S.D. Ill. 2011) ..............................................................................7

*Zinser v. Accufix Rsch. Inst., Inc.*,
  253 F.3d 1180 (9th Cir. 2001) .................................................................................7

**Other Authorities**

Restatement (Second) of Conflict of Laws § 148 ...................................8, 10, 11, 12, 13

PACIFIC MARKET INTERNATIONAL, LLC'S MOTION
TO STRIKE COMPLAINT'S NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL - iv

**K&L GATES LLP**
**925 FOURTH AVENUE, SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

Defendant Pacific Market International, LLC ("PMI") respectfully submits this motion to strike the nationwide class allegations in the Consolidated Class Action Complaint ("Complaint") under Federal Rule of Civil Procedure 12(f).[1]

## INTRODUCTION

This purported class action lawsuit seeks to impose massive liability on Defendant for the alleged nondisclosure to consumers of lead in Stanley cups. It seeks certification of a nationwide class of Stanley cup purchasers, as well as subclasses of Washington, California, Nevada and New York purchasers of Stanley cups. The request for certification of a nationwide class seeks to have Washington law apply to the claims of the entire purported class.[2]

The Court should strike the nationwide class allegations. In seeking to have the laws of one state apply to the claims of consumers in fifty different states, Plaintiffs are crashing up against an overwhelming tide of caselaw and bedrock principles of federalism. In its landmark *Bridgestone* decision, the Seventh Circuit rejected an attempt to do exactly what Plaintiffs are trying to do here, and held that the "conclusion that one state's laws would apply to claims by consumers throughout the country . . . is a novelty." *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1016 (7th Cir. 2002). And in *its* landmark *Mazza* decision, the Ninth Circuit held that "each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place." *Mazza v. Am. Honda Motor Co.*, *Inc.*, 666 F.3d 581, 594 (9th Cir. 2012).

---

[1] Plaintiffs have sued Pacific Market International, LLC ("PMI"). However, a separate company, PMI WW Brands, LLC, owns the Stanley brand and is responsible for marketing and distributing Stanley-brand drinkware. Plaintiffs have not sued PMI WW Brands, LLC. Although Plaintiffs state that PMI is a "dba" for PMI Worldwide (Dkt. No. 48 ¶ 11), that is incorrect. As Defendant has repeatedly informed Plaintiffs, they have not sued the correct company. Dkt. No. 15; Dkt. No. 29; *Krohn v. Pac. Mkt. Int'l, LLC*, No.2:24-cv-00200-TL (W.D. Wash. Feb. 14, 2014), Dkt. No. 25; *Krohn*, Dkt. No. 33; *Barbu v. Pac. Mkt. Int'l, LLC*, No. 2:24-cv-00258-TL (W.D. Wash. Feb. 24, 2024), Dkt. No. 22; *Barbu*, Dkt. No. 23.

[2] In its companion motion to dismiss the entire Complaint, Defendant showed that dismissal is warranted because the Complaint suffers from a fundamental and irremediable defect: it lacks any factual allegations showing that the lead in Stanley cups has caused harm or is likely to cause harm.

PACIFIC MARKET INTERNATIONAL, LLC'S MOTION
TO STRIKE COMPLAINT'S NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL - 1

**K&L GATES LLP**
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Applying a single state's law to a nationwide class would offend principles of federalism, because it would impair the ability of other states to regulate their own markets and enforce their own consumer protection laws. As the *Bridgestone* court stated: "[d]ifferences across states . . . are a fundamental aspect of our federal republic" and "courts must respect these differences rather than apply one state's law to sales in other states with different rules." 288 F.3d at 1018, 1020. It would also upend the settled expectations of the defendant and non-Washington putative class members, because such parties could not reasonably expect the law of Washington to govern sales that took place, and injuries that occurred, in states other than Washington. For example, a resident of Vermont who views a Washington company's false advertising in Vermont, buys the advertised product in Vermont in reliance on the false advertising, and incurs economic injury in Vermont would no doubt be surprised to learn that she could not sue for redress under Vermont law.

In consumer protection cases where the defendant resides in a different state than the Plaintiffs, courts must decide which state's law to apply. Like many other states, Washington employs the "most significant relationship" test to answer this question. Under that test, courts have overwhelmingly concluded that the home states of the purported class members have the most significant relationship to their claims, because the home state is where the consumer viewed the advertising, where she bought the product, and where the alleged injury occurred.

