1

The Honorable Tana Lin

2

3

4                          UNITED STATES DISTRICT COURT

5                     FOR THE WESTERN DISTRICT OF WASHINGTON

6

7   IN RE: PACIFIC MARKET INTERNATIONAL,          Master File No. 2:24-cv-00191-TL

8   LLC, STANLEY TUMBLER LITIGATION               **JOINT STATUS REPORT AND**

9                                                 **DISCOVERY PLAN**

10  This Document Relates to:  All Actions

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

JOINT STATUS REPORT AND DISCOVERY PLAN- 1

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1  Plaintiffs and Defendant (together, the "Parties"), by and through counsel, respectfully

2  submit this Joint Rule 26(f) Report and Discovery Plan.  Pursuant to Fed. R. Civ. P. 26(f) and the

3  Court's Order dated May 24, 2024, counsel for the Parties held a telephone conference on August

4  7, 2024 to discuss the items set forth below.  Alan M. Mansfield and Jason Dennett participated for

5  Plaintiffs; E. Alex Beroukhim, Elie Salamon, Pallavi Mehta Wahi, and Julie Anne Halter

6  participated for Defendant.[1]

7  **JOINT RULE 26(f) REPORT**

8  **1.      Nature and Complexity of the Case:**

9  **(A)      Plaintiffs' Statement of the Case:**

10  Plaintiffs allege in the Consolidated Class Action Complaint ("CC") at ¶¶3-8 that PMI

11  designed, manufactured, advertised and distributed Stanley cups bought by the named Plaintiffs

12  and the Class. PMI has marketed its popular Stanley tumbler cups as safe, practical drinkware

13  ideal for families and outdoor adventurers. *Id.* at ¶12. These tumblers have become the model of

14  choice among millennial and Gen Z women.  In keeping with its strategy of targeting women,

15  young girls and adventurers PMI also advertised Stanley cups as made of safe, simple, and eco-

16  friendly materials. PMI also represented the Stanley cups are durable, suitable for household and

17  outdoor use, and are subjected to rigorous standards, including following strict manufacturing

18  guidelines including but not limited to BPA/BPS, PFOS, and phthalate regulatory requirements.

19  PMI has spent enormous sums each year to reach this target market to advertise Stanley cups as

20  durable products ideal for women and families with young children.  *Id.* at ¶¶13-25.

21  However, in making such claims PMI fails to mention another key ingredient used in the

22  manufacture of these tumblers. PMI has consistently and uniformly failed to disclose in its

23

24  [1] Defendant's Statement: Plaintiffs have sued Pacific Market International, LLC ("PMI").  However, a separate
company, PMI WW Brands, LLC, owns the Stanley brand and is responsible for marketing and distributing Stanley-
25  brand drinkware.  Plaintiffs have not sued PMI WW Brands, LLC.  Although Plaintiffs state that PMI is a "dba" for
"PMI Worldwide" (Dkt. No. 48 ¶ 11), that is incorrect. As Defendant has repeatedly informed Plaintiffs, they have
26  not sued the correct company. *See* Dkt. No. 15; Dkt. No. 29; Dkt. No. 51 at 1 n.1; Dkt. No. 52 at 1 n.1; *Krohn v.
Pac. Mkt. Int'l LLC*, No. 2:24-cv-00200-TL (W.D. Wash. Feb. 14, 2014), Dkt. No. 25; *Krohn*, Dkt. No. 33; *Barbu
v. Pac. Mkt. Int'l LLC*, No. 2:24-cv-00258-TL (W.D. Wash. Feb. 24, 2024), Dkt. No. 22; *Barbu*, Dkt. No. 23.

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

advertisements, warranties and packaging to Plaintiffs and others that these tumblers contained the reproductive toxin lead.  CC at ¶19. PMI's use of lead was made public after third-party investigations in late January 2024 when the news went viral on the social media channels PMI has used to target consumers. PMI admitted in its response in January 2024 that apparently these tumblers have always contained lead as part of their design and that consumers can become exposed to lead if the cups are damaged. *Id.* at ¶24; *See also* https://support.stanley1913.com/en/support/solutions/articles/69000850923-do-stanley-products-contain-lead-.

