Honorable Tana Lin

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PACIFIC MARKET INTERNATIONAL, LLC, STANLEY TUMBLER LITIGATION | Master File No. 2:24-cv-00191-TL |
| | PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO STRIKE NATIONWIDE CLASS ALLEGATIONS |
| This Document Relates to: All Actions | **Noting Date: September 20, 2024** |

PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO STRIKE
NATIONWIDE CLASS ALLEGATIONS
NO. 2:24-cv-00191-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**TABLE OF CONTENTS**

I.      INTRODUCTION ..........................................................................................................1

II.     SUMMARY OF CLAIMS .........................................................................................2

III.    STANDARD OF REVIEW ........................................................................................3

IV.     ARGUMENT .............................................................................................................4

        A.      PMI's Motion is Premature ...........................................................................4

        B.      Washington Law Does Not Materially Conflict with the Law of Another
                Jurisdiction with An Interest in the Case.......................................................5

        C.      Even If the Court Could Find a Conflict Exists, Washington Has the Most
                Significant Relationship to This Action ........................................................8

V.      CONCLUSION .........................................................................................................14

PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO STRIKE
NATIONWIDE CLASS ALLEGATIONS - i
NO. 2:24-cv-00191-TL

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1

2

**TABLE OF AUTHORITIES**

**Cases**

3

*Abdallah v. Coca–Cola Co.,*
    No. Civ.A 1:98CV3679–RW, 1999 WL 527835 (N.D. Ga. 1999) ................................. 4

4

5

*Ace Tree Surgery, Inc. v. Terex S.D., Inc.,*
    332 F.R.D. 402 (N.D. Ga. 2019) ...................................................................................... 6

6

*Agostino v. Quest Diagnostics, Inc.,*
    No. 04-4362 (SRC), 2010 WL 5392688 (D.N.J. Dec. 22, 2010) ................................... 6

7

8

*Barden v. Hurd Millwork Co., Inc.,*
    249 F.R.D. 316 (E.D. Wis. 2008) ................................................................................... 6

9

*Benson v. Double Down Interactive, LLC,*
    527 F. Supp. 3d 1267 (W.D. Wash. 2021) ............................................................. passim

10

11

*Boulet v. Nat'l Presto Indus., Inc.,*
    No. 11-cv-840-slc, 2012 WL 12996298 (W.D. Wis. Dec. 21, 2012)............................. 6

12

*Bund v. Safeguard Properties, LLC,*
    No. C16-0920JLR, 2016 WL 8738677 (W.D. Wash. Dec. 30, 2016) ................... 1, 3, 4

13

14

*Cashatt v. Ford Motor Co.,*
    No. 3:19-cv-05886-RBL, 2020 WL 1987077 (W.D. Wash. Apr. 27, 2020)................... 3

15

*Castano v. Am. Tobacco Co.,*
    84 F.3d 734 (5th Cir. 1996) ............................................................................................. 6

16

17

*Coe v. Philips Oral Healthcare Inc.,*
    No. C13-518 MJP, 2014 WL 5162912 (W.D. Wash. Oct. 14, 2014) ....................... 6, 12

18

*Corbett v. PharmaCare U.S., Inc.,*
    No. 21cv137-JES (AHG), 2024 WL 1356220 (S.D. Cal. Mar. 29, 2024) ..................... 6

19

20

*Darisse v. Nest Labs, Inc.,*
    No. 5:14-cv-01363-BLF, 2016 WL 4385849 (N.D. Cal. Aug. 15, 2016)...................... 6

21

*FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.,*
    175 Wn. App. 840 (2013)................................................................................................. 8

22

23

*Gianino v. Alacer,*
    846 F. Supp. 2d 1096 (C.D. Cal. 2012) .......................................................................... 6

24

*Hanson v. MGM Resorts Int'l,*
    No. C16-1661-RAJ, 2017 WL 3085694 (W.D. Wash. July 20, 2017) ........................... 6

25

*Hibbs-Rines v. Seagate Tech., LLC.,*
    No. 08-5430, 2009 WL 513496 (N.D. Cal. Mar. 2, 2009) ............................................. 4

26

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

*In re Amazon Serv. Fee Litig.,*
   No. 2:22-CV-00743-TL, 2023 WL 8472724 (W.D. Wash. Dec. 7, 2023)......................7

*In re Bridgestone/Firestone, Inc.,*
   288 F.3d 1012 (7th Cir. 2002) ...............................................................................6

*In re Digitek Prods. Liab. Litig.,*
   MDL No. 2:08-md-01968, 2010 WL 2102330 (S.D.W. Va. May 25, 2010)..................6

*In re Gen. Motors Corp. Dex-Cool Prods. Liab. Litig.,*
   241 F.R.D. 305 (S.D. Ill. 2007) .............................................................................6

*In re Grand Theft Auto Video Game Consumer Litig.,*
   251 F.R.D. 139 (S.D.N.Y. 2008)............................................................................6

*In re Pharm. Indus. Average Wholesale Price Litig.,*
   230 F.R.D. 61 (D. Mass. 2005) .............................................................................7

*In re Sony SXRD Rear Projection Television Class Action Litig.,*
   No. 06 Civ. 5173(RPP), 2008 WL 1956267 (S.D.N.Y. May 1, 2008)..........................7

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.,*
   505 F. Supp. 2d 609 (N.D. Cal. 2007)...................................................................4

*Karhu v. Vital Pharm., Inc.,*
   No. 13-60768-CIV, 2014 WL 815253 (S.D. Fla. Mar. 3, 2014) ..................................6

