THE HONORABLE TANA LIN

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
9                              AT SEATTLE

10

11  IN RE: PACIFIC MARKET                    Master File No. 2:24-cv-00191-TL
    INTERNATIONAL, LLC, STANLEY
12  TUMBLER LITIGATION                       **DEFENDANT'S REPLY**
                                             **MEMORANDUM IN SUPPORT OF**
13                                           **MOTION TO STRIKE NATIONWIDE**
                                             **CLASS ALLEGATIONS**
14  This Document Relates to:  All Actions
                                             NOTE ON MOTION CALENDAR:
15                                           June 25, 2025

16                                           **ORAL ARGUMENT REQUESTED**

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO STRIKE NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL

1

**TABLE OF CONTENTS**

2

3                                                                                      **Page**

4  INTRODUCTION ...................................................................................................................1

5  ARGUMENT ........................................................................................................................2

6  I.      THE COURT SHOULD STRIKE THE NATIONWIDE CLASS
         ALLEGATIONS.........................................................................................................2

7
         A.      Actual Conflicts Exist Between Washington Law And The Laws Of Other
8                States ...............................................................................................................2

9
         B.      Under The "Most Significant Relationship" Test, The Laws Of Each
10               Consumer's Home State Will Apply To Their Claims............................................4

11       C.      The Issue Is Ripe For Decision Now ......................................................................7

12  CONCLUSION......................................................................................................................8

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO STRIKE NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

<p align="center"><strong><u>TABLE OF AUTHORITIES</u></strong></p>

<p align="right"><strong><u>Page(s)</u></strong></p>

**<u>Cases</u>**

*Abdallah v. Coca-Cola Co.*,
  1999 WL 527835 (N.D. Ga. 1999) ..........................................................................7

*Baron v. Pfizer, Inc.*,
  42 A.D.3d 627, 629-30 (N.Y. App. Div. 2007) ......................................................3

*Benson v. Double Down Interactive, LLC*,
  527 F. Supp. 3d 1267 (W.D. Wash. 2021)..............................................................5

*Bund v. Safeguard Props., LLC*,
  2016 WL 8738677 (W.D. Wash. Dec. 30, 2016) ....................................................7

*Cimoli v. Alacer Corp.*,
  587 F. Supp. 3d 978 (N.D. Cal. 2022) ....................................................................7

*Coe v. Philips Oral Healthcare Inc.*,
  2014 WL 5162912 (W.D. Wash. Oct. 14, 2014) .................................................2, 7

*Davison v. Kia Motors Am., Inc.*,
  2015 WL 3970502 (C.D. Cal. June 29, 2015) ........................................................3

*Elvig v. Nintendo of Am., Inc.*,
  696 F. Supp. 2d 1207 (D. Colo. 2010)....................................................................5

*FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*,
  331 P.3d 29 (Wash. 2014).......................................................................................4

*Gianino v. Alacer*,
  846 F. Supp. 2d 1096 (C.D. Cal. 2012) ..................................................................3

*Hageman v. Hyundai Motor Am.*,
  2024 WL 694378 (C.D. Cal. Jan. 5, 2024) .............................................................8

*In re Bridgestone/Firestone, Inc.*,
  288 F.3d 1012 (7th Cir. 2002) ................................................................................5

*In re Wal-Mart Stores Inc. Wage & Hour Litig.*,
  505 F. Supp. 2d 609 (N.D. Cal. 2007) ....................................................................7

*Mazza v. Am. Honda Motor Co.*,
  666 F.3d 581 (9th Cir. 2012) ...........................................................................3, 6, 7

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO STRIKE NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL.