The choice-of-law analysis thus bars Plaintiffs from applying the law of Washington to the claims of putative class members from the 49 other states. Plaintiffs' request for certification of a nationwide class under Washington law must therefore be denied, and the nationwide class allegations must be stricken.[3]

This issue can and should be addressed at the pleading stage. The choice-of-law analysis is purely legal, and no additional facts need to be adduced beyond what is in the Complaint. For

---

[3] Plaintiffs did not propose a nationwide class action under the laws of the fifty different states because "[n]o class action is proper unless all litigants are governed by the same legal rules." *In re Bridgestone*, 288 F. 3d at 1015; *see also, e.g., Mazza*, 666 F.3d at 596 ("Because the law of multiple jurisdictions applies here to any nationwide class . . . variances in state law overwhelm common issues and preclude predominance for a single nationwide class.").

PACIFIC MARKET INTERNATIONAL, LLC'S MOTION
TO STRIKE COMPLAINT'S NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL - 2

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1    these reasons, courts regularly make this determination on pleading motions. Defendant

2    respectfully submits that this Court should as well.

3                     **RELEVANT FACTUAL ALLEGATIONS**

4         Six Plaintiffs from four different states (Washington, California, Nevada and New York)

5    sued Defendant for "failing to disclose the presence of lead in its Stanley cups." Dkt. No. 48 at 1

6    ("Compl."). Each Plaintiff alleges that she bought a Stanley cup in her home state. *Id.* ¶¶ 3-8.

7    Defendant is a "Washington limited liability company with its principal place of business in

8    Seattle." *Id.* ¶ 11.

9         Plaintiffs sued on behalf of a putative nationwide class of Stanley cup purchasers. *Id.* ¶ 52.

10   According to the Complaint, the purported nationwide class consists of "hundreds of thousands, if

11   not millions, of persons." *Id.* ¶ 55. The Complaint asserts six claims on behalf of the nationwide

12   class, all of which are asserted under Washington law. *Id.* ¶¶ 63-108, 171-84. They are for violation

13   of Washington's Consumer Protection Act and Product Liability Act, breach of express and

14   implied warranty, fraudulent omission, and unjust enrichment. *Id.* ¶¶ 63-108, 171-84. Plaintiffs

15   also sued on behalf of Washington, California, Nevada and New York subclasses, asserting claims

16   under the consumer protection laws of each respective state.

17       According to the Complaint, Defendant "advertises and sells its products throughout the

18   United States," and each purported member of the nationwide class "responded to PMI's omissions

19   made in advertisements, point-of-sale displays, packaging and warranties." *Id.* ¶¶ 11, 30.

20                         **ARGUMENT**

21   **The Court Should Strike Plaintiffs' Claims on Behalf of a Nationwide Class**

22       The Court should reject Plaintiffs' attempt to have the laws of a single state apply to

23   consumers in all 50 states. The Seventh Circuit emphatically rejected such an effort in its landmark

24   *Bridgestone* decision. There, the district court certified, under the consumer protection, warranty,

25   and fraud laws of Indiana (where defendant was headquartered), a nationwide class of consumers

26   who claimed that defendants sold defective tires.

PACIFIC MARKET INTERNATIONAL, LLC'S MOTION
TO STRIKE COMPLAINT'S NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL - 3

**K&L GATES LLP**
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

The Seventh Circuit reversed. It observed that the idea that "one state's law would apply to claims by consumers throughout the country . . . is a novelty" that would do "violence" to "principles of federalism." *In re Bridgestone*, 288 F.3d at 1016, 1020. As the court noted, "[s]tate consumer-protection laws vary considerably, and courts must respect these differences rather than apply one state's law to sales in other states with different rules." *Id.* at 1018; *see also id.* at 1020 ("Differences across states may be costly for courts and litigants alike, but they are a fundamental aspect of our federal republic and must not be overridden in a quest to clear the queue in court."). Applying the choice-of-law rules of Indiana, the forum state, the court held that "[i]f recovery for breach of warranty or consumer fraud is possible, the injury is decidedly where the *consumer* is located, rather than where the seller maintains its headquarters," and that "Indiana's choice-of law rule selects the 50 states and multiple territories where the buyers live, and not the place of the sellers' headquarters, for these suits." *Id.* at 1017-18 (emphasis in original).

The Ninth Circuit, in an equally seminal opinion, has also rejected efforts in consumer protection cases to certify nationwide classes under the laws of a single state. In *Mazza*, the district court certified a nationwide class of Acura owners asserting claims under California law for fraud and violation of California's consumer protection statutes. The Ninth Circuit reversed and ruled that "the district court abused its discretion in certifying a class under California law that contained class members who purchased or leased their car in different jurisdictions with materially different consumer protection laws." *Mazza*, 666 F.3d at 590. The Ninth Circuit went on to hold that, under California's choice-of-law rules, "each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place." *Id.* at 594.