Stanley cups are expensive products with readily available lead-free alternatives manufactured by competitors. Yet PMI kept customers in the dark to avoid interfering with its bonanza of influencer-driven sales, rather than allow consumers to decide whether to accept any risks associated with using a lead-containing drinking cup. CC at ¶25. PMI has continued advertising and selling the cups without telling consumers about its use of lead, which apparently continues unabated. *Id.* at ¶34. This was a material undisclosed fact, and those who purchased Stanley cups had a right to decide whether to expose themselves and their families to lead-related risks they never knew of or agreed to assume. *Id.* at ¶26.

These consolidated actions raise the following legal issues:

a.    Whether PMI owed a duty of care to Plaintiffs and the Class;

b.    Whether PMI's advertisements, point-of-sale displays, warranties and product packaging failed to disclose that the Stanley tumblers contained lead;

c.    Whether PMI's failure to disclose the Stanley tumblers contained lead was a material omission that reasonable consumers in PMI's target market would want to know before purchasing the product;

d.    Whether PMI's representations, descriptions or material omissions in its advertising, warranties, packaging, and/or labeling are false, deceptive,

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

misleading confusing, or confounding to consumers and/or are likely to deceive reasonable consumers;

e.  Whether a reasonable consumer would consider the presence of lead a material fact in purchasing these products;

f.  Whether PMI knew or should have known the Stanley cups contained lead and had knowledge its representations or omissions of material fact were false, deceptive, and misleading;

g.  Whether PMI continues to disseminate those representations without appropriate correction;

h.  Whether PMI violated the state consumer protection laws of the state of Washington, California, New York and Nevada as set forth in the First, Second, and Fifth through Tenth Causes of Action;

i.  Whether PMI breached express and implied warranties as set forth in the Third and Fourth Causes of Action;

j.  Whether PMI negligently or fraudulently omitted material facts giving rise to claims of fraud as set forth in the Twelfth Cause of Action;

k.  Whether PMI is liable for claims of unjust enrichment as set forth in the Eleventh Cause of Action;

l.  Whether Plaintiffs and the Class members are entitled to actual, statutory, and punitive damages and whether claims for damages or equitable restitutionary relief are able to be established by a common formula; and

m.  Whether Plaintiffs and the Class members are entitled to declaratory and injunctive relief.

Plaintiffs seek to certify a Nationwide Class and State Subclasses, including those for Washington, Nevada, New York, and California, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). Class treatment is appropriate because, among other things: (1) the expected

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  class contains hundreds of thousands, if not millions, of persons, making individual joinder of all

2  injured persons impracticable; (2) common questions of law and fact discussed above

3  predominate; (3) Plaintiffs' claims are typical of all class members; (4) class adjudication is

4  superior due to the amount of damages available per-claimant and potential to establish

5  inconsistent standards of conduct for PMI; and (5) Plaintiffs will fairly and adequately represent

6  class members.

7  **(B)   Defendant's Statement of the Case:**

8  Defendant denies all asserted liability and damages, and disputes that any putative class

9  could be certified consistent with the requirements of Federal Rule of Civil Procedure 23.

10  This lawsuit is based on the contention that Defendant failed to disclose that its product

11  contains a supposedly harmful component.  Yet the Complaint alleges no facts showing that the

12  product causes harm.  This fatal flaw requires dismissal of the entire Complaint.

13  Plaintiffs allege that Defendant did not disclose to them that the cups contain lead in an

14  area that never comes into contact with any liquid in the cup or the consumer.  Plaintiffs allege

15  that Defendant uses a certain amount of lead (which Plaintiffs do not specify) to seal the vacuum

16  insulation at the base of the cup, and that seal is then covered with a layer of stainless steel.

17  Plaintiffs allege that, *if* a cup is damaged (in a way Plaintiffs do not specify), the seal containing

18  the lead *may* be "exposed."  Plaintiffs claim this presents a "safety and health-related concern,"

19  and that they would not have bought Stanley cups had they known they contained lead.  On the

20  basis of these allegations, Plaintiffs assert claims for violation of consumer protection statutes,

21  breach of warranty, fraudulent omission, unjust enrichment, and product liability.  They purport

22  to assert their claims on behalf of a nationwide class of Stanley cup consumers as well as

23  subclasses of Washington, California, Nevada and New York consumers of Stanley cups.  They

24  claim no personal injury and seek purely economic damages amounting to hundreds of millions

25  of dollars.