*Kelley v. Microsoft Corp.,*
   251 F.R.D. 544, 550 (W.D.Wash. 2008) ...........................................................8, 13

*Lyon v. Caterpillar, Inc.,*
   194 F.R.D. 206 (E.D. Pa. 2000) ............................................................................7

*Mazza v. Am. Honda Motor Co.,*
   666 F.3d 581 (9th Cir. 2012) ....................................................................6, 11, 12

*McCarthy v. Amazon.com, Inc.,*
   679 F. Supp. 3d 1058 (W.D. Wash. 2023) ..............................................................13

*Miller v. Gen. Motors Corp.,*
   Nos. 98 C 7386, 98 C 2851, 2003 WL 168626 (N.D. Ill. Jan 26, 2003).........................7

*Moussouris v. Microsoft Corp.,*
   No. C15-1483JLR, 2016 WL 4472930 (W.D. Wash. Mar. 7, 2016) .....................passim

*Myers v. MedQuist, Inc.,*
   No. 05–4608, 2006 WL 3751210 (D.N.J.2006) ........................................................4

*Phillips Petroleum Co. v. Shutts,*
   472 U.S. 797 (1985) .........................................................................................5, 6

*S.L. Anderson & Sons, Inc. v. Paccar, Inc.,*
   No. C-18-0742-JCC, 2018 WL 5921096, (W.D. Wash., Nov. 13, 2018) ......................10

PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO STRIKE
NATIONWIDE CLASS ALLEGATIONS - iii
NO. 2:24-cv-00191-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Schmahl v. Macy's Dep't. Stores, Inc.*,
   No. CV–09–68–EFS, 2010 WL 3061526 (E.D. Wash. July 30, 2010) ......................... 13

*Stalker v. MBS Direct, LLC*,
   No. 10-11355, 2012 WL 6642518 (E.D. Mich. Dec. 20, 2012) ...................................... 7

*Stearns v. Select Comfort Retail Corp.*,
   763 F. Supp. 2d 1128 (N.D. Cal. 2010) ...................................................................... 3

*Thornell v. Seattle Serv. Bureau, Inc.*,
   184 Wn.2d 793 (2015) ..................................................................................... 8, 12, 13

*Thornell v. Seattle Serv. Bureau, Inc.*,
   No. C14-1601-MJP, 2016 WL 3227954 (W.D. Wash. June 13, 2016),
   *aff'd*, 742 F. App'x 189 (9th Cir. 2018) ................................................................... 11

*Veridian Credit Union v. Eddie Bauer, LLC*,
   295 F. Supp. 3d 1140 (W.D. Wash. 2017) ....................................................... 10, 12, 13

*Willis v. Enter. Drilling Fluids, Inc.*,
   No. 1:15 cv 00688 JLT, 2015 WL 6689637 (E.D. Cal. Oct. 28, 2015) ......................... 3

*Zenaida–Garcia v. Recovery Sys. Tech., Inc.*,
   128 Wn. App. 256 (2005) ............................................................................................ 13

**Statutes**

RCW 7.72.030 ................................................................................................................ 14

**Other Authorities**

7AA Charles Alan Wright, Arthur R. Miller & Mary K. Kane,
   *Federal Practice and Procedure Civil* § 1785.3 (3d 2005) ........................................ 4

Restatement (Second) of Conflict of Laws § 145, cmt. c (1971) ............................... 13

PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO STRIKE
NATIONWIDE CLASS ALLEGATIONS - iv
NO. 2:24-cv-00191-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

# I. INTRODUCTION

Pacific Market International, Inc. ("PMI") makes an extraordinary request. It suggests to this Court that, as a matter of law, this Court could never certify any of the claims asserted in the operative Complaint to be brought on behalf of non-Washington residents, and that no set of facts would support this Court doing so. It takes this position despite: (1) the position of the Washington Supreme Court that courts can do so; (2) the fact virtually every Court in this District has denied similar requests; and (3) the fact that Washington's conflicts of law analyses differ from the cases PMI relies upon for this request.

For that reason, PMI's burden on this premature motion is enormous: it must show that every cause of action brought on behalf of a nationwide class "*could not possibly proceed* on a classwide basis." *Bund v. Safeguard Properties, LLC*, No. C16-0920JLR, 2016 WL 8738677, at *4 (W.D. Wash. Dec. 30, 2016). It cannot meet this burden. PMI's pre-class certification/pre-discovery motion to strike attempting to severely limit its liability exposure is thus not the appropriate vehicle to address Plaintiffs' nationwide class allegations.

Based on the allegations of the operative Complaint (taken as true for purposes of this Motion), applying Washington law to the claims of all putative class members is appropriate. Washington law has a significant relationship to the claims asserted. Indeed, the state of Washington has the greatest contacts to the action and policy interests in seeing its law applied to all putative class members. All of PMI's offending conduct took place in Washington. PMI (along with its affiliates) is a Washington corporation. (¶11.)[1] Everything from designing the cups to include lead to the decision to hide this fact from consumers took place in Washington. (¶69.) This Washington-based liability-generating conduct forms the basis of this action. (¶¶13, 27, 70; ¶¶23, 58) (PMI, a Washington corporation, increased its annual sales of Stanley cups from $70 million in previous years to more than $750 million in 2023 from consumers who paid

---

[1] Unless otherwise noted, all references to "¶" are to Plaintiffs' Consolidated Class Action Complaint ("Compl."). *See* Dkt. 48.

PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO STRIKE
NATIONWIDE CLASS ALLEGATIONS - 1
NO. 2:24-cv-00191-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1   a premium price of up to $60 per cup). Thus, even if PMI showed that Washington law did

2   "materially" conflict with other state laws based on these facts – and a summary appendix with

3   no analysis as to the claims at issue does not satisfy that burden – that is not the end of the inquiry.