**K&L GATES LLP**
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

ii

*MH Pillars Ltd. v. Realini*,
   277 F. Supp. 3d 1077 (N.D. Cal. 2017) ...................................................................3

*Moussouris v. Microsoft Corp.*,
   2016 WL 4472930 (W.D. Wash. Mar. 7, 2016) ......................................................8

*Myers v. MedQuist, Inc.*,
   2006 WL 3751210 (D.N.J. 2006) ...........................................................................7

*NC Interactive, LLC v. Amber Studio S.A.*,
   2024 WL 1832951 (W.D. Wash. Apr. 26, 2024) ....................................................3

*Pilgrim v. Univ. Health Card, LLC*,
   660 F. 3d 943 (6th Cir. 2011) .................................................................................8

*Rivercard, LLC v. Post Oak Prods., Inc.*,
   2013 WL 6844550 (D. Nev. Dec. 26, 2013) ...........................................................3

*Thornell v. Seattle Serv. Bureau, Inc.*,
   2016 WL 3227954 (W.D. Wash. June 13, 2016), *aff'd*, 742 F. App'x 189 (9th Cir. 2018)......3

*Thornell v. Seattle Serv. Bureau, Inc.*,
   742 F. App'x 189 (9th Cir. 2018) ........................................................................4, 6

*Veridian Credit Union v. Eddie Bauer, LLC*,
   295 F. Supp. 3d 1140 (W.D. Wash. 2017).............................................................5

*Walters v. Vitamin Shoppe Indus., Inc.*,
   2018 WL 2424132 (D. Or. May 8, 2018) .......................................................2, 3, 7

*Young v. Young*,
   191 P.3d 1258 (Wash. 2008)..................................................................................3

**Statutes**

Cal. Civ. Code § 1782(a) ..............................................................................................2

Cal. Civ. Code § 1782(b) ..............................................................................................2

Wash. Rev. Code § 19.86.090........................................................................................2

**Other Authorities**

Restatement (Second) of Conflict of L. § 148 ...............................................1, 4, 5, 6

Fed. R. Civ. P. 23 ..........................................................................................................7

Fed. R. Civ. P. 23(b)(3).................................................................................................2

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO STRIKE NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL.

**K&L GATES LLP**
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

iii

1

**INTRODUCTION**

Plaintiffs' opposition does not dispute, and thereby concedes, the basis for Defendant's motion. Specifically, Plaintiffs do not dispute that:

- An abundance of caselaw establishes that material conflicts exist between Washington law and the law of other states with respect to the claims in the amended complaint;

- Washington has adopted the "most significant relationship" test set forth in Section 148 of the Restatement (Second) of Conflict of Laws to determine which state's law applies in the event of a conflict in cases involving fraud or deception;

- The factors set forth in Section 148 lopsidedly favor selecting the law of the consumer's home state;

- The overwhelming weight of authority in cases involving alleged consumer fraud or deception also holds that the applicable law is the law of the consumer's home state;

- Applying one state's law to the claims of consumers in 50 states violates bedrock principles of federalism and upsets the settled expectations of both consumers and defendants; and

- Courts within the Ninth Circuit have routinely found the choice-of-law analysis appropriate to conduct at the pleading stage.

These uncontested propositions compel the conclusion that Washington law cannot apply to the claims of consumers in 50 different states. Because Plaintiffs' request for certification of a nationwide class is premised on applying Washington law to the claims of all members of the purported nationwide class, the Court should deny that request and strike the nationwide class allegations. Moreover, there is no impediment to the Court doing so now, at the pleading stage, because the motion raises purely legal issues and does not require discovery for adjudication.[1]

---

[1] Plaintiffs' opposition to Defendant's motion to dismiss clarifies that each of Plaintiffs' claims asserted on behalf of a nationwide class (for WCPA violations, unjust enrichment, and fraud by omission) are brought under Washington law. *See* Dkt. 79 at 30, 31.

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO STRIKE NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL.

**K&L GATES LLP**
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1

**ARGUMENT**

2

**I.    THE COURT SHOULD STRIKE THE NATIONWIDE CLASS ALLEGATIONS**

3

    **A.    Actual Conflicts Exist Between Washington Law And The Laws Of Other States**

4

        Defendant's motion to strike cited case after case, as well as a detailed 50-state survey

5

attached as an appendix, confirming that the laws of the 50 states conflict in material ways with

6

respect to the claims asserted by Plaintiffs. *See* Dkt. 74 ("Mot.") at 11-12; Dkt. 74-1; *see also, e.g.*,

7

*Coe v. Philips Oral Healthcare Inc.*, 2014 WL 5162912, at *4 (W.D. Wash. Oct. 14, 2014) (noting

8

that "[m]aterial differences between the various consumer protection laws prevent Plaintiffs from

9

demonstrating Rule 23(b)(3) predominance and manageability for a nationwide class"). Ignoring

10

these cases entirely, Plaintiffs insist that Defendant has not made "any actual showing in terms of

11

the application of the facts of this case to that law other than attaching a self-serving 'appendix.'"