As in *Bridgestone*, principles of federalism undergirded the Ninth Circuit's decision. The court held that "[i]t is a principle of federalism that 'each State may make its own reasoned judgment about what conduct is permitted or proscribed within its borders'" and that "a jurisdiction ordinarily has 'the predominant interest' in regulating conduct that occurs within its borders." *Id.*

PACIFIC MARKET INTERNATIONAL, LLC'S MOTION
TO STRIKE COMPLAINT'S NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL - 4

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

at 591-92. It further held that "[i]n our federal system, states may permissibly differ on the extent to which they will tolerate a degree of lessened protection for consumers to create a more favorable business climate for the companies that the state seeks to attract to do business in the state." *Id.* at 592; *see also id.* at 592-93 ("Each of our states also has an interest in 'being able to assure individuals and commercial entities operating within its territory that applicable limitations on liability set forth in the jurisdiction's law will be available to those individuals and businesses in the event they are faced with litigation in the future.'").

Applying the law of the state where the defendant is headquartered to the claims of consumers in all 50 states would also upend the settled expectations of those consumers (as well as the defendant), and lead to untenable outcomes. For example, in *Elvig v. Nintendo of America, Inc.*, 696 F. Supp. 2d 1207 (D. Colo. 2010), the court rejected an effort by the plaintiff to have the law of Washington (where the defendant resided and allegedly engaged in deceptive conduct) apply to consumers nationwide because "application of Washington law, although convenient for the purposes of pursuing a class action, would defeat reasonable expectations of Wii purchasers under the laws of the states where they reside. . . . It is reasonable to assume that most consumers expect to be protected by the laws applicable in the state where they live, purchase a product and use it." *Id.* at 1213-15; *see also, e.g.*, *Camey v. Force Factor, LLC*, 2016 WL 10998440, at *6 (D. Mass. May 16, 2016) ("No putative class member nor any defendant could reasonably expect the . . . laws of one state to govern sales that took place in another."). In the same vein, courts and litigants in Washington would surely expect Washington law to govern the claim of a Washington resident who viewed false advertising in Washington, was fraudulently induced to buy the advertised product in Washington, and incurred economic injury in Washington, regardless of whether the defendant was from out of state.

In the case at bar, Washington's choice-of-law rules will govern which substantive law controls the claims of the purported class members, because a court sitting in diversity applies the choice-of-law rules of its forum state. *Thornell v. Seattle Serv. Bureau, Inc.*, 2016 WL 3227954,

PACIFIC MARKET INTERNATIONAL, LLC'S MOTION
TO STRIKE COMPLAINT'S NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL - 5

**K&L GATES LLP**
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

at *2 (W.D. Wash. June 13, 2016), *aff'd*, 742 F. App'x 189 (9th Cir. 2018). Washington uses a two-step approach to choice of law questions. *First*, the court must determine whether an actual conflict exists between the relevant Washington laws and the laws of other states. *Id.* Such a conflict exists when "the various states' laws could produce different outcomes on the same legal issue." *Id. Second*, if a conflict exists, the court must resolve the conflict by determining which state has the "most significant relationship" to the action. *Id.*

Defendant shows below that under this test, (1) an actual conflict exists between the relevant Washington law and the laws of the other states, and (2) the state where the consumer was induced to buy the product, entered into the purchase transaction, and incurred their alleged economic injury is the state with the most significant relationship to the action.

### A.   An Actual Conflict Exists Between Washington Law And The Laws Of Other States

It is beyond reasonable debate that the consumer protection, warranty, common-law fraud, product liability, and unjust enrichment laws of Washington conflict in numerous material ways with the analogous laws of other states. With respect to consumer protection statutes, the *Bridgestone* court recognized that "[s]tate consumer-protection laws vary considerably." 283 F.3d at 1018; *see also Coe v. Philips Oral Healthcare Inc.*, 2014 WL 5162912, at *4 (W.D. Wash. Oct. 14, 2014) ("Material differences between the various consumer protection laws prevent Plaintiffs from demonstrating Rule 23(b)(3) predominance and manageability for a nationwide class."); *Davison v. Kia Motors Am., Inc.*, 2015 WL 3970502, at *2 (C.D. Cal. June 29, 2015) ("differences in consumer protection law among states are not trivial because they involve essential requirements to establish a claim, types of relief and remedies available to a plaintiff, and other dispositive issues").