26

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

What Plaintiffs' Complaint does *not* allege is far more revealing about the merit of their lawsuit than what it *does* allege. The Complaint does not allege any facts showing that:

• Simply being in the presence of unexposed lead causes harm;

• Simply being in the presence of exposed lead causes harm;

• Any individual can be harmed by drinking from a Stanley cup;

• Any individual has ever been harmed by lead in a Stanley cup; or

• Any individual may in the future be harmed by lead in a Stanley cup.

The Complaint accordingly provides no basis for the Court to conclude, assuming the truth of the factual allegations, that lead in Stanley cups poses any risk of harm, much less a material or unreasonable risk. The Complaint thus fails to state any claim, and Defendant maintains that all of Plaintiffs' claims should be dismissed with prejudice. *See* Dkt. No. 51.

Defendant also contests that class certification is permissible or appropriate, let alone feasible. For example, Plaintiffs will be unable to satisfy Rule 23's requirement that common issues predominate due to the numerous individualized issues that necessitate class-member-specific discovery and fact-finding, including, but not limited to, reliance, causation, and statute of limitations. In addition, as explained in Defendant's pending motion to strike the nationwide class allegations, Plaintiffs' attempt to invoke the laws of Washington on behalf of putative class members nationwide is also improper under Washington's choice-of-law rules, which employs the "most significant relationship" test, under which courts have overwhelmingly concluded that the home states of proposed class members have the most significant relationship and thus applies to their claims. *See* Dkt. No. 52 at 2. Moreover, applying Washington law to the claims of all putative class members nationwide would violate basic principles of federalism, because applying Washington law nationally would impair the ability of other states to regulate their own markets and enforce their own laws. *See id.* Because the laws of all 50 states will apply to the putative national classes in this case, and those laws conflict sharply in manifold ways, *see* Dkt.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

No. 52-1, Plaintiffs will be unable to satisfy Rule 23(b)(3) predominance and manageability for the proposed nationwide classes.

**2.** **Consent to Assignment to United States Magistrate Judge:**  No.

**3.** **Proposed Deadline for Joining Additional Parties:**  28 days following date trial scheduling order is posted by the Court.[2]

**4.** **Proposed Deadline for filing Motion for Class Certification:**  Please see Paragraph 14 below for a proposed briefing schedule for Plaintiffs' motion for class certification.

**5.** **Exempt Cases:**  N/A.

**6.** **Discovery Plan:**

**(A)** **Initial Disclosures.**  The Court previously set the date upon which the Parties will exchange Rule 26 initial disclosures to be September 5, 2024.  Dkt. No. 47.  At this time, the Parties agree no extension of this date is necessary.

**(B)** **Discovery Subjects and Timing.**  The Parties held a preliminary discussion regarding how discovery will be managed to promote the expeditious and inexpensive resolution of the case and the timing thereof.

The Parties discussed whether the Court would be amenable to handling discovery disputes by informal means (which they understand to be the Court's practice) or whether to refer such matters to a magistrate judge and scheduling discovery or case management conferences with the Court as needed.  The Parties agreed it is premature at this time to address these issues until discovery has been propounded and responded to (see discussion *infra* ¶ 14).

Plaintiffs are in the process of preparing discovery, but have not yet served any discovery. In terms of the initial responses to Plaintiffs' forthcoming discovery, Defendant proposed that the Parties have up to thirty (30) days after the pending motions are decided to respond to any

---

[2] Plaintiffs' Statement – PMI has not raised the question of naming additional parties in any previous meet and confer discussions, including in connection with its pending motions to dismiss and strike or this Report; even its own labeling and website references refers to "PMI" and Defendant, not to a company nowhere referenced. *See, e.g.,* https://support.stanley1913.com/ However, Plaintiffs reserve the right to amend the operative Complaint to name additional parties.

JOINT STATUS REPORT AND DISCOVERY PLAN- 7

outstanding discovery; that way, depending on the Court's rulings, those discussions and decisions would be informed and tailored by the Court's rulings on the pending motions and Defendant would have sufficient time to move for a stay if warranted.  During that 30-day period, the Parties would meet and confer to determine if they would respond at that time or would be willing to further extend the time for responses to certain discovery.  Plaintiffs indicated they are amenable to discussing such an arrangement, depending on the specifics of the discovery, the positions taken by Defendant, and the timing of the Court's ruling.  Defendant reserves the right to move for a stay of some, or all, discovery depending on the ruling of the Court on the pending motions, and Plaintiffs reserve the right to oppose such a request and/or move for an order compelling such responses.