4           The irony in this Motion is in that it was PMI who has fought to have all these cases

5   consolidated in this Court and has moved to dismiss or transfer various related actions filed in

6   other courts to this Court on grounds of administrative simplicity and streamlining the

7   prosecution of such claims.  Yet it now argues the law of the states where those actions were

8   filed is the only law this Court can apply.  This the motion to strike is nothing more than a pre-

9   mature motion to decertify a class that hasn't yet been certified and asks this Court at the

10  pleadings stage to make this case more complicated, rather than less. Defendant's motion should

11  be denied.

12                       **II.  SUMMARY OF CLAIMS**

13          PMI, originating from its Washington headquarters, markets its Stanley cups as safe and

14  free from harmful materials and omits material facts to the contrary. (¶¶13, 15–19.) Unbeknownst

15  to consumers, these cups were "designed in Seattle" (¶¶9, 11, 69) to be manufactured with lead,

16  which consumers could be exposed to if a Stanley cup was damaged, and thus purposefully used

17  lead as a low-cost sealant. (¶¶13, 14, 20, 28, 38, 41, 71, 122, 132, 141, 158, 164.) Lead is a

18  dangerous toxin that is unsafe in *any* amount and can cause lifelong harm — particularly when

19  touched or swallowed. (¶29.) PMI knew disclosing its use of lead in its drinkware would hurt its

20  bottom line, prompting PMI's decision to leave its customers in the dark. (¶31.) Despite recently

21  admitting that consumers may be exposed to lead if a Stanley cup was damaged, PMI still omits

22  any mention or warning to consumers of the risk of exposure to lead or disclosure in the

23  packaging of lead in the cups. (¶¶28, 35, 36.)

24          Plaintiffs Franzetti, Barbu, Krohn, Brown, Robinson, and Rydman all purchased Stanley

25  cups for personal, family, or household use to safely store and drink liquids without fear of

26  exposure to toxins. (¶¶3–8.) Plaintiffs and the Class bought PMI-made drinkware without

PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO STRIKE
NATIONWIDE CLASS ALLEGATIONS - 2
NO. 2:24-cv-00191-TL

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1  knowing or having reason to know that the drinkware contained lead. (¶56.) None of the Plaintiffs
2  expected or knowingly agreed to use lead-containing drinkware, and none would have bought
3  the Stanley cups at the prices they did if at all had they known they contained lead and would
4  have used a lead-free alternative. (¶¶9, 107.)

5       As a result of PMI's uniformly illegal and deceptive conduct, Plaintiffs bring claims
6  asserted in the operative Complaint for Violation of the Washington Consumer Protection Act
7  ("WCPA"), Violation of the Washington Product Liability Act ("WLPA"), and Breach of
8  Express Warranty and Implied Warranty of Merchantability, Unjust Enrichment and Fraudulent
9  Concealment under Washington law. (¶¶63, 77, 89, 99, 109, 158-159, 172-174, 180-182.) These
10  claims are asserted both for themselves and the proposed Nationwide Class, defined as follows:

11  > All persons who are citizens of the United States and bought (other than for
12  > resale or redistribution) a PMI-made cup between June 1, 2016 and June 1,
   > 2024.

13  (¶52.)

14  ### III.  STANDARD OF REVIEW

15       "The standards for motions to strike resemble motions to dismiss — the Court must
16  consider only the pleadings and matters subject to judicial notice, view the allegations in the light
17  most favorable to the pleader, and grant leave to amend unless doing so would be futile." *Cashatt*
18  *v. Ford Motor Co.*, No. 3:19-cv-05886-RBL, 2020 WL 1987077, at *4 (W.D. Wash. Apr. 27,
19  2020) (citing *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1139-40 (N.D. Cal.
20  2010)).

21       Striking or dismissing class claims at the pleading stage is only appropriate where "the
22  claim *could not possibly proceed* on a classwide basis" and "is in fact rare to do so in advance of
23  a motion for class certification." *Bund*, 2016 WL 8738677, at *4 (citing *Willis v. Enter. Drilling*
24  *Fluids, Inc.*, No. 1:15 cv 00688 JLT, 2015 WL 6689637, at *7 (E.D. Cal. Oct. 28, 2015)) (internal
25  quotations omitted) (emphasis added). Motions to strike or dismiss class allegations "are
26  disfavored because a motion for class certification is a more appropriate vehicle for arguments

PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO STRIKE
NATIONWIDE CLASS ALLEGATIONS - 3
NO. 2:24-cv-00191-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

about class propriety." *Id.* (citing *Hibbs-Rines v. Seagate Tech., LLC.*, No. 08-5430, 2009 WL 513496, at *3 (N.D. Cal. Mar. 2, 2009)) (internal quotations omitted). Courts routinely deny motions to dismiss or strike class allegations as premature where discovery has not yet commenced and no motion for class certification has been filed. *See id.* at *5.

Even in the form of its motion Defendant is not challenging the inclusion of class allegations in the Complaint per se, and thus they cannot be "stricken." Rather, Defendant is attempting to have this Court decide it could never certify a nationwide class under Washington law (or presumably under any form of choice of law analysis).[2] It is simply premature to do so now. *Bund*, 2016 WL 8738677, at *4.

## IV. ARGUMENT

### A.    PMI's Motion is Premature

At the current procedural posture, PMI "asks the [C]ourt to make a premature determination." *Moussouris v. Microsoft Corp.*, No. C15-1483JLR, 2016 WL 4472930, at *8 (W.D. Wash. Mar. 7, 2016).