12

Dkt. 80 ("Opp.") at 15. This misapprehends the conflict-of-laws inquiry. The "facts of this case"

13

have nothing to do with the inquiry. All that matters is whether there are material variations in the

14

numerous states' laws with respect to the legal requirements for the claims asserted in the amended

15

complaint. As the caselaw consistently recognizes, this presents purely legal issues. *E.g.*, *Walters*

16

*v. Vitamin Shoppe Indus., Inc.*, 2018 WL 2424132, at *4 (D. Or. May 8, 2018) ("[D]etermining

17

variations in state law presents legal issues."), *report and recommendation adopted*, 2018 WL

18

2418544 (D. Or. May 29, 2018).

19

        Plaintiffs dismiss Defendant's appendix as a "naked assertion," even though this extensive

20

compendium confirms that material variations in the relevant laws of the 50 states abound. To take

21

just a few out of literally hundreds of possible examples, the Washington Consumer Protection

22

Act does not require the plaintiff to provide pre-suit notice and an opportunity to cure to a

23

defendant, but California's Consumer Legal Remedies Act does. *Compare* Cal. Civ. Code

24

§ 1782(a)-(b), *with* Wash. Rev. Code § 19.86.090. A Washington unjust enrichment claim requires

25

pleading and proof of an appreciation or knowledge of the benefit received by the defendant,

26

whereas no such element is required under California or New York law. *Compare Young v. Young*,

---

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO STRIKE NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL.

**K&L GATES LLP**
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

2

191 P.3d 1258, 1262 (Wash. 2008), *with MH Pillars Ltd. v. Realini*, 277 F. Supp. 3d 1077, 1094 (N.D. Cal. 2017), *and Baron v. Pfizer, Inc.*, 42 A.D.3d 627, 629-30 (N.Y. App. Div. 2007). Washington requires conferral of a direct benefit to sustain a claim for unjust enrichment, while Nevada law does not require such a direct link. *Compare NC Interactive, LLC v. Amber Studio S.A.*, 2024 WL 1832951, at *4 (W.D. Wash. Apr. 26, 2024), *with Rivercard, LLC v. Post Oak Prods., Inc.*, 2013 WL 6844550, at *2 (D. Nev. Dec. 26, 2013).

In any event, appendices such as the one Defendant submitted are not even necessary to establish such variations. Numerous decisions make this determination relying solely on the settled caselaw confirming material variations in the governing law. *See, e.g.*, *Davison v. Kia Motors Am., Inc.*, 2015 WL 3970502, at *2 (C.D. Cal. June 29, 2015); *Walters*, 2018 WL 2424132, at *6-8.

Plaintiffs assert without supporting authority that the motion is defective because Defendant "does not establish as a matter of law that individuals would have a claim under Washington law for any of the causes of action asserted under the facts of this case, but would not have a claim under the law of that other state." Opp. 15. This is not the test. Instead, "[a] conflict exists when the various states' laws could produce different outcomes on the same legal issue." *Thornell v. Seattle Serv. Bureau, Inc.*, 2016 WL 3227954, at *2 (W.D. Wash. June 13, 2016), *aff'd*, 742 F. App'x 189 (9th Cir. 2018). "Different outcomes" can arise by virtue of differences in the relief or remedies available, whether one state caps damages at certain amounts while other states do not, or differences in statute-of-limitation periods, in addition to differences in the elements required to establish a claim. *See, e.g.*, *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 591 (9th Cir. 2012)("even once violation is established, there are also material differences in the remedies given by state laws" that create conflicts); *Gianino v. Alacer*, 846 F. Supp. 2d 1096, 1101 (C.D. Cal. 2012) (noting that for common-law fraud, there are "material variations among the states' intentional and negligent misrepresentation laws" concerning scienter, reliance, standards of proof, statutes of limitation, and available damages).