The same holds true with respect to warranty laws, both express and implied. *Corbett v. PharmaCare U.S., Inc.*, 2024 WL 1356220, at *10 (S.D. Cal. Mar. 29, 2024) ("material differences" exist between states' express and implied warranty laws because of "differences in

PACIFIC MARKET INTERNATIONAL, LLC'S MOTION
TO STRIKE COMPLAINT'S NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL - 6

**K&L GATES LLP**
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

whether the individual states require reliance, pre-litigation notice, or privity to establish such a claim"); *Darisse v. Nest Labs, Inc.*, 2016 WL 4385849, at *12-13 (N.D. Cal. Aug. 15, 2016) (material differences exist in the implied and express warranty laws of the 50 states).

With respect to claims for common-law fraud, there are "material variations among the states' intentional and negligent misrepresentation laws" concerning scienter, reliance, standards of proof, statutes of limitation, and available damages. *Gianino v. Alacer*, 86 F. Supp. 2d 1096, 1101 (C.D. Cal. 2012); *see also Miller v. Gen. Motors Corp.*, 2003 WL 168626, at *2 (N.D. Ill. Jan. 26, 2003) ("No court has held that the fifty states' consumer fraud statutes, or common laws of fraudulent omission, are so similar that a single forum state's law could be applied to a multi-state class.").

Product liability statutes also vary materially from state to state. *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1192 (9th Cir. 2001) (noting the "differing state laws" in claims of products liability that create "formidable complexities" in trying class actions); *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 742 n.15 (5th Cir. 1996) ("Products liability law also differs among states."); *In re Yasmin & Yaz (Drospirenone) Mktg.*, 275 F.R.D. 270, 275 (S.D. Ill. 2011) ("Amongst the states, there are differences in the law of product liability as well as in the applicable theories of recovery and their subsidiary concepts. These differences, even if slight, are not insignificant.").

Finally, unjust enrichment also differs dramatically from one state to the next. *Mazza*, 666 F.3d at 591 ("[E]lements necessary to establish a claim for unjust enrichment also vary materially from state to state.").

If there were any room for doubt on this issue (and there is not), the appendix attached to this motion shows in detail the material differences between the relevant laws of all 50 states. *See* App., Ex. 1, Parts A-F.

PACIFIC MARKET INTERNATIONAL, LLC'S MOTION
TO STRIKE COMPLAINT'S NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL - 7

**K&L GATES LLP**
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

**B.     Under The "Most Significant Relationship" Test, The Laws Of Each Class Member's Home State Will Apply To Their Claims**

In cases of alleged consumer fraud, courts across the country regularly find that the state with the most significant relationship to the action is the state where the consumer resides, where the alleged false advertising induced him to enter into the transaction, and where he sustained injury. In *Mazza*, for example, the Ninth Circuit held that "foreign states have a strong interest in the application of their laws to transactions between their citizens and corporations doing business within their state." 666 F.3d at 594. It faulted the district court (which had certified a nationwide class under California law) for not "adequately recogniz[ing] that each foreign state has an interest in applying its law to transactions within its borders and that, if California law were applied to the entire class, foreign states would be impaired in their ability to calibrate liability to foster commerce." *Id.* at 593. It acknowledged that California "has an interest in regulating those who do business within its state boundaries," but "disagree[d]" that "applying California law to the claims of foreign residents concerning acts that took place in other states where [the product in issue was bought] is necessary to achieve that interest in this case." *Id.* at 594. It observed that "California's interest in applying its law to residents of foreign states is attenuated," and accordingly held that "each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place." *Id.*

In *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943 (6th Cir. 2011), the Sixth Circuit reached the same conclusion. Applying the most significant relationship test set forth in the Restatement (Second) of Conflict of Laws, the court held that

> the consumer-protection laws of the potential class members' home states will govern their claims. As with any claim arising from an interstate transaction, the location-based factors point in opposite directions: injury in one State, injury-causing conduct in another; residence in one State, principal place of business in another. Yet the other factors point firmly in the direction of applying the consumer-protection laws of the States where the protected consumers lived and where the injury occurred. No doubt, States have an independent interest in preventing deceptive or fraudulent practices by companies operating within their borders. But the State with the strongest interest in regulating such conduct is the

PACIFIC MARKET INTERNATIONAL, LLC'S MOTION
TO STRIKE COMPLAINT'S NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL - 8

**K&L GATES LLP**
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1   State where the consumers—the residents protected by *its consumer*-protection
2   laws—are harmed by it.