        **(C)**      **Discovery Issues.**  None at this time.

        **(D)**      **Protection and Privilege Issues.**  The Parties anticipate submitting a stipulated protective order based on this Court's Model Order and will request the Court enter the modified version pursuant to LCR 16 (b) and (c), subject to certain modifications tailored to the needs of this case. Defendant will propose a draft of that Order to Plaintiffs.  The Parties will then meet and confer on the draft Order following receipt of Plaintiffs' initial discovery requests for submission to the Court.  This Order will include provisions relating to evidence preservation and the non-waiver of privilege under Fed. R. Civ. P. 502(d).

        **(E)**      **Changes to Discovery Limitations.**  The Parties do not currently propose any modification to the discovery limitations contained in the Federal and Local Rules but reserve all rights to request modifications as necessary at the appropriate time.  Plaintiffs anticipate serving their initial set of written discovery directed at Defendant within the next 30 days.

        **(F)**      **Need for Discovery-Related Orders.**  None at this time.

    **7.**      **Local Civil Rule 26(f)(1):**

        **(A)**      **Prompt Case Resolution.**  Please see Paragraph 7(B) below.

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**(B)**   **Alternative Dispute Resolution.**   The Parties discussed if there is a significant possibility that early and inexpensive resolution of the case would be fostered by any alternative dispute resolution ("ADR") procedure as described in LCR 39.1 and 39.2; the possibilities for promptly settling or otherwise resolving the case; when they plan to engage in ADR or why the Parties do not plan to engage in ADR; and an appropriate ADR procedure, and at what stage of the case it should be employed.   Plaintiffs stated they are willing to engage in private mediation.   Defendant stated that they are willing discuss engaging in an ADR process through private mediation at the appropriate time.

**(C)**   **Related Cases.**   The only remaining related case the Parties are aware of is *Moses, et al. v. Pacific Market International, LLC*, No. 3:24-cv-00247-RJC-DCK (W.D.N.C.), where a motion to dismiss or, in the alternative, stay that action remains pending.   In terms of handling any related cases that may subsequently be filed in or transferred to this Court, the Court's order dated April 26, 2024, Dkt. No. 31, addresses that issue.

**(D)**   **Discovery Management.**   The Parties agree to manage discovery in a manner that will promote the just and efficient conduct of this litigation, including employing, as appropriate, the discovery management tools identified in LCR 26(f)(1)(D).

**(E)**   **Anticipated Discovery Sought.**   See discussion *supra*.   Defendant anticipates taking discovery from Plaintiffs at the appropriate time, including document discovery and depositions, and reserves the right to expand the scope of any discovery it might seek from other sources, including third parties or experts, as the case progresses.

**(F)**   **Phasing Motions.**   The Parties do not anticipate the phasing of motions at this time, but dispositive motions concerning one or more issues may be filed at different stages of the litigation if it may streamline or simplify the issues for trial.   The Parties agreed that they would, at this time, defer discussion of the potential for phasing motions to facilitate early resolution of potentially dispositive issues (although that may make sense at some point in the litigation);   discussion of formulating and simplifying the issues, and eliminating frivolous claims

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

or defenses; obtaining admissions and stipulations about facts and documents to avoid unnecessary proof, and ruling in advance on the admissibility of evidence; the timing of identifying witnesses and documents, scheduling the filing and exchange of any pretrial briefs, and setting dates for further conferences and for trial; or ordering a separate trial under Rule 42(b) of a claim, counterclaim, crossclaim, third-party claim, or particular issue; or ordering the presentation of evidence early in the trial on a manageable issue that might, on the evidence, be the basis for a judgment as a matter of law under Rule 50(a) or a judgment on partial findings under Rule 52(c).  The Parties agreed to suggest that the Court set another scheduling conference after the pending pleadings are resolved to discuss setting additional pre-trial and/or trial dates.

**(G)** **Preservation of Discoverable Information.** The Parties agreed to address issues relating to the preservation of discoverable information and the scope of the Parties' preservation obligations.  The Parties also agreed to address the procedures for addressing privilege and non-waiver issues pursuant to Rule 502(d) or (e) of the Federal Rules of Evidence by agreeing to entry of a modified version of the Model Protective Order for this District that contains provisions related thereto, to be submitted after discussion among the Parties. *See supra* ¶ 6(D).