> [T]he granting of motions to dismiss class allegations before discovery has commenced is rare. Indeed, while there is little authority on this issue within the Ninth Circuit, decisions from courts in other jurisdictions have made clear that "dismissal of class allegations at the pleading stage should be done rarely and that the better course is to deny such a motion because the shape and form of a class action evolves only through the process of discovery."

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 614-15 (N.D. Cal. 2007)[3].

---

[2] Defendant's motion also ignores the fact Plaintiffs plead various subclasses limited to purchasers of the Stanley cup in California, New York and Nevada. Defendant's argument against the extraterritorial application of Washington law would have no effect on these subclasses, further showing the inappropriateness of Defendant's motion as class discovery will still proceed and class certification briefing will still occur.

[3] Citing *Myers v. MedQuist, Inc.,* No. 05–4608, 2006 WL 3751210, *4 (D.N.J.2006) (internal citations omitted) (declining to strike class allegations because discovery had not yet commenced and observing that most courts deny such motions if brought prior to discovery); *see also Abdallah v. Coca–Cola Co.,* No. Civ.A 1:98CV3679–RW, 1999 WL 527835 (N.D. Ga. 1999) (dismissal of class allegations prior to discovery premature); *see also* 7AA Charles Alan Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure Civil* § 1785.3 (3d

PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO STRIKE
NATIONWIDE CLASS ALLEGATIONS - 4
NO. 2:24-cv-00191-TL

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1  PMI's three-line argument to the contrary as to why this Court should ignore this line of

2  authority fails. (Mot. 14: 2-5, Dkt 52.)

3  **B.      Washington Law Does Not Materially Conflict with the Law of Another**
          **Jurisdiction with An Interest in the Case.**
4

5  In support of its argument that an "actual conflict" exists precluding application of

6  Washington law to the nationwide class, PMI submits a chart with no analysis to argue that the

7  consumer protection, warranty, common-law fraud, product liability, and unjust enrichment laws

8  of Washington "conflict in numerous material ways with the analogous laws of other states."

9  (Mot. 6:13-15, Dkt 52.) This unsupported statement is insufficient to preclude application of

10 Washington law to a nationwide class at the pleadings stage of these proceedings.

11        To constitutionally apply Washington law to the entire nationwide class,
          Washington law must: (1) not conflict with the law of another jurisdiction with an
12        interest in the case and (2) have a 'significant contact or significant aggregation of
          contacts' to the claims asserted by each member of the plaintiff class, contacts
13        'creating state interests,' in order to ensure that the choice of [Washington] law is
          not arbitrary or unfair."
14
   *Moussouris,* 2016 WL 4472930, at *7 (citations omitted). Here, both requirements are met.
15
   Plaintiffs have properly plead their nationwide class claims, and PMI has failed to demonstrate
16
   that such claims could not possibly proceed on a classwide basis.  Such an analysis requires an
17
   analysis of facts as developed during the court of discovery. *See Phillips Petroleum Co. v. Shutts,*
18
   472 U.S. 797, 815-20 (1985) (whether Kansas or another state or series of state laws would apply
19
   to the claims of non-Kansas residents depended upon a consideration of a variety of factual
20
   considerations).
21
          PMI also fails to identify any other jurisdiction to have a superior national interest in this
22
   case. *See Moussouris*, 2016 WL 4472930, at *7. In *Moussouris*, defendant moved to strike
23
   Plaintiffs' "Washington Law Against Discrimination" claims to the extent they applied to non-
24
   Washington resident putative class members. *Id*. at 7. As here, without the benefit of discovery,
25

26 2005) (the practice employed in the overwhelming majority of class actions is to resolve class
   certification only after an appropriate period of discovery).

PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO STRIKE
NATIONWIDE CLASS ALLEGATIONS - 5
NO. 2:24-cv-00191-TL

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1    the *Moussouris* court had no allegations regarding the place of residence or workplace of the

2    nationwide class besides the place of residence of the three named Plaintiffs. *Id.* Yet the court

3    denied the motion to strike, finding that while Microsoft argued Washington law conflicted with

4    the laws of seventeen other states, with the information before it, it could not determine at that

5    stage which other jurisdictions had "an interest in the case," since "there can be no injury in

6    applying [a state's] law if it is not in conflict with that of any other jurisdiction connected to this

7    suit." *Id.* (citing *Phillips Petroleum Co., supra*, 472 U.S. at 815-22).

8         Similarly, in *Hanson v. MGM Resorts Int'l*, No. C16-1661-RAJ, 2017 WL 3085694, at

9    *3 (W.D. Wash. July 20, 2017), the court found that there was no clear basis for striking the

10   proposed Washington CPA class, which encompassed "[a]ll individuals in the United States."

11   Like PMI, the defendant in *Hanson* cited *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594

12   (9th Cir. 2012) — a class certification decision applying California's conflicts of law analysis—

13   for their argument that the CPA class was impermissible because it included individuals who

14   purchased gift cards in states outside of Washington. *Id.* The court denied the motion to strike,

15   finding that no "clear basis exists for striking the proposed Washington CPA class" because

16   without discovery the court had no way of knowing whether the proposed class members met the

17   class criteria outside of Washington state. *Id.*

18        Like the *Moussouris* and *Hanson* courts, this Court faces the examination of conflict of

19   law at the pleadings stage without the benefit of discovery.[4] Without discovery, the court cannot

20   ────────────

21   [4] The bulk of the case law PMI cites in support of its motion actually warrants its denial, as those courts examined the choice of law issue at a later stage in litigation after Plaintiffs have been afforded the opportunity to make a motion for class certification. *See, e.g.*, *Ace Tree Surgery,*