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO STRIKE NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL.

**K&L GATES LLP**
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

3

1
2
3

Through its citation to the settled law showing the material variations in the legal requirements for the claims in issue and its submission of the appendix, Defendant has done all that any court has required to establish the necessary conflicts.

4
5

**B.    Under The "Most Significant Relationship" Test, The Laws Of Each Consumer's Home State Will Apply To Their Claims**

6
7
8
9
10
11
12
13

The next step is to resolve the conflict by determining which state has the "most significant" relationship to the action. *Thornell v. Seattle Serv. Bureau, Inc.*, 742 F. App'x 189, 191 (9th Cir. 2018). The Washington Supreme Court has "formally adopt[ed]" the Restatement (Second) of Conflict of Laws § 148 as the standard for making this determination in cases involving fraud and deceit. *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 331 P.3d 29, 36-37 (Wash. 2014). The motion showed that out of the five applicable Section 148 factors, four favor choosing the consumer's home state rather than the defendant's home state. Mot. 17-18. Accordingly, each consumer's home state has the most significant relationship to this action, and it is not a close question.

14
15
16
17
18
19

Plaintiffs *do not dispute* that Section 148 sets forth the controlling standard. Nor do they dispute that under the Section 148 factors, each consumer's home state has the most significant relationship. Plaintiffs do not even acknowledge the existence of Section 148. They thereby concede these dispositive points. *See* Dkt. 66 at 19 (Plaintiffs' lack of response is "an admission that the argument has merit"); *see also* Mot. 17 (citing cases and showing that Section 148 applies to omissions as well as affirmative statements).

20
21
22
23
24

The motion also showed that the overwhelming weight of authority nationwide holds that in the fraud and deceit context, the state with the most significant relationship to the action is the state where the consumer was induced by the deceptive conduct to buy the product and where they sustained injury. Mot. 13-17 (citing 22 decisions). Plaintiffs do not dispute, and thereby concede, this proposition as well.[2]

25
26

---

[2] Plaintiffs' observation that many of these decisions occurred at the class-certification stage does not alter the fact that courts can, and regularly do, make this purely legal decision at the pleading stage. Mot. 18-19.

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO STRIKE NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL.

**K&L GATES LLP**
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

4

Finally, the motion explained that applying the law of Defendant's home state to the claims of consumers from across the country would do "violence" to core principles of federalism. *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1018 (7th Cir. 2002) ("State consumer-protection laws vary considerably, and courts must respect these differences rather than apply one state's law to sales in other states with different rules."). It would also upend the parties' settled expectations, because "[i]t is reasonable to assume that most consumers expect to be protected by the laws applicable in the state where they live, purchase a product and use it." *Elvig v. Nintendo of Am., Inc.*, 696 F. Supp. 2d 1207, 1215 (D. Colo. 2010). Indeed, as Defendant showed, Plaintiffs' view of the law would mean a Washington consumer who relied in Washington on an out-of-state company's false advertising and incurred injury in Washington would not be able to sue under Washington law. Plaintiffs have no answer to this absurd outcome.

Against all of this abundant, uncontested authority, Plaintiffs offer a grand total of two decisions: *Benson v. Double Down Interactive, LLC*, 527 F. Supp. 3d 1267 (W.D. Wash. 2021), and *Veridian Credit Union v. Eddie Bauer*, *LLC*, 295 F. Supp. 3d 1140 (W.D. Wash. 2017). But neither decision is on point because neither was decided under Section 148 and neither involved claims of misrepresentation and deceit. *See Veridian*, 295 F. Supp. 3d at 1153 (applying different Restatement section and concluding under that section (and contrary to Section 148), the place where injury occurred is not "important"); *Benson*, 527 F. Supp. 3d at 1273 (applying different Restatement section with different factors). Ultimately, Plaintiffs are asking the Court to ignore a well-developed body of law on this precise issue while being unable to offer a single case supporting their position either in the fraud and deceit context or under Section 148.