*Id.* at 946 (emphasis in original).

3   The *Pilgrim* court held that

[t]o conclude otherwise would frustrate the "basic policies underlying" consumer-
protection laws. . . . [I]t would permit nationwide companies to choose the
consumer-protection law they like best by locating in a State that demands the least.
Does anyone think that, if State A opted to attract telemarketing companies to its
borders by diluting or for that matter eliminating any regulation of them, the policy
makers of State B would be comfortable with the application of the "consumer-
protection" laws of State A to their residents—the denizens of State B? Highly
doubtful . . . ."

*Id.* at 947 (citation omitted).

The overwhelming weight of authority is in accord with these decisions. As the District

Court of Massachusetts stated, "[c]ourts have generally rejected application of the law of a

defendant's principal place of business to a nationwide class." *In re Pharm. Indus. Average*

*Wholesale Price Litig.*, 230 F.R.D. 61, 83 (D. Mass. 2005); *see also In re Sony SXRD Rear*

*Projection Television Class Action Litig.*, 2008 WL 1956267, at *7 (S.D.N.Y. May 1, 2008)

("[C]ourts have consistently held that each class member's consumer protection claim is governed

by the law of his or her home state[.]").[4]

---

[4] *See also, e.g.*, *Harris v. Rust-Oleum Corp.*, 2022 WL 952743, at *4 (N.D. Ill. Mar. 30, 2022) ("For the majority of
the putative class members, application of [the significant relationship] test will likely result in the law of their home
state (where they reside, where they likely purchased and used RainBrella, and thus where their alleged injury likely
occurred) governing their claims."); *Ace Tree Surgery, Inc. v. Terex S.D., Inc.*, 332 F.R.D. 402, 410 (N.D. Ga. 2019)
("Each state of purchase is the place where each putative class member received and relied upon any
misrepresentations or omissions, and each state therefore has an interest in having its own consumer protection laws
applied."); *Colley v. Procter & Gamble Co.*, 2016 WL 5791658, at *6 (S.D. Ohio Oct. 4, 2016) ("the consumer-
protection laws of the potential class members' home States will govern their claims" (quoting *Pilgrim*, 660 F.3d at
946)); *Karhu v. Vital Pharm., Inc.*, 2014 WL 815253, at *10 (S.D. Fla. Mar. 3, 2014) ("[T]he Court concludes that the
state with the most significant relationship to each class member's claim is the state where the individual purchased
Meltdown. This conclusion is buttressed by the interest each state has in enforcing its unfair trade practices laws for
the well-being of its own consumers."); *Stalker v. MBS Direct, LLC*, 2012 WL 6642518, at *5 (E.D. Mich. Dec. 20,
2012) ("After weighing the respective interests, the Court concludes that the consumer-protection/fraud laws of the
potential class members' home States would govern their claims."); *Boulet v. Nat'l Presto Indus., Inc.*, 2012 WL
12996298, at *11 (W.D. Wis. Dec. 21, 2012) (in false advertising case, "each class member's home jurisdiction would
apply because that is where the class member lives, where the class member viewed [the] advertising and where the
class member purchased [the product]"); *Elvig v. Nintendo of Am., Inc.*, 696 F. Supp. 2d 1207, 1215 (D. Colo. 2010)
("striking the choice-of-law balance in favor of the locus of injury, at least when that state is both the state of purchase
and the consumer's residence, yields a result that is most consistent with the principles articulated in the Restatement

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

The Western District of Washington has also repeatedly found that in consumer protection cases the most significant relationship test requires application of the law of the consumer's home state rather than the law where the defendant is headquartered and engaged in its allegedly deceptive conduct. In *Thornell*, a Texas resident filed a purported class action against the defendant, a Washington corporation, for an allegedly fraudulent debt collection scheme. 2016 WL 3227954, at *1. The alleged scheme was designed in Washington. *Id.* at *4.