**(H)** **Privilege Issues.** None at this time.

**(I)** **Model Protocol for Discovery of ESI.** The Parties discussed in general whether the case will involve the preservation and production of Electronically Stored Information ("ESI") (they agree it will) and, if so:

        **i.** the nature, location, and scope of discoverable ESI; and

        **ii.** whether the Parties agree to adopt the Model Agreement Regarding Discovery of Electronically Stored Information in Civil Litigation (the "Model ESI Agreement," which can be found under "Forms" on the court's website) or a modified version thereof, and the timing for filing the agreement.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

At this time, the Parties have not identified any potential ESI issues that would warrant the Court's attention.  The Parties will meet and confer and stipulate to a modified version of the Model ESI Agreement, appropriately tailored to suit the needs of this case.  The Parties agree to submit a proposed ESI Order within thirty (30) days after filing this Joint Statement and Discovery Plan.  Defendant has initially proposed a draft of that Agreement with some suggested modifications, and the Parties will meet and confer over any such modifications.  As part of those subsequent discussions, counsel for each Party shall review and understand how their client's data and ESI are stored and retrieved in order to determine what issues must be addressed during those discussions.

The Parties discussed the date upon which the plaintiffs shall move for a determination under Fed. R. Civ. P. 23(c)(1), as to whether the case is to be maintained as a class action, and an appropriate briefing schedule for the motion.  The Parties' respective scheduling proposals are set forth below.

**(J)     Alternatives to Model Protocol.**  N/A.

**8.     Discovery Completion.**  The Parties believe that it is premature to set a date for the completion of discovery at this time in light of Defendant's pending motions to dismiss and to strike.  The Parties agreed to reconvene after the Court rules on the pending motions and propose a discovery completion date that is appropriately tailored to the needs of the case based on the scope of claims then at issue.

**9.     Bifurcation.**  No.  The Parties do not propose bifurcation.

**10.     Dispensing with Pretrial Statements and Orders.**  No.  The Parties do not propose dispensing with pretrial statements or orders.

**11.     Individualized Trial Program.**  No.  The Parties do not intend to use the Individualized Trial Program under Local Civil Rule 39.2.

**12.     ADR Under Local Civil Rule 39.1.**  The Parties discussed if there is a significant possibility that early and inexpensive resolution of the case would be fostered by any ADR

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1 procedure as described in LCR 39.1 and 39.2; the possibilities for promptly settling or otherwise

2 resolving the case; when they plan to engage in ADR or why the Parties do not plan to engage in

3 ADR; and an appropriate ADR procedure, and at what stage of the case it should be employed.

4 *See supra* ¶ 7(B).

5       **13.**    **Suggestions.**  The Parties do not have any other suggestions for shortening or

6 simplifying this case at this time.

7       **14.**    **Trial Date and Pretrial Schedule.**  The Parties discussed setting a trial date, but

8 believe at this time, based on both the pending motions and the proposed schedule for class

9 certification set forth below, that the Court should defer setting a trial date and the other deadlines

10 set forth in the Court's standing order.  The Parties furthermore do not believe a scheduling

11 conference is necessary at this time.  The Parties agreed to suggest the Court set another Rule 26

12 conference after the pleadings are at issue to discuss the timing of setting additional pre-trial and

13 trial dates and/or submitting a stipulated motion proposing a pre-trial and trial schedule that

14 conforms with the Court's standing order as it relates to case scheduling.

15       *Pending Motions to dismiss and strike (Dkt. Nos. 51 and 52) and timing of the briefing*

16 *and submission of those motions.*  The timing of the briefing and submission of those motions

17 was set by Court order dated May 24, 2024 (Dkt. No. 47).  The Parties agreed that Defendant's

18 motion to strike directed at the class allegations is subject to the same briefing schedule as the

19 motion to dismiss.  The noting date for those motions is September 20, 2024.

20       *Anticipated future motions, including determining the appropriateness and timing of*

21 *summary judgment under Rule 56.*  The plaintiffs will file a motion for class certification, as set

22 forth below.  Both sides anticipate filing motions for summary judgment after appropriate

23 discovery.  The parties also reserve the right to move for judgment on the pleadings under Federal

24 Rule of Civil Procedure 12(c), if appropriate.

25       The Parties agreed that, as the motions to dismiss and strike are pending, it is premature

26 to determine whether any amendments will be filed in response to any order relating to those

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  motions, and the deadlines for filing any amendments or adding Parties.  Plaintiffs do not

2  anticipate filing an amended complaint in lieu of responding to the pending motions.