22   *Inc. v. Terex S.D., Inc.*, 332 F.R.D. 402 (N.D. Ga. 2019); *Agostino v. Quest Diagnostics, Inc.*, No. 04-4362 (SRC), 2010 WL 5392688 (D.N.J. Dec. 22, 2010); *Barden v. Hurd Millwork Co.,*

23   *Inc.*, 249 F.R.D. 316 (E.D. Wis. 2008); *Boulet v. Nat'l Presto Indus., Inc.*, No. 11-cv-840-slc, 2012 WL 12996298 (W.D. Wis. Dec. 21, 2012); *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012

24   (7th Cir. 2002); *Castano v. Am. Tobacco Co.*, 84 F.3d 734 (5th Cir. 1996); *Coe v. Philips Oral Healthcare Inc.*, No. C13-518 MJP, 2014 WL 5162912 (W.D. Wash. Oct. 14, 2014); *Corbett v.*

25   *PharmaCare U.S., Inc.*, No. 21cv137-JES (AHG), 2024 WL 1356220 (S.D. Cal. Mar. 29, 2024); *Darisse v. Nest Labs, Inc.*, No. 5:14-cv-01363-BLF, 2016 WL 4385849 (N.D. Cal. Aug. 15,

26   2016); *In re Digitek Prods. Liab. Litig.*, MDL No. 2:08-md-01968, 2010 WL 2102330 (S.D.W. Va. May 25, 2010*); In re Gen. Motors Corp. Dex-Cool Prods. Liab. Litig.*, 241 F.R.D. 305 (S.D. Ill. 2007); *Gianino v. Alacer*, 846 F. Supp. 2d 1096 (C.D. Cal. 2012); *In re Grand Theft Auto*

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1  determine which other jurisdictions, if any, have a superior "interest in the case" for the purposes

2  of a conflict of law analysis. *Moussouris*, 2016 WL 4472930, at *7.

3      PMI must also show that there is a concrete actual conflict of law between Washington

4  and another jurisdiction with a national connection to this suit. *Id.*; *see also In re Amazon Serv.*

5  *Fee Litig.*, No. 2:22-CV-00743-TL, 2023 WL 8472724, at *5 (W.D. Wash. Dec. 7, 2023)

6  ("Without a showing of an actual conflict, the Court need not conduct a conflicts-of-law analysis

7  . . .").

8      Yet PMI only argues that Washington laws "conflict in numerous material ways with the

9  analogous laws of other states" (Mot. 6:13-15, Dkt 52) without making any actual showing in

10 terms of the application of the facts of this case to that law other than attaching a self-serving

11 "appendix." This statement asks the Court to assume such a conflict exists. Defendant's naked

12 assertion is insufficient to establish a conflict of law precluding application of Washington law

13 to a nationwide class as a matter of law. PMI's appendix that it proffers as evidence of the

14 differences between the relevant laws of the fifty states fails without discovery demonstrating

15 which states have an actual interest in the case. (Mot. App., Ex . 1, Dkt. 52-1.) And critically,

16 this chart does not establish as a matter of law that individuals would have a claim under

17 Washington law for any of the causes of action asserted under the facts of this case, but would

18 not have a claim under the law of that other state.  If that is all it took to defeat such claims as a

19 matter of law, this would be a standard defense motion. Yet it is not. This is because PMI does

20 not even try to explain how a state different from Washington has an interest in the case, or how

21 that state law materially and actually conflicts with Washington state law in terms of an

22 individual having a claim under Washington law but not having a claim under that other state

23

24 *Video Game Consumer Litig.*, 251 F.R.D. 139 (S.D.N.Y. 2008); *Karhu v. Vital Pharm., Inc.*, No. 13-60768-CIV, 2014 WL 815253 (S.D. Fla. Mar. 3, 2014); *Lyon v. Caterpillar, Inc.*, 194 F.R.D.

25 206 (E.D. Pa. 2000); *Miller v. Gen. Motors Corp.*, Nos. 98 C 7386, 98 C 2851, 2003 WL 168626 (N.D. Ill. Jan 26, 2003); *In re Pharm. Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61 (D.

26 Mass. 2005); *In re Sony SXRD Rear Projection Television Class Action Litig.*, No. 06 Civ. 5173(RPP), 2008 WL 1956267 (S.D.N.Y. May 1, 2008); *Stalker v. MBS Direct, LLC*, No. 10-11355, 2012 WL 6642518 (E.D. Mich. Dec. 20, 2012).

PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO STRIKE
NATIONWIDE CLASS ALLEGATIONS - 7
NO. 2:24-cv-00191-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

law – which is its burden as part of undertaking a true conflicts of law analysis. *See FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 175 Wn. App. 840 (2013) (Washington courts engage in a conflicts of law analysis where Washington law materially conflicts with the law of another relevant state).

At this stage of the proceedings, Washington law has not been shown to conflict with any state's law with a connection to the suit. *Moussouris*, 2016 WL 4472930, at *7. *See also* Plaintiffs' Opposition to Motion to Dismiss, filed herewith. As PMI failed to show an actual conflict of laws exists warranting striking Plaintiffs' nationwide putative class allegations, the Court's analysis need go no further.

### C.    Even If the Court Could Find a Conflict Exists, Washington Has the Most Significant Relationship to This Action.

Washington uses a two-step approach to choice-of-law questions. *Kelley v. Microsoft Corp.*, 251 F.R.D. 544, 550 (W.D.Wash. 2008). First, courts determine whether an actual conflict between Washington and other applicable state law exists "when the various states' laws could produce different outcomes on the same legal issue." *Id*. In the absence of a conflict, Washington law applies; if a conflict exists, courts then determine the forum or fora that have the "most significant relationship" to the action to determine the applicable law. *Id*.