Plaintiffs assert that Washington law should be applied because Washington's "interest in regulating the conduct of its resident businesses . . . gives Washington the greatest interest in Plaintiffs' claims." Opp. 21. But they cite no legal authority to support this proposition. Moreover, as Plaintiffs themselves admit, the respective interests of the states in applying their laws should be evaluated *only* if the Court *first* "finds that the contacts at issue are evenly balanced." *Id.* at 20

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO STRIKE NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL.

**K&L GATES LLP**
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

("*If* the Court finds that the contacts at issue are evenly balanced, the second step of the analysis involves an evaluation of the interests and public policies of the concerned states to determine which state has the greater interest." (emphasis added) (quotation marks omitted)); *see also Thornell*, 742 F. App'x at 192 ("The Washington Supreme Court has stated that when the contacts are not 'evenly balanced,' the analysis ceases and the law of the state with the most significant contacts applies."). Here, Plaintiffs do not dispute that under Section 148, the contacts tip heavily in favor of the consumer's home state. *See supra* pp. 4-5. That ends the analysis.

In any event, there is no reason to think that Washington has a greater interest in the claims than the consumer's home state. To be sure, Washington certainly has *an* interest in "applying its law to deter deceptive conduct by an in-state defendant." *Thornell*, 742 F. App'x at 192. But the state where the consumer lives and incurred injury "also 'has an interest in having its law applied to its resident claimants.'" *Id.* Thus, as the Ninth Circuit held in *Thornell*, "*at best*, the interests analysis is evenly balanced, and does not overcome the clear preponderance of § 148(2) significant contacts in [the consumer's home state]." *Id.* (emphasis added).

The Ninth Circuit made a similar point in *Mazza*. While it acknowledged California "has an interest in regulating those who do business within its state boundaries," it "disagree[d]" that "applying California law to the claims of foreign residents concerning acts that took place in other states where [the product was bought and injury was incurred] is *necessary to achieve that interest* in this case." *Mazza*, 666 F.3d at 594 (emphasis added). Likewise here, there is no need to apply Washington law to out-of-state residents to vindicate Washington's interest in regulating the "conduct of its resident businesses," because one of the named Plaintiffs is a resident of Washington and, accordingly, can assert claims under Washington law. As *Mazza* held, while "California's interest in applying its law to residents of foreign states is attenuated," "foreign states

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO STRIKE NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL.

**K&L GATES LLP**
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

6

have a strong interest in the application of their laws to transactions between their citizens and corporations doing business within their state." *Id.*[3]

### C.    The Issue Is Ripe For Decision Now

Ignoring the "many" cases within the Ninth Circuit "where courts have found the choice of law analysis appropriate to conduct at the pleading stage," *see Cimoli v. Alacer Corp.*, 587 F. Supp. 3d 978, 987 (N.D. Cal. 2022), Plaintiffs contend the Motion is premature. Citing *In re Wal-Mart Stores Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007), they claim "[t]he granting of motions to dismiss class allegations before discovery has commenced is rare." Opp. 11. However, they fail to note that *In re Wal-Mart* did not involve a motion to strike nationwide class allegations on choice-of-law grounds. Rather, Wal-Mart sought to strike class allegations for failure to satisfy traditional Rule 23 standards (which often raise fact issues). *See In re Wal-Mart*, 505 F. Supp. 2d at 614. By contrast, the granting of motions to strike nationwide class allegations on choice-of-law grounds is not rare, because such motions "present[] legal issues that may be resolved without discovery." Mot. 18-19 (quoting *Walters*, 2018 WL 2424132, at *4).[4]

Plaintiffs claim the motion is premature because discovery is needed before the Court can decide it. But the *only* discovery Plaintiffs identify as supposedly necessary is discovery to determine "which other jurisdictions, if any, have a 'superior interest in the case.'" Opp. 13-14. In other words, Plaintiffs appear to assert that the Court must ascertain each and every state in which purchasers of Stanley cups reside before it may decide this motion. They cite no authority for this proposition.