The court held that Restatement (Second) of Conflict of Laws § 148 applied, and ruled that "*Section 148 and its comments make clear that the alleged misrepresentation to consumers and the consumer's pecuniary injuries, both of which occurred in Texas and not in Washington, should be considered the most significant contacts in this case*." *Id.* at *4 (emphasis added) (citing Restatement (Second) of Law on Conflict of Laws § 148 cmts. i, j (1971)). The court accordingly ruled that Texas law should apply. *Id.* at *4. It made this ruling even though under the Texas equivalent of the Washington Consumer Protection Act, the plaintiff would have *no remedy* (because Texas law does not define a recipient of a debt collection letter as a "consumer"). *Id.* at *2. The court ruled that the availability or non-availability of a remedy was irrelevant to the choice of law analysis. *Id.* at *4 ("a state does not have a more significant or less significant relationship because of the amount of relief its statutes provide to plaintiffs."). The court went on to note that *Mazza* recognized that "each state has a strong interest in determining the optimum level of

and with the reasonable expectations of consumers and producers"); *In re Digitek Prods. Liab. Litig.*, 2010 WL 2102330, at *10 (S.D.W. Va. May 25, 2010) ("The state in which each claimant was injured has an overriding interest in having its laws applied to redress any wrong done."); *Pa. Emp., Benefit Tr. Fund v. Zeneca, Inc.*, 710 F. Supp. 2d 458, 468-70 (D. Del. 2010) (under Section 148 of the Restatement (Second) of Conflict of Laws, the applicable law will be the law of the state where each plaintiff was induced by false advertising to buy the product); *Agostino v. Quest Diagnostics, Inc.*, 2010 WL 5392688, at *10 (D.N.J. Dec. 22, 2010) ("'The state in which each plaintiff resides has the most significant relationship with the parties and the issues related to each plaintiff's consumer fraud claims.'"); *In re Grand Theft Auto Video Game Consumer Litig.*, 251 F.R.D. 139, 149 n.12 (S.D.N.Y. 2008) ("The Court holds more precisely that the law of each Settlement Class member's state of purchase should apply to his claims."); *In re Gen. Motors Corp. Dex-Cool Prods. Liab. Litig.*, 241 F.R.D. 305, 318 (S.D. Ill. 2007) ("in this case it is the states where the members of the proposed class reside . . . that have the most significant relationship to the class claims"); *Barden v. Hurd Millwork Co., Inc.*, 249 F.R.D. 316, 320 (E.D. Wis. 2008) (law of each class member's home state will apply because that state has the most significant interest); *Lyon v. Caterpillar, Inc.*, 194 F.R.D. 206, 217 (E.D. Pa. 2000) ("[f]ederal courts unanimously reject plaintiffs' attempt to apply the law of one state in non-federal-question class suits").

**K&L GATES LLP**
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

consumer protection balanced against a more favorable business environment, and to calibrate its

consumer protection laws to reflect their chosen balance." *Id.* (citing *Mazza*, 666 F.3d 581).[5]

The Ninth Circuit affirmed, in an unpublished opinion. *Thornell v. Seattle Serv. Bureau, Inc.*, 742 F. App'x 189 (9th Cir. 2018). It held that the district court correctly applied Washington's choice-of-law rules and that "Texas is plainly where those 'contacts are most significant'" because "Thornell resides there, received the [allegedly fraudulent] letters there, and suffered any damages there." *Id.* at 192. The court noted that when a plaintiff relies on an alleged false statement in a single state, "that suggests that the state has the most significant contacts." *Id.* It thus held that the "clear preponderance of § 148(2) significant contacts [occurred] in Texas." *Id.*

The Western District of Washington reached the same conclusion in *Coe v. Philips Oral Healthcare Inc.*, 2014 WL 5162912 (W.D. Wash. Oct. 14, 2014). There, the plaintiff asserted claims under the WCPA for deceptive conduct related to the toothbrushes marketed by defendant, a Washington corporation, and requested certification of a nationwide class. The court denied the request. Applying the most significant relationship test set forth in the Restatement (Second) of Conflict of Laws § 148, the court held that while Washington has a "strong interest in promoting a fair and honest business environment in the state," the toothbrushes "were sold and purchased, and representations of their quality made and relied on, entirely outside of Washington." *Id.* at *3. The court concluded that "Section 148 of the Restatement and its comments make clear that the alleged misrepresentation to consumers and the consumers' pecuniary injuries, both of which

---

[5] Before the district court issued its opinion, the Washington Supreme Court had ruled, in response to a certified question, that the WCPA can apply extraterritorially—that is, to claims made by an out-of-state plaintiff against a Washington corporation. *Thornell v. Seattle Serv. Bureau, Inc.*, 363 P.3d 587, 592 (Wash. 2015). However, the court recognized that the question of whether a statute *may* be applied on an extraterritorial basis has no bearing on the separate question of which state's law *should* apply under a choice-of-law analysis, *assuming* that the statute can apply extraterritorially. *Id.* at 589-90. Indeed, as the Ninth Circuit observed in *Thornell*, the Washington Supreme Court "*expressly pretermitted*" the choice-of-law question. *Thornell v. Seattle Serv. Bureau, Inc.*, 742 F. App'x 189, 190 (9th Cir. 2018) (emphasis added); *see Thornell*, 363 P.3d at 589 (stating that the court is "not addressing" choice of law and federalism issues). As the district court noted, "an *allowance* for claims brought by foreign plaintiffs is not a directive to override ordinary choice-of-law rules." *Thornell*, 2016 WL 3227954, at *3 (emphasis in original).