3  **Plaintiffs' Position**

4  As the pleadings are not yet at issue, Plaintiffs propose setting a schedule for filing a

5  motion for class certification based on the date when the pleadings are at issue (*i.e.*, if and when

6  Defendant files an Answer to the operative Complaint).  Plaintiffs would propose filing their

7  motion for class certification 150 days from that date; that Defendant would file any Opposition

8  75 days after the motion is filed; and that Plaintiffs would file any reply 60 days after the

9  Opposition is due.

10  Plaintiffs also propose that Plaintiffs identify the experts for whom they would submit

11  declarations in support of a motion for class certification 45 days prior to the deadline to file their

12  motion, and Defendant would identify any proposed rebuttal experts 15 days prior to the deadline

13  to file that motion.  They suggested that doing so will permit the Parties to schedule discovery

14  and depositions relating to those experts as part of the class certification briefing process in a

15  more expedited time frame.

16  **Defendant's Position**

17  Defendant agrees with Plaintiffs' proposed schedule for class certification, but does not

18  believe it should be required to disclose any experts before Plaintiffs file their motion for class

19  certification and accompanying expert reports.  Without knowing the contents of Plaintiffs'

20  expert reports, Defendant is in no position to determine who its experts, if any, will be.

21  **15.   Jury Trial.**  Plaintiffs have requested a trial by jury of all claims so triable.

22  Defendant intends to demand a jury trial should it have to file an Answer.

23  **16.   Trial Days Required.**  The Parties agreed that, in light of Defendant's pending

24  motions to dismiss and strike, it is too early to evaluate the number of days that would be required

25  to try this case should it proceed to trial.  The Parties agreed to reassess the number of trial days

26  anticipated after the pleadings are at issue.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1    **17.    Trial Counsel.**

2          **(A)    Plaintiffs' Trial Counsel:**

3    Rebecca A. Peterson
     LOCKRIDGE GRINDAL NAUEN PLLP
4    100 Washington Avenue South, Suite 2200
     Minneapolis, MN 55401
5    Tel: (612) 339-6900
     rapeterson@locklaw.com
6
     Ryan McCarl
7    RUSHING MCCARL LLP
     2219 Main St. No. 144
8    Santa Monica, CA 90405
     Telephone: 310-896-5082
9    Email: info@rushingmccarl.com

10   Alan M. Mansfield
     WHATLEY KALLAS, LLP
11   16870 W. Bernardo Drive, Suite 400
     San Diego, CA 92127
12   Telephone: (619) 308-5034 amansfield@whatleykallas.com

13   *Interim Co-Lead Counsel for Plaintiffs*

14   Jason T. Dennett
     TOUSLEY BRAIN STEPHENS PLLC
15   1200 Fifth Avenue, Suite 1700
     Seattle, WA 98101-3147
16   Tel: (206) 621-1158
     Fax: (206) 682-2992
17   jdennett@tousley.com

18   Brendan Donckers (WSBA # 39406)
     BRESKIN JOHNSON & TOWNSEND PLLC
19   1000 Second Avenue, Suite 3670
     Seattle, WA 98104
20   Telephone: (206) 652-8660
     Fax: (206) 652-8290
21   Email: bdonckers@bjtlegal.com

22   *Interim Plaintiffs' Liaison Counsel*

23        **(B)    Defendant's Trial Counsel:**

24   ARNOLD & PORTER KAYE SCHOLER LLP

25   James F. Speyer (*pro hac vice*)
     E. Alex Beroukhim (*pro hac vice*)
26   777 South Figueroa Street, 44th Floor
     Los Angeles, CA 90017

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1          Telephone: 213.243.4000

2     Elie Salamon (*pro hac vice*)
      250 West 55th Street
3     New York, NY 10019
      Telephone: 212.836.8000

4     K&L GATES LLP

5     Pallavi Mehta Wahi, WSBA No. 32799
      Tyler K. Lichter, WSBA No. 51090
6     925 Fourth Avenue, Suite 2900
      Seattle, WA 98104
7     Telephone: 206.623.7580

8     **18.**     **Trial Date Conflicts.**  N/A

9     **19.**     **Failure to Serve.**  The Parties discussed whether there are any issues over

10    jurisdiction of the claims asserted in this action and service of any Parties.  They agreed there

11    were no issues relating to service.  Defendant reserves the right to contest the existence of federal

12    subject-matter jurisdiction at an appropriate time.