The Washington Supreme Court has held that plaintiffs residing outside Washington may sue a Washington corporate defendant for deceptive acts under the WCPA because of the State's relationship with and public policy interest in regulating the conduct of its corporate citizens. *See Thornell v. Seattle Serv. Bureau, Inc.*, 184 Wn.2d 793, 800–03 (2015) ("The geographic limitations that defendants urge this court to adopt defeat the CPA's twin purposes of protecting the public and fostering fair and honest competition, and are not supported by the language of the statute.").

The Washington state "most significant relationship" inquiry involves a two-step analysis: "The Court first evaluates the contacts with each interested jurisdiction, considering which contacts are most significant to the occurrence and the parties and determining where those

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1   contacts are found. [Second], the Court evaluates the interests and public policies of the

2   competing jurisdictions." *See Benson v. Double Down Interactive, LLC*, 527 F. Supp. 3d 1267,

3   1273 (W.D. Wash. 2021). In *Benson*, Defendant was a corporation headquartered in Washinton

4   that developed, published, and maintained digital games, which were available to customers

5   worldwide. Defendant provided and sold chips that users used to play in Defendant's online

6   casino. Plaintiffs alleged Defendant's games constituted illegal gambling under Washington's

7   Recovery of Money Lost at Gambling Act and theories of unjust enrichment to recover gambling

8   losses from Defendant, a Washington company. *Benson,* 527 F. Supp. 3d at 1269. The court

9   found that Washington law could apply to non-Washington residents as Defendant was a

10  Washington corporation and that "any liability-generating conduct on its part occurred [in

11  Washington]." *Id*. at 1273. Examining the domiciles of the national class members and the place

12  the injury occurred, the court found that the "vast majority of the absent class members are

13  presumably residents of other states: any injury they suffered as a result of [defendant's] conduct

14  presumably occurred wherever they reside. There are however some plaintiffs residing in

15  Washington who were, under the same theory, injured here." *Id.* In the end, the court found that,

16  although the "vast majority" of Plaintiffs were presumably residents of other states, "while each

17  state in which a putative class member resides has some relationship with the causes of action

18  asserted in this case, Washington, as the domicile of [defendant] and some portion of the plaintiff

19  class, has a greater relationship than does any other single state." *Id.* (emphasis added). The Court

20  also found application of Washington law to non-resident class members was not constitutionally

21  barred as it did not violate the dormant Commerce Clause, Due Process Clause, or the Full Faith

22  and Credit Clause of the U.S. Constitution. *Id.* at 1270–1272.

23          Here as set forth above, Washington is where PMI is headquartered, where the cups at

24  issue were designed, the decision to use lead in its cups was made, as well as where the decision

25  to hide this material fact from consumers was made. As the state where PMI is domiciled, the

26  location of PMI's decisions to use lead in its cup design and conceal that fact from consumers,

PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO STRIKE
NATIONWIDE CLASS ALLEGATIONS - 9
NO. 2:24-cv-00191-TL

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1  for purposes of considering this Motion Washington's relationship with Plaintiffs and their

2  claims is significantly greater than any other state.

3            **(i)**        **Washington Has the Greatest Relationship to This Action**

4       In *Veridian Credit Union v. Eddie Bauer, LLC*, 295 F. Supp. 3d 1140 (W.D. Wash. 2017),

5  applying a similar analysis as in *Benson*, another Western District of Washington court found

6  that Washington had the most significant relationship to the nationwide putative class claims,

7  including for the WCPA. The *Veridian* court placed particular weight on the place where the

8  conduct causing the injury occurred because "when the injury occurs in two or more states or the

9  location of the injury is fortuitous, the weight the court gives to the place where the alleged

10 conduct causing the injury occurred increase." *Id*. at 1153-4. Because the data breach at issue

11 there caused injury in a variety of states, the place of injury did not play an important role in the

12 court's choice-of-law analysis. *Id.* Rather, the conduct alleged to have caused the injury, which

13 in that case included defendant's implementation of decisions that led to the injury at issue,

14 occurred in Washington. *Id.* Evaluating those contacts, the court concluded Washington state had

15 the most significant relationship to the action, and its law applied to non-residents of the State.

16 *Id.* at 1155. *See also S.L. Anderson & Sons, Inc. v. Paccar, Inc.*, No. C-18-0742-JCC, 2018 WL

17 5921096, *5 (W.D. Wash., Nov. 13, 2018) (claims for violation of the WCPA and warranty on

18 behalf of a nationwide class upheld on a motion to dismiss against a manufacturer based in

19 Washington).

20      Here, the contacts most significant to Plaintiffs' and the putative nationwide class

21 members' claims are in Washington. PMI is a Washington company, with its principal place of

22 business in Seattle. (¶11.) A portion of the plaintiff class resides in Washington – Plaintiff Holly

23 Rydman resides in Washington and bought PMI's Stanley cup in Washington. (¶8.) Additionally,

24 PMI's decision to design the Stanley cups with lead — which they represent took place in Seattle,

25 (¶¶11, 69) — and to conceal this material fact from consumers occurred in Washington. (¶¶68-

26 69.) Because PMI's decision to hide that its cups contained lead as part of its design caused its

PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO STRIKE
NATIONWIDE CLASS ALLEGATIONS - 10
NO. 2:24-cv-00191-TL

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1    consumers throughout the country to suffer economic injury, the place of purchase as a factor

2    likely would not weigh heavily in the Court's choice of law analysis. *See Veridian*, 295 F. Supp.