Plaintiffs' assertion is wrong. At a minimum, it is clear that the laws of New York, California and Nevada will apply to the claims of the New York, California and Nevada Plaintiffs.

---

[3] Plaintiffs' assertion that *Coe*, 2014 WL 722501, at *4, should not be relied on because it was decided before the Washington Supreme Court's *Thornell* decision is meritless. *Thornell* has no bearing on the choice-of-law issue because it "expressly pretermitted" the choice-of-law question. Mot. 15 n.3.

[4] Plaintiffs also cite *Bund v. Safeguard Properties, LLC*, 2016 WL 8738677 (W.D. Wash. Dec. 30, 2016), *Myers v. MedQuist, Inc.*, 2006 WL 3751210 (D.N.J. 2006), and *Abdallah v. Coca-Cola Co.*, 1999 WL 527835 (N.D. Ga. 1999), for the point that striking class allegations is rare. Opp. 10, 11 & n.4. But like *In re Wal-Mart*, those cases are inapposite because they concerned challenges based on the failure to satisfy Rule 23 standards rather than purely legal choice-of-law issues.

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO STRIKE NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL.

**K&L GATES LLP**
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Accordingly, based solely on the allegations of the amended complaint, Plaintiffs' request to certify a nationwide class under Washington law cannot be granted, and there is no need to determine each and every state in which putative class members reside before deciding this motion.

Where, as here, the "key reality" is that Plaintiffs' claims "are governed by different States' laws, a largely legal determination," there is no reason to delay a decision on the issue because "no proffered or potential factual development offers any hope of altering that conclusion." *Pilgrim v. Univ. Health Card, LLC*, 660 F. 3d 943, 949 (6th Cir. 2011). To the contrary, the parties, and the Court, would benefit by having greater clarity on the scope of this case at the earliest possible stage, "given the burdens class certification and other class-related discovery imposes on parties." *Hageman v. Hyundai Motor Am.*, 2024 WL 694378, at *3-4 (C.D. Cal. Jan. 5, 2024) (quotation marks omitted).[5]

## CONCLUSION

Defendant respectfully requests that the Court strike the nationwide class allegations from the amended complaint.

DATED June 25, 2025

I certify that this memorandum contains 2,803 words, in compliance with the Court's Order (Dkt. 72) granting Defendant's motion for leave to file an over-length reply brief in support of its motion to strike.

Respectfully submitted,

K&L GATES LLP

By: /s/ Pallavi Mehta Wahi
Pallavi Mehta Wahi, WSBA No. 32799
pallavi.wahi@klgates.com
Ashley E.M. Gammell, WSBA No. 50123
ashley.gammell@klgates.com
Tyler K. Lichter, WSBA No. 51090
tyler.lichter@klgates.com
925 Fourth Avenue, Suite 2900

[5] Plaintiffs' reliance on *Moussouris v. Microsoft Corp.*, 2016 WL 4472930, at *7 (W.D. Wash. Mar. 7, 2016), is unjustified, because that employment-discrimination case involved the different issue of whether "employees working outside of Washington lack sufficient contacts to constitutionally apply Washington law to their claims."

1                  Seattle, WA 98104
Telephone: 206.623.7580

2                  Facsimile: 206.623.7022
*Attorneys for Defendant Pacific Market*

3                  *International, LLC*

4                  ARNOLD & PORTER KAYE SCHOLER LLP

5

6                  James F. Speyer (*pro hac vice*)
E. Alex Beroukhim (*pro hac vice*)

7                  james.speyer@arnoldporter.com
alex.beroukhim@arnoldporter.com

8                  777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844

9                  Telephone: 213.243.4000
Facsimile: 213.243.4199

10

11                Elie Salamon (*pro hac vice*)
elie.salamon@arnoldporter.com

12                250 West 55th Street
New York, NY 10019-9710

13                Telephone: 212.836.8000
Facsimile: 212.836.8969

14

15                *Attorneys for Defendant Pacific Market*
*International, LLC*

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO STRIKE NATIONWIDE CLASS ALLEGATIONS
No. 2:24-cv-00191-TL.

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

9