occurred in consumers' home states and not in Washington, should be considered the most significant contacts in this particular case." *Id.*

As *Coe* noted, "Washington has formally adopted § 148 of the Restatement in the fraud and misrepresentation context." *Id.* (citing *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 331 P.3d 29, 36 (Wash. 2014)). Section 148 provides, in relevant part, that

> When the plaintiff's action in reliance took place in whole or in part in a state other than that where the false representations were made, the forum will consider such of the following contacts, among others, as may be present in the particular case in determining the state which, with respect to the particular issue, has the most significant relationship to the occurrence and the parties:

>> (a) the place, or places, where the plaintiff acted in reliance upon the defendant's representations,

>> (b) the place where the plaintiff received the representations,

>> (c) the place where the defendant made the representations,

>> (d) the domicil, residence, nationality, place of incorporation and place of business of the parties,

>> (e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time, and

>> (f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant.

Restatement (Second) of Conflict of Laws § 148 (Am. L. Inst. 1971). Although this language speaks in terms of "misrepresentation," courts hold that the same factors apply to claims based on nondisclosure. *E.g.*, *Maniscalco v. Brother Int'l (USA) Corp.*, 709 F.3d 202, 207 (3d Cir. 2013) (applying section 148 to nondisclosure claim and holding that nondisclosure occurred in consumer's home state); *Gray v. BMW of N. Am., LLC*, 22 F. Supp. 3d 373 (D.N.J. 2014) (same).

These factors lopsidedly favor choosing the law of the consumer's home state. Factor a (where reliance took place) favors the consumer's state. *See* Compl. ¶ 30 (each purported member of the nationwide class "responded to PMI's omissions made in advertisements, point-of-sale displays, packaging, and warranties"); Restatement (Second) of Conflict of Laws § 148 cmt. f

PACIFIC MARKET INTERNATIONAL, LLC'S MOTION
TO STRIKE COMPLAINT'S NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL - 12

**K&L GATES LLP**
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1  (reliance takes place where the plaintiff "relinquish[es] assets").  Factor b (place where deceptive

2  advertising was received) favors the consumer's state. Factor d ("domicil, residence, nationality,

3  place of incorporation and place of business of the parties") favors the consumer's state because

4  "the domicil, residence and place of business of the plaintiff are more important than are similar

5  contacts on the part of the defendant" in light of the fact that "a financial loss will usually be of

6  greatest concern to the state with which the person suffering the loss has the closest relationship."

7  *Id.* at cmt. i. Factor e (where the product purchased "was situated at the time") favors the

8  consumer's state. And factor f (where plaintiff is to "render performance under a contract which

9  he has been induced to enter") does not apply in this case.

10      The only applicable factor that favors the defendant's home state is factor c (place where

11  defendant made the representation). But, as the Restatement notes, factor c "is not so important a

12  contact as the place where the plaintiff acted in reliance on the defendant's representations." *Id.* at

13  cmt. g. Accordingly, factors a, b, d and e favor the consumer's home state, and only factor c favors

14  the defendant's home state. This resolves the issue, especially in light of the Restatement's

15  comment that "[i]f any two of the above-mentioned contacts, apart from the defendant's domicil,

16  state of incorporation or place of business, are located wholly in a single state, this will usually be

17  the state of the applicable law with respect to most issues." *Id.* at cmt. j.

18      Under this formidable authority, the claims of the purported class members must be

19  governed by the laws of their home states. Each consumer's home state is where they were

20  allegedly induced to buy the product through Defendant's deceptive conduct. Each consumer's

21  home state is where they bought the product. And each consumer's home state is where they

22  incurred their claimed economic injury. In these circumstances, and in order to avoid doing

23  "violence" to principles of federalism, *In re Bridgestone*, 288 F.3d at 1020, and to protect the

24  parties' reasonable expectations, the Court should find that the law of each consumer's home state

25  applies to their claims and accordingly strike the nationwide class allegations requesting

26  certification under Washington law.