13    **20.**     **Scheduling Conference Request.**  No.  The Parties do not request a scheduling

14    conference in advance of the entry of a scheduling order in this case.

15    **21.**     **Corporate Party Disclosure Statements.**  Defendant filed its corporate

16    disclosure statement on March 18, 2024.  Dkt. No. 15.  As explained in that statement, Plaintiffs

17    have erroneously sued the wrong corporate entity.  The correct corporate entity is PMI WW

18    Brands, LLC.

19    **22.**     All Counsel signing this Report certify that he/she/they have reviewed Judge Lin's

20    Chambers Procedures, the Local Rules, General Orders, and the applicable Electronic Filing

21    Procedures.

22    **23.**     All Counsel signing this Report certify that he/she/they have reviewed and

23    complied with Judge Lin's Standing Order Regarding 28 U.S.C. § 455 and Canon 3 of the Code

24    of Conduct for United States Judges.

25

26    Respectfully submitted,

JOINT STATUS REPORT AND DISCOVERY PLAN- 15

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    DATED this 21st day of August, 2024.

2                                          TOUSLEY BRAIN STEPHENS PLLC

3                                          By:/s/ Jason T. Dennett
                                           Jason T. Dennett, WSBA No. 30686
4                                          1200 Fifth Avenue, Suite 1700
                                           Seattle, WA 98101-3147
5                                          Telephone: 206.621.1158
                                           Facsimile: 206.682.2992
6                                          jdennett@tousley.com

7                                          BRESKIN JOHNSON & TOWNSEND PLLC

8                                          Brendan Donckers, WSBA No. 39406
                                           1000 Second Avenue, Suite 3670
9                                          Seattle, WA 98104
                                           Telephone: 206.652.8660
10                                         Facsimile: 206.652.8290
                                           bdonckers@bjtlegal.com

11                                         *Interim Plaintiffs' Liaison Counsel*

12                                         LOCKRIDGE GRINDAL NAUEN PLLP

13                                         Rebecca A. Peterson (admitted *pro hac vice*)
                                           100 Washington Avenue South, Suite 2200
14                                         Minneapolis, MN 55401
                                           Telephone: 612.339.6900
15                                         rapeterson@locklaw.com

16                                         RUSHING MCCARL LLP

17                                         Ryan McCarl (admitted *pro hac vice*)
                                           2219 Main St. No. 144
18                                         Santa Monica, CA 90405
                                           Telephone: 310.896.5082
19                                         info@rushingmccarl.com

20                                         WHATLEY KALLAS, LLP

21                                         Alan M. Mansfield (admitted *pro hac vice*)
                                           16870 W. Bernardo Drive, Suite 400
22                                         San Diego, CA 92127
                                           Telephone: 619.308.5034
23                                         amansfield@whatleykallas.com

24                                         *Interim Co-Lead Counsel for Plaintiffs*

25

26

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1   Dated:  August 21, 2024

2

3                                              ARNOLD & PORTER KAYE SCHOLER LLP

4                                              By: /s/ Elie Salamon
                                               Elie Salamon (*pro hac vice*)
5                                              250 West 55th Street
                                               New York, NY 10019-9710
6                                              Telephone: 212.836.8000
                                               Facsimile: 212.836.8969
7                                              elie.salamon@arnoldporter.com

8                                              James F. Speyer (*pro hac vice*)
                                               E. Alex Beroukhim (*pro hac vice*)
9                                              777 South Figueroa Street, 44th Floor
                                               Los Angeles, CA 90017-5844
10                                             Telephone: 213.243.4000
                                               Facsimile: 213.243.4199
11                                             james.speyer@arnoldporter.com
                                               alex.beroukhim@arnoldporter.com
12

13                                             K&L GATES LLP

14                                             Pallavi Mehta Wahi, WSBA No. 32799
                                               Tyler K. Lichter, WSBA No. 51090
15                                             925 Fourth Avenue, Suite 2900
                                               Seattle, WA 98104
16                                             Telephone: 206.623.7580
                                               Facsimile: 213.243.4199
17                                             pallavi.wahi@klgates.com
                                               tyler.lichter@klgates.com

18                                             *Attorneys for Defendant Pacific Market*
                                               *International, LLC*
19

20

21

22

23

24

25

26

JOINT STATUS REPORT AND DISCOVERY PLAN- 17

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992