3    3d at 1153-4. Instead, the place of PMI's decision-making, Washington, would be given greater

4    weight as a contact in determining which state has the greatest relationship to the claims. *Id.*

5    Therefore, Washington — as the home of PMI and some portion of the putative class, and PMI's

6    design and decision-making — has the most significant relationship to the action.

7        Defendant's heavy reliance on *Mazza,* 666 F.3d 581, underscores the prematurity of this

8    motion.   In *Mazza*, the Ninth Circuit applied *California's* choice of law rules to determine

9    whether *California* law should be applied to a nationwide class ***after*** a nationwide class had been

10   certified and a record on class certification had been developed. *See id.* at 590 ("Honda [. . .]

11   contends that the district court misapplied the three-step governmental interest test and

12   erroneously concluded that California law could be applied to the whole class."). Unlike *Mazza*,

13   this case is at the motion to dismiss stage, and the test relied on in *Mazza* does not apply based

14   on the record that had been developed at the trial court in that case.

15       Only two of the opinions cited by PMI are from this District, both of which are

16   distinguishable. In *Thornell v. Seattle Serv. Bureau, Inc.*, No. C14-1601-MJP, 2016 WL 3227954

17   (W.D. Wash. June 13, 2016), *aff'd*, 742 F. App'x 189 (9th Cir. 2018), a Plaintiff filed a putative

18   class action lawsuit against Defendant Seattle Service Bureau, a Washington corporation, for the

19   deceptive practice of mailing debt collection letters demanding money.  These letters were not

20   sent on behalf of that company, but rather on behalf of defendant State Farm, an Illinois

21   corporation. The court weighed the relationship Washington had with the claims against that

22   those of Texas – the home state of the single Plaintiff, where there could be no finding of liability

23   for Plaintiffs' claims under Texas law under the facts as plead, as compared to under Washington

24   law. *Id.* at *4. The court did this on a motion to dismiss the complaint in its entirety based on the

25   defendant's argument that the singular plaintiff did not have a claim under Texas law, never

26   specifically striking the class allegations. *Id.* Here, PMI has made no attempt to make such a

PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO STRIKE
NATIONWIDE CLASS ALLEGATIONS - 11
NO. 2:24-cv-00191-TL

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

showing that non-resident Plaintiffs would not have a claim under another state's law.   In addition, PMI has done far more than mail a letter from the state of Washington. Rather, as alleged throughout the Complaint as set forth above, it made the decisions in this State to (1) design and manufacture its cups with lead and (2) fail to disclose the presence of lead in the cups to its customers. Even though putative class members may have bought these cups in other states, what is most important for the choice of law analysis under Washington law is where PMI is located and made the decisions leading to acts giving rise to the claims at issue, establishing that Washington has the greatest relationship to these claims. *Benson*, 527 F. Supp. 3d at 1273.  As a matter of law based on the allegations of the operative Complaint, this Court cannot hold that there are no set of circumstances where the law of Washington could be held to apply to the claims of non-residents.

*Coe v. Philips Oral Healthcare Inc.*, 2014 WL 5162912, similarly is different than the circumstances here. In *Coe*, the plaintiff alleged on behalf of a putative nationwide class that defendant's toothbrushes were defective.  No plaintiff resided in Washington and representations of the quality of the toothbrushes were made entirely outside of Washington. *Id.* at *3. On a motion denying class certification, based on the record presented the Court ruled that Washington law did not apply to the claims of non-resident class members. Here, however, at least one plaintiff resides in Washington and the products were designed and marketed in Washington, including with a representation that the cups were "[d]esigned in Seattle." (¶¶8, 11, 69.) In addition, this decision was before *Thornell,* 184 Wn.2d at 800–03 (2015), where the Washington Supreme Court held it was proper to apply Washington state consumer protection law to non-resident consumers under Washington's choice of law analysis based on the facts of a particular case. Based on the facts as alleged, this Court cannot make such a determination.

*Mazza*, *Thornell*, and *Coe* are distinguishable and go against the weight of authority such as *Benson* from both this and other Districts nationwide.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

**(ii)     Washington Has the Greatest Interest in the Claims**

If the Court finds that the contacts at issue are evenly balanced, the second step of the analysis "involves an evaluation of the interests and public policies of the concerned states to determine which state has the greater interest . . . ." *Veridian*, 295 F. Supp. 3d at 1155 (citing *Schmahl v. Macy's Dep't. Stores, Inc.,* No. CV–09–68–EFS, 2010 WL 3061526, at *6 (E.D. Wash. July 30, 2010); *Zenaida–Garcia v. Recovery Sys. Tech., Inc.*, 128 Wn. App. 256 (2005)). This step turns on the purpose of law and the issues involved – when "the primary purpose of the tort rule involved is to deter or punish misconduct [and not merely to compensate the victim for her injuries]  . . . the state where the conduct took place may  . . . [have the] most significant relationship." *Id.* (citing Restatement (Second) of Conflict of Laws § 145, cmt. c (1971) (internal quotations omitted)).

As the defendant did in *Benson*, PMI ignores the second step of the choice-of-law analysis in its Motion – Washington's interest in regulating the conduct of its resident businesses. Washington has a paramount interest in applying its law to Plaintiffs' claims, which would hold PMI accountable for its systematic deception of customers through its failure to disclose to customers that its Stanley cups were made with lead. As detailed above, despite warranting to the public that its Stanley cups were free from defects, PMI designed, manufactured, advertised and sold the Stanley cups with lead. PMI's deliberate use of lead to manufacture its products, and its decision to conceal this fact from its consumers, emanated from Washington.  This gives Washington the greatest interest in Plaintiffs' claims. *See id.* ("The CPA targets all unfair trade practices either originating from Washington businesses or harming Washington citizens.") (citing *Kelley,*251 F.R.D. at 553); *Thornell*, 184 Wn.2d at 803 (finding a geographic limitation of the WCPA would defeat its twin purposes "of protecting the public and fostering fair and honest competition" and was unsupported by the language of the statute).