PACIFIC MARKET INTERNATIONAL, LLC'S MOTION
TO STRIKE COMPLAINT'S NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL - 13

**K&L GATES LLP**
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1   **C.     This Issue Is Ripe For Decision Now**

2          These intractable conflicts in applicable law call for striking the national class allegations

3   now. Where, as here, the "key reality" is that Plaintiffs' claims "are governed by different States'

4   laws, a largely legal determination," there is no reason to wait because "no proffered or potential

5   factual development offers any hope of altering that conclusion." *Pilgrim*, 660 F.3d at 949. Courts

6   accordingly regularly strike or dismiss nationwide class allegations based on the choice of law

7   analysis at the pleading stage. *See, e.g.*, *Cimoli v. Alacer Corp.*, 587 F. Supp. 3d 978, 987 (N.D.

8   Cal. 2022) ("the Court finds that this is a case similar to the many Northern District of California

9   and Ninth Circuit cases where courts have found the choice of law analysis appropriate to conduct

10  at the pleading stage"); *DeArmey v. Hawaiian Isles Kona Coffee Co.*, 2019 WL 6723413, at *3

11  (C.D. Cal. July 22, 2019) ("It is not premature to determine that material variations in state

12  common law render a nationwide class unworkable as to the common law claims. Federal Rule of

13  Civil Procedure 23, which governs class certification, permits the Court to address these legal

14  issues at the pleading stage." (citation omitted)); *Walters v. Vitamin Shoppe Indus., Inc.*, 2018 WL

15  2424132, at *4 (D. Or. May 8, 2018) ("I agree with Defendant that its motion is not premature

16  because determining variations in state law presents legal issues that may be resolved without

17  discovery. I conclude that Rule 23 permits this court to address these legal issues at the pleading

18  stage."), *report and recommendation adopted*, 2018 WL 2418544 (D. Or. May 29, 2018).

19                                      **CONCLUSION**

20         For the foregoing reasons, Defendant respectfully requests that the Court grant this motion

21  and strike the nationwide class allegations from the Complaint. Specifically, Defendant requests

22  that the Court strike all references to a nationwide class in paragraphs 52, 63, 77, 89, 99, 109, 171,

23  and 175.

24

25

26

PACIFIC MARKET INTERNATIONAL, LLC'S MOTION
TO STRIKE COMPLAINT'S NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL - 14

**K&L GATES LLP**
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

DATED July 31, 2024

Respectfully submitted,

K&L GATES LLP

By:   */s/ Pallavi Mehta Wahi*
        Pallavi Mehta Wahi, WSBA No. 32799
        pallavi.wahi@klgates.com
        Ashley E.M. Gammell, WSBA No. 50123
        ashley.gammell@klgates.com
        Tyler K. Lichter, WSBA No. 51090
        tyler.lichter@klgates.com
        925 Fourth Avenue, Suite 2900
        Seattle, WA 98104
        Telephone: 206.623.7580
        Facsimile: 206.623.7022

*Attorneys for Defendant Pacific Market
International, LLC*

ARNOLD & PORTER KAYE SCHOLER LLP

James F. Speyer (*pro hac vice*)
E. Alex Beroukhim (*pro hac vice*)
james.speyer@arnoldporter.com
alex.beroukhim@arnoldporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: 213.243.4000
Facsimile: 213.243.4199

Elie Salamon (*pro hac vice*)
elie.salamon@arnoldporter.com
250 West 55th Street
New York, NY 10019-9710
Telephone: 212.836.8000
Facsimile: 212.836.8969

*Attorneys for Defendant Pacific Market
International, LLC*

I certify that this memorandum contains
4,593 words, in compliance with the
Court's Order (Dkt. No. 50) granting
motion for leave to file over-length briefs.

PACIFIC MARKET INTERNATIONAL, LLC'S MOTION
TO STRIKE COMPLAINT'S NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL - 15

**K&L GATES LLP**
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

### CERTIFICATION OF CONFERRAL

Pursuant to Section II.D of the Court's Standing Order for All Civil Cases, counsel for Defendant Pacific Market International, LLC certifies that on July 24, 2024, the parties met and conferred via telephonic conference regarding the substance of this motion to strike nationwide class allegations.

DATED July 31, 2024

By:  */s/ E. Alex Beroukhim*
E. Alex Beroukhim

PACIFIC MARKET INTERNATIONAL, LLC'S MOTION
TO STRIKE COMPLAINT'S NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL - 16

**K&L GATES LLP**
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022