Application of the WCPA to Plaintiffs' nationwide class claims "effectuates the broad deterrent purposes of the [W]CPA, especially as applied to one of Washington's leading

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

corporate citizens." *Veridian*, 295 F. Supp. 3d at 1155 (citing *Kelley,* 251 F.R.D. at 553). Similarly, the WPLA "is the exclusive remedy for products liability claims in Washington" that dictates "manufacturers are strictly liable for products that are not reasonably safe due to the design, to inadequate warnings, to a manufacturing defect, or to failure to conform to express or implied warranties." *McCarthy v. Amazon.com, Inc.*, 679 F. Supp. 3d 1058 (W.D. Wash. 2023) (citing RCW 7.72.030). Washington has made PMI's business model — concealing and misleading consumers for profit — illegal.  Allowing PMI, a Washington company, to keep money collected from non-Washington residents based on their illegal business model would circumvent this statutory scheme and is against public policy. *See Benson*, 527 F.Supp.3d at 1274-75 (finding Washington's law should apply to the nationwide putative class claims, including the CPA and theories of unjust enrichment, as Washington state's interests were the most compelling when regulating Washington companies that operate virtual casinos accessible nationwide).

Public policy considerations also favor applying Washington law to the claims of all class members, at least for purposes of this motion.

## V.  CONCLUSION

Courts in this District have consistently denied this form of motion, finding that public policy favors applying Washington law to nationwide class claims in consumer class actions against Washington companies. PMI's motion is procedurally improper as a premature attack on class certification PMI also fails to meet its burden of showing that Washington law cannot be applied extraterritorially in this case no matter the facts or circumstances, which it asks this Court to find without the benefit of any discovery and contradicting the allegations of the operative Complaint.  As PMI has not and cannot meet its burden to show Plaintiffs' claims could not possibly proceed on a class-wide basis based on such allegations, this Court should deny PMI's motion to strike Plaintiffs' nationwide putative class claims.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1  DATED this 29th day of August, 2024.

2

3                                          **TOUSLEY BRAIN STEPHENS PLLC**

4                                          By: *s/ Jason T. Dennett*
                                             Jason T. Dennett (WSBA #30686)
5                                          1200 Fifth Avenue, Suite 1700
                                           Seattle, WA 98101-3147
6                                          Tel: (206) 621-1158
                                           Fax: (206) 682-2992
7                                          jdennett@tousley.com

8                                          **BRESKIN JOHNSON & TOWNSEND
                                           PLLC**
9                                          Brendan Donckers (WSBA # 39406)
                                           1000 Second Avenue, Suite 3670
10                                         Seattle, WA 98104
                                           Tel: (206) 652-8660
11                                         Fax: (206) 652-8290
                                           bdonckers@bjtlegal.com
12

13                                         *Interim Plaintiffs' Liaison Counsel*

14                                         **WHATLEY KALLAS, LLP**
                                           Alan M. Mansfield (admitted *pro hac vice*)
15                                         16870 W. Bernardo Drive, Suite 400
                                           San Diego, CA 92127
16                                         Tel: (619) 308-5034
                                           amansfield@whatleykallas.com
17

18                                         **RUSHING MCCARL LLP**
                                           Ryan McCarl (admitted *pro hac vice*)
19                                         2219 Main St. No.144
                                           Santa Monica, CA 90405
20                                         Tel: (310) 896-582
                                           info@rushingmccarl.com
21

22                                         **LOCKRIDGE GRINDAL NAUEN PLLP**
                                           Rebecca A. Peterson (admitted *pro hac vice*)
23                                         Robert K. Shelquist (admitted *pro hac vice*)
                                           100 Washington Avenue South, Suite 2200
24                                         Minneapolis, MN 55401
                                           Tel: (612) 339-6900
25                                         rapeterson@locklaw.com
                                           rkshelquist@locklaw.com
26

PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO STRIKE
NATIONWIDE CLASS ALLEGATIONS - 15
NO. 2:24-cv-00191-TL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*Interim Plaintiffs' Lead Counsel*

**DOYLE APC**
William J. Doyle (admitted pro hac vice)
Chris W. Cantrell *
550 West B Street, 4th Floor
San Diego, CA 92101
Tel: (619) 736-0000
Fax: (619) 736-1111
bill@doyleapc.com
chris@doyleapc.com

**GUSTAFSON GLUEK PLLC**
Daniel E. Gustafson (admitted pro hac vice)
David A. Goodwin (admitted pro hac vice)
Mary M. Nikolai (admitted pro hac vice)
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
mnikolai@gustafsongluek.com

**GEORGE FELDMAN MCDONALD, PLLC**
Lori G. Feldman (WSBA #29096)
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
Tel: (917) 983-9320
Fax: (888) 421-4173
lfeldman@4-justice.com
eservice@4-justice.com

*Interim Plaintiffs' Executive Committee*

I certify that this memorandum contains 4,814 words, in compliance with the Court's Order (Dkt. No. 50) granting motion for leave to file over-length briefs

PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO STRIKE
NATIONWIDE CLASS ALLEGATIONS - 16
NO. 2:24-cv-00191